1   JEREMY L. FRIEDMAN, CA Bar No. 142659
    Attorney At Law
2   2801 Sylhowe Road
    Oakland, CA 94602
3   Telephone: (510) 530-9060
    Facsimile: (510) 530-9087
4
    Attorney for plaintiff Fernando daRosa
5

6                    UNITED STATES DISTRICT COURT
7
                  NORTHERN DISTRICT OF CALIFORNIA
8

9   FERNANDO DAROSA,              )    Case No. 3:07-cv-03114-BZ
                                  )
10     Plaintiff,                 )
                                  )
11  vs.                           )    **[PROPOSED] FIRST AMENDED**
                                  )    **COMPLAINT FOR DAMAGES**
12  KAISER FOUNDATION HEALTH      )    (Employment discrimination and denial
    PLAN, INC.                    )    of medical leave, Americans with
13                                )    Disabilities Act and California Fair
       Defendant.                 )    Employment and Housing Act,)
14                                )
                                  )    **DEMAND FOR JURY TRIAL**
15  _____     )

16          Fernando daRosa alleges as follows:

17                          **INTRODUCTION**

18          1.  This is an action for employment discrimination arising out of Kaiser's

19  termination of plaintiff Fernando daRosa in January 2006.   Plaintiff suffers from a

20  physical and mental disability – narcolepsy – of which his supervisor at Kaiser was

21  aware.  Despite such knowledge, Kaiser failed to provide reasonable accommodation or

22  offer medical leave, and terminated plaintiff because of his disability, in violation of state

23  and federal laws.

24                          **JURISDICTION**

25          2.  Jurisdiction for claims under Americans with Disabilities Act (42 U.S.C.

26  §§12101-12213) is invoked pursuant to 28 U.S.C. §1331.  Pursuant 28 U.S.C. §1367, this

27  Court has supplemental jurisdiction over plaintiff's claims arising under the Fair

28  Employment and Housing Act (California Government Code 12940, *et seq.*).

1    3.  Venue in this district is proper under 28 U.S.C. §1391(b) because defendant

2    resides in this judicial district, and a substantial part of the events or omissions giving rise

3    to the claim occurred in this district.

4                  **PARTIES**

5    4.  Plaintiff Fernando daRosa is an individual and a resident of this judicial

6    district.

7    5.  Defendant Kaiser Foundation Health Plan, Inc. is a California corporation with

8    headquarters in Oakland, California and doing business throughout California.

9              **GENERAL ALLEGATIONS**

10    6.  In May of 2001, plaintiff was hired by Kaiser to work as a Member Services

11    Representative, an administrative position responsible for investigating and responding to

12    quality of service complaints.   Mr. daRosa worked as an Administrative Services

13    Supervisor in the Pharmacy at Kaiser from March 2003 until August 2004, and then

14    returned to his position as a Member Services Representative in September 2004.  He

15    held that position until his termination in January 2006.

16    7.  In July 2005, plaintiff was diagnosed with narcolepsy, a physical condition

17    with both physical and mental components, whereby the individual is prone to fall asleep

18    uncontrollably for short periods of time.   If untreated, the narcolepsy will cause plaintiff

19    to fall asleep with such frequency that he is unable to engage in major life activities, such

20    as walking, talking, and working.  Beginning in July 2005, Mr. daRosa worked with his

21    medical physicians in an attempt to find medications which would keep his narcolepsy

22    attacks at bay and allow him sufficient control over the medical condition so that he could

23    function, including work.  Plaintiff was put on medical leave from July 7, 2005 until

24    August 22, 2005.  After returning to work at that time, plaintiff continued to have brief

25    problems with his narcolepsy while he worked with his physicians to find the correct

26    balance of medication.  As a result, plaintiff was required to miss single or partial days on

27    a few occasions between his return in August 2005 and his termination in January 2006.

28

1      8.  Plaintiff informed Kaiser about his medical condition and his need for time to

2  find the right balance in medications.  Plaintiff's immediate supervisor since returning to

3  the Members Services Representative position was Margie Roper.  Plaintiff provided

4  Kaiser with appropriate medical documentation for his July-August 2005 absence due to

5  narcolepsy, and he informed Ms. Roper of his condition.

6      9.  Following his return from medical leave in August 2005, Ms. Roper changed

7  her behavior towards plaintiff in a clear and consistent manner.  She stopped interacting

8  with him on a regular basis, and had practically no words with plaintiff either work or

9  non-work matters for approximately two weeks.   On the occasions when plaintiff

10  attempted to talk to Ms. Roper about his medical condition, its potential impact on his

11  working schedule and his need for accommodation and time to see his physicians and

12  find the right balance of medications, Ms. Roper simply replied: "well you should try to

13  stay awake, Fernando."  She made no attempt to engage plaintiff in any discussion over

14  possible reasonable accommodations and she continued to take the position that time

15  missed due to the narcolepsy would subject plaintiff to discipline.

16      10.  After being informed of plaintiff's medical condition and the need for

17  additional medical visits and changes in treatment regime, Kaiser perceived that plaintiff

18  suffered from a physical or mental impairment which substantially limited his ability to

19  engage in major life activities, including his work at Kaiser's place of employment.

20  Kaiser also regarded and treated plaintiff as having a disease, disorder,  condition or

21  health impairment that, even if it had no present disabling effect, may become a physical

22  disability.

23      11.  In January 2006, plaintiff's medical physicians required plaintiff to go out on

24  disability for another period of time, to allow them to work with plaintiff and adjust the

25  medications.   Plaintiff saw his physician (at Kaiser) on January 24, 2006, and was placed

26  on medical leave from January 25, through March 25, 2006.  Plaintiff arranged for the

27  medical documentation for his absence to be sent to Kaiser, twice, and has confirmation

28  of the faxed documentation on January 25, 2006, at 8:48 a.m.

1    12.  Kaiser and Ms. Roper determined to terminating plaintiff's employment on or

2 about January 25, 2006.   Despite having knowledge of Mr. daRosa's medical disability,

3 and despite having a paper record which shows that a physician required Mr. daRosa to

4 go off work starting January 25, 2006, defendant terminated plaintiff.  On January 31,

5 2006, Ms. Roper wrote a letter to plaintiff, falsely accusing him of abandoning his job

6 and being a "no call, now show for January 25, 26, 27, 30 and 31, 2006", despite her own

7 personal knowledge of the medical documentation from plaintiff's doctors.  Moreover,

8 Ms. Roper included as a rationale for the termination a reference to a prior conference on

9 attendance, without mentioning that – as discussed in the prior conference – the prior

10 missed days were due to the narcolepsy.  In the termination of plaintiff, Kaiser did not

11 offer any medical leave or any attempt to determine whether plaintiff could perform the

12 functions of the job with or without a reasonable accommodation.

13    13.  Kaiser's termination of plaintiff was done with discriminatory intent, based on

14 the fact that plaintiff was suffering from a physical or mental disability, or from a medical

15 impairment that is perceived as or likely to become such a disability.

16    14.  Plaintiff was at all times herein qualified to hold his position as a Member

17 Services Representative at kaiser, nd capable of performing his job responsibilities, with

18 reasonable accommodations, according to the standards of the employer.

19    15.  As a direct and proximate result of Kaiser's actions as alleged herein, Kaiser

20 has breached its duties imposed on all employers as established by statute.

21    16. As a direct and proximate result of Kasier's termination, plaintiff has suffered

22 and will continue to suffer lost wages and other benefits of employment, in an amount to

23 be proven at trial.

24    17. As a further proximate result of Kaiser's unlawful actions, plaintiff has

25 suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and

26 emotional distress.

27    18.  Following his termination, plaintiff has had at least two series of discussions

28 with Human Resources at Kaiser in an attempt to win his job back.  The first occurred

1   within days of his termination, where plaintiff made sure that the employer was aware of

2   his most recent medical documentation.  Despite that first effort, Kaiser did not make any

3   effort to rectify the record, withdraw the termination action, offer accommodations or

4   take any remedial action.  In a second series of conversations, which took place months

5   after his termination, plaintiff was informed that Ms. Roper was terminated as a result of

6   her handling of his termination.  Plaintiff was also informed that Kaiser had verified that

7   it was aware that his leaves of absence were due to medical treatment of his narcolepsy.

8   Again, however, Kaiser made no accommodation or attempt to remedy the violation of

9   Mr. daRosa's rights (other than to inform him that he should obtain an attorney).

10      19.  The conduct of defendant, and the managers and employees of Kaiser, as

11  alleged above, was deliberate, wilful and malicious.  Further, the actions taken against

12  plaintiff were carried out with reckless disregard to the truth and the rights of plaintiff,

13  and were despicable actions taken without privilege or justification.

14                              **ADMINISTRATIVE COMPLIANCE**

15      20.  Plaintiff has complied with all of the administrative prerequisites for bringing

16  this action, and his claims are procedurally ripe for adjudication before this Court.   On or

17  about April 12, 2006, Mr. daRosa filed charges of discrimination with the United States

18  Equal Employment Opportunity Commission, complaining of the acts alleged herein.

19  Pursuant to a work-sharing agreement between the Equal Employment Opportunity

20  Commission and the Department of Fair Employment and Housing (DFEH), Mr.

21  daRosa's complaint was automatically cross-filed with the state agency.  On March 15,

22  2007, EEOC closed its investigation and issued a right-to-sue letter to plaintiff.  Pursuant

23  to that letter, plaintiff had 90 days from receipt of the letter to commence suit.

24

25                                  **CLAIM ONE**
                              (ADA, 42 U.S.C. §§12101-12213)

26      21. Plaintiff realleges and incorporates herein the allegations of paragraphs 1

27  through 20 of this complaint, as though fully set forth herein.

28

1    22. Defendant Kaiser is an entity subject to suit under the ADA as an employer, as

2    defined under 42 U.S.C. §12111(5).

3    23.  Plaintiff is a qualified individual with a disability as defined in 42 U.S.C.

4    §12112(a), in that he is regarded by his employer as having a physical or mental

5    impairment that substantially limited his ability to engage in major life activities.

6    24.  The termination of plaintiff from his employment and the failure to

7    accommodate him as set forth herein was done with discriminatory motive, in violation of

8    public policy and was based on the fact that plaintiff had a disability, was perceived to

9    have had a disability, or had a medical condition which was expected to become a

10   disability.

11   25. There was no good faith reason on behalf of the employer for the termination

12   of plaintiff.  The reason proffered  -- absenteeism – was pretext for discrimination. By

13   terminating plaintiff's employment and refusing to provide reasonable accommodations,

14   as alleged herein, Kaiser unlawfully discriminated against plaintiff due to his disability,

15   in violation of the ADA.

16

17                                **CLAIM TWO**
                    (FEHA, Cal. Government Code 12940, *et seq*.)

18   26. Plaintiff realleges and incorporates herein the allegations of paragraphs 1

19   through 20 and 25 of this complaint, as though fully set forth herein.

20   27. Defendant Kaiser is an entity subject to suit under the Fair Employment and

21   Housing Act, as defined under Cal. Govt. Code §12926(d).

22   28.  Plaintiff is a qualified individual with a physical and mental disability, as

23   defined by Cal. Govt. Code §12926.  Similarly, he is regarded by his employer as having

24   such a health impairment, is regarded as having a physical or mental impairment that

25   limits his ability to engage in major life activities, and is regarded and treated as having a

26   disease, disorder, condition or health impairment that, even if it has no present disabling

27   effect, may become a physical disability.

28

1   29.  The termination of plaintiff from his employment and the failure to

2   accommodate him as set forth herein was done with discriminatory motive, in violation of

3   public policy and was based on the fact that plaintiff has a physical or mental disability

4   and is regarded as such.

5

6                                   **CLAIM THREE**
            (Violation of Public Policy - Wrongful Termination)

7   30 Plaintiff realleges and incorporates herein the allegations of paragraphs 1

8   through 29 of this complaint, as though fully set forth herein.

9   31. The substantial and fundamental public policy of the State of California

10  protects against discrimination against employees on the basis of medical conditions and

11  disability.  These well-established policies contained in Government Code § 11135,

12  12920, 12940, 19230 *et seq.* prohibit employers from discriminating against employees

13  because of medical conditions, physical disabilities, etc.

14  32.  The substantial and fundamental public policies of both the United States and

15  the State of California protect the rights of employees to obtain necessary reasonable

16  leave from their place of employment in order to obtain necessary medical care for

17  serious medical conditions.  These well-established policies are contained in the federal

18  Family and Medical Leave Act (FMLA), 29 U.S.C. §§2601 *et seq.* and the California

19  Family Rights Act (CFRA), Cal. Govt. Code §12945.2.

20  33.  As part of the defendant's conduct as described above, Kaiser terminated

21  plaintiff's employment as an effort to intentionally circumvent the medical leave rights

22  that plaintiff was entitled to obtain under the federal and state statutes.  Such a

23  termination violates the public policies set forth above.  Plaintiff's termination was

24  therefore wrongful and actionable under the common law doctrine established in *Tameny*

25  and its progeny.

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLAIM FOUR**
(Denial of Medical Leave Rights – FMLA)

34.  Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 33 of this complaint, as though fully set forth herein.

35.  Plaintiff was an individual qualified for the protections afforded by the federal Family and Medical Leave Act (FMLA), 29 U.S.C. §§2601 *et seq.*, including the opportunity to take leave from work for medical reasons without jeopardizing job security.   Defendant Kaiser is an employer subject to suit under these laws.

36.  As set forth herein, defendant Kaiser violated the protections afforded by these two medical leave acts by interfering with plaintiff's claim to medical leave, by denying plaintiff medical leave, by failing to inform plaintiff of his rights under the acts or follow up with him to determine whether he had qualifying reasons for leave, and by terminating plaintiff in connection with the exercise of these rights.

**CLAIM FIVE**

(Denial of Medical Leave Rights – CFRA)

37.  Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 36 of this complaint, as though fully set forth herein.

38.  Plaintiff was an individual qualified for the protections afforded by the California Family Rights Act (CFRA), Cal. Govt. Code §12945.2, including the opportunity to take leave from work for medical reasons without jeopardizing job security.   Defendant Kaiser is an employer subject to suit under these laws.

39.  As set forth herein, defendant Kaiser violated the protections afforded by these two medical leave acts by interfering with plaintiff's claim to medical leave, by denying plaintiff medical leave, by failing to inform plaintiff of his rights under the acts or follow up with him to determine whether he had qualifying reasons for leave, and by terminating plaintiff in connection with the exercise of these rights.

///

///

**PRAYER FOR RELIEF**

Wherefore, plaintiff prays for judgement against defendant Kaiser as follows:

1. For general and special damages, in an amount to be determined at trial;

2. For back pay and wages and loss of other benefits due as a result of his wrongful terminations, in an amount to be determined at trial;

3. For statutory interest on plaintiff's past wage loss;

4. For damages of pain and suffering and emotional distress, in an amount to be determined at trial;

5. For exemplary and punitive damages in an amount to be determined at trial;

6. For reasonable attorney fees and costs of suit; and

7. For other such relief as the Court may deem just and proper.

Dated: February 7, 2008                    Respectfully submitted,


/s/Jeremy L. Friedman
Jeremy L. Friedman
Attorney for plaintiff Fernando daRosa

Plaintiff's First Amended Complaint -- Case No. 3:07-cv-03114-SI – Page 9