SEYFARTH SHAW LLP
Dana L. Peterson (SBN 178499) dpeterson@seyfarth.com
Jonathan D. Martin (SBN 188744) jmartin@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
KAISER FOUNDATION HEALTH PLAN, INC.

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO DAROSA,<br><br>    Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>    Defendant. | Case No. C07-03114 SI<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES** |

    Defendant KAISER FOUNDATION HEALTH PLAN, INC. ("Defendant" or "KFHP") hereby answers Plaintiff FERNANDO DAROSA's ("Plaintiff") First Amended Complaint for Damages (the "Complaint") as follows:

**INTRODUCTION**

    1.    Answering Paragraph 1 of the Complaint, Defendant denies each and every allegation contained in Paragraph 1.

**JURISDICTION**

    2.    Answering Paragraph 2 of the Complaint, Defendant admits that this Court has jurisdiction to hear the claims asserted by Plaintiff to the extent that Plaintiff has adequately exhausted his administrative and contractual remedies as required by applicable federal and state law. Defendant further admits that Plaintiff purports to bring claims under federal anti-

1  discrimination laws. Except as expressly admitted, Defendant denies each and every allegation
2  contained in Paragraph 2.
3      3.    Answering Paragraph 3 of the Complaint, Defendant admits that it does business
4  in this judicial district and that Plaintiff was employed and terminated by Defendant in this
5  judicial district. Except as expressly admitted, Defendant denies each and every allegation in
6  Paragraph 3.

## PARTIES

8      4.    Answering Paragraph 4 of the Complaint, Defendant admits that Plaintiff is an
9  individual. Defendant lacks knowledge or information sufficient to form a belief as to the
10 remaining allegations contained in Paragraph 4, and on that basis denies each and every such
11 allegation.
12     5.    Answering Paragraph 5 of the Complaint, Defendant admits the allegations
13 contained in Paragraph 5.

## GENERAL ALLEGATIONS

15     6.    Answering Paragraph 6 of the Complaint, Defendant admits the allegations
16 contained in the first sentence of Paragraph 6. Defendant further admits that Plaintiff worked as
17 an Administrative Services Supervisor in the Pharmacy from April 2003 until August 2004.
18 Defendant further admits that it rehired Plaintiff as a Member Services Representative in
19 September 2004 and that he held that position until his termination in January 2006. Except as
20 expressly admitted, Defendant denies each and every allegation contained in Paragraph 6.
21     7.    Answering Paragraph 7 of the Complaint, Defendant denies each and every
22 allegation contained in Paragraph 7.
23     8.    Answering Paragraph 8 of the Complaint, Defendant admits that Plaintiff
24 informed Defendant about his medical condition and his need for time to find the right balance in
25 medications. Defendant further admits that Margie Roper was Plaintiff's manager after he was
26 rehired to a Member Services Representative position. Except as expressly admitted, Defendant
27 denies each and every allegation contained in Paragraph 8.
28     9.    Answering Paragraph 9 of the Complaint, Defendant denies each and every

2
DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT – CASE NO. C07-03114 SI

1 allegation contained in Paragraph 9.

2. 10. Answering Paragraph 10 of the Complaint, Defendant denies each and every allegation contained in Paragraph 10.

11. Answering Paragraph 11 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11, and on that basis denies each and every such allegation.

12. Answering Paragraph 12 of the Complaint, Defendant admits that it terminated Plaintiff's employment effective January 24, 2006. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 12.

13. Answering Paragraph 13 of the Complaint, Defendant denies each and every allegation contained in Paragraph 13.

14. Answering Paragraph 14 of the Complaint, Defendant denies each and every allegation contained in Paragraph 14.

15. Answering Paragraph 15 of the Complaint, Defendant denies each and every allegation contained in Paragraph 15.

16. Answering Paragraph 16 of the Complaint, Defendant denies each and every allegation contained in Paragraph 16.

17. Answering Paragraph 17 of the Complaint, Defendant denies each and every allegation contained in Paragraph 17.

18. Answering Paragraph 18 of the Complaint, Defendant admits that Plaintiff tried to get his job back after being terminated, and that Defendant did not withdraw the termination. Defendant denies Plaintiff's implied and express allegations that Defendant violated Plaintiff's rights in taking the actions or non-actions alleged in this paragraph. Except as expressly admitted and denied, Defendant denies each and every allegation contained in Paragraph 18.

19. Answering Paragraph 19 of the Complaint, Defendant denies each and every allegation contained in Paragraph 19.

20. Answering Paragraph 20 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20, and on

1  that basis denies each and every such allegation.

## CLAIM ONE

### (ADA, 42 U.S.C. §§12101-12213)

21. Answering Paragraph 21 of the Complaint, Defendant hereby incorporates its responses to Paragraphs 1 through 20 of the Complaint as though each were set forth in full herein.

22. Answering Paragraph 22 of the Complaint, Defendant admits the allegations contained in Paragraph 22, except that it denies any implication that it has violated the ADA with respect to Plaintiff.

23. Answering Paragraph 23 of the Complaint, Defendant denies each and every allegation contained in Paragraph 23.

24. Answering Paragraph 24 of the Complaint, Defendant denies each and every allegation contained in Paragraph 24.

25. Answering Paragraph 25 of the Complaint, Defendant denies each and every allegation contained in Paragraph 25.

## CLAIM TWO

### (FEHA, Cal. Government Code 12940, *et seq.*)

26. Answering Paragraph 26 of the Complaint, Defendant hereby incorporates its responses to Paragraphs 1 through 20 and 25 of the Complaint as though each were set forth in full herein.

27. Answering Paragraph 27 of the Complaint, Defendant admits the allegations contained in Paragraph 27, except that it denies any implication that it has violated the Fair Employment and Housing Act with respect to Plaintiff.

28. Answering Paragraph 28 of the Complaint, Defendant denies each and every allegation contained in Paragraph 28.

29. Answering Paragraph 29 of the Complaint, Defendant denies each and every allegation contained in Paragraph 29.

## CLAIM THREE

### (Violation of Public Policy – Wrongful Termination)

30. Answering Paragraph 30 of the Complaint, Defendant hereby incorporates its responses to Paragraphs 1 through 29 of the Complaint as though each were set forth in full herein.

31. Answering Paragraph 31 of the Complaint, Defendant admits that Cal. Govt. Code §§ 11135, 12920, 12940, 19230 *et seq.* speak for themselves. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 31.

32. Answering Paragraph 32 of the Complaint, Defendant admits that 29 U.S.C. §§2601 *et seq.* and Cal. Govt. Code §12945.2 speak for themselves. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 32.

33. Answering Paragraph 33 of the Complaint, Defendant denies each and every allegation contained in Paragraph 33.

## CLAIM FOUR

### (Denial of Medical Leave Rights -- FMLA)

34. Answering Paragraph 34 of the Complaint, Defendant hereby incorporates its responses to Paragraphs 1 through 33 of the Complaint as though each were set forth in full herein.

35. Answering Paragraph 35 of the Complaint, Defendant admits that it is an employer subject to the Family and Medical Leave Act. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 35.

36. Answering Paragraph 36 of the Complaint, Defendant denies each and every allegation contained in Paragraph 36.

## CLAIM FIVE

### (Denial of Medical Leave Rights -- FMLA)

37. Answering Paragraph 37 of the Complaint, Defendant hereby incorporates its responses to Paragraphs 1 through 36 of the Complaint as though each were set forth in full herein.

38. Answering Paragraph 38 of the Complaint, Defendant admits that it is an employer subject to the California Family Rights Act. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 38.

39. Answering Paragraph 39 of the Complaint, Defendant denies each and every allegation contained in Paragraph 39.

## RESPONSE TO PRAYER FOR RELIEF

In response to Paragraphs 1 through 7 of the Prayer for Relief, Defendant denies that Plaintiff is entitled to any of the relief which he seeks in those Paragraphs.

## SEPARATE AND AFFIRMATIVE DEFENSES

Without waiving or excusing any of Plaintiff's own burdens of proof and production of evidence, Defendant alleges the following separate and distinct affirmative defenses to the purported causes of action set forth in the Complaint:

## FIRST DEFENSE
(Legitimate Non-Discriminatory Factors)

Plaintiff may not obtain any of the relief requested in his Complaint because any adverse employment actions taken against Plaintiff were based on legitimate non-discriminatory factors; even if any employment decision Defendant made or any employment action Defendant took with respect to Plaintiff is found to have been unlawfully motivated, which Defendant specifically denies, Plaintiff's claims are barred in whole or in part to the extent the decisions and actions would have occurred in the absence of that motivation..

## SECOND DEFENSE
(Statute of Limitations)

Plaintiff's causes of action are barred in whole or in part to the extent he commenced this action after the applicable statute of limitations, including but not limited to the statutes of limitations in California Government Code §§ 12960 and 12965 *et seq.*, California Code of Civil Procedure §§ 335.1 and 338, 42 U.S.C. § 2000e-5(e)(1) and 42 U.S.C. § 2000e-5(f)(1).

## THIRD DEFENSE
(Workers' Compensation Preemption)

Any and all claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or distress are barred and preempted by the exclusivity provision of the California Workers' Compensation Act, Cal. Lab. Code §§ 132a and 3200 *et seq*.

### FOURTH DEFENSE
(Failure to Mitigate)

Defendant is informed and believe and thereon alleges that by exercise of reasonable efforts, Plaintiff could have mitigated the amount of damages that he allegedly suffered, but Plaintiff failed and refused, and continues to fail and refuse, to exercise reasonable efforts to mitigate his damages.

### FIFTH DEFENSE
(Scope of Administrative Charge – Claims One, Two and Five)

Plaintiff's causes of action are barred in whole or in part to the extent the Complaint's allegations do not appear in any timely and proper administrative charge filed by Plaintiff before commencing this lawsuit.

### SIXTH DEFENSE
(Undue Hardship)

The accommodation Plaintiff demands would have caused Defendant undue hardship.

### SEVENTH DEFENSE
(Good Faith Efforts)

Neither compensatory nor punitive damages may be awarded against Defendant due to Defendant's good faith efforts regarding reasonable accommodations for Plaintiff.

### EIGHTH DEFENSE
(Laches, Unclean Hands, Waiver, and Estoppel)

Plaintiff is not entitled to any relief to the extent he forfeited his right to relief under the doctrines of laches or unclean hands, waived his right to relief, or is estopped from seeking the relief requested in the Complaint.

### NINTH DEFENSE
(Set-Off)

If Plaintiff is awarded any damages in this action, Defendant is entitled to a set off of all amounts paid to him as result of and/or following his separation from his employment with Defendant.

### TENTH DEFENSE

(Punitive Damages Provisions Unconstitutional)

On their face and as applied to the Complaint, the provisions of Civil Code §§ 3294 *et seq.* violate Defendant's rights under the Due Process clause of the Fourteenth Amendment of the United States Constitution and/or Article I, Section VII of the California Constitution in that, among other things: (1) the Civil Code provisions are unconstitutionally vague, and (2) the Civil Code provisions do not limit punitive damages to an amount that is constitutionally reasonable or proportionate to any harm caused.

### ELEVENTH DEFENSE

(No Punitive Damages for Good Faith Conduct)

Plaintiff is not entitled to recover any punitive damages against Defendant for decisions or actions that are contrary to the policies that Defendant instituted in good faith against wrongful or unlawful conduct.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by his Complaint;
2. That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;
3. That Defendant be awarded reasonable attorneys' fees according to proof;
4. That Defendant be awarded the costs of suit herein incurred; and

///
///
///
///
///
///

    5.    That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: March 14, 2008                           SEYFARTH SHAW LLP

By _____
      Jonathan D. Martin

Attorneys for Defendant
KAISER FOUNDATION HEALTH PLAN, INC.

SF1 28317399.1

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT – CASE NO. C07-03114 SI