SEYFARTH SHAW LLP
Dana L. Peterson (SBN 178499) dpeterson@seyfarth.com
Jonathan D. Martin (SBN 188744) jmartin@seyfarth.com
Andrew M. McNaught (SBN 209093) amcnaught@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
KAISER FOUNDATION HEALTH PLAN, INC.

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO DAROSA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>　　　　Defendant. | Case No. C07-03114 SI<br><br>**DEFENDANT KAISER FOUNDATION HEALTH PLAN, INC.'S FURTHER CASE MANAGEMENT STATEMENT**<br><br>Date: July 11, 2008<br>Time: 2:30 PM<br>Place: Courtroom 10, 19th Floor<br>Judge: The Honorable Susan Illston |

Defendant Kaiser Foundation Health Plan, Inc. ("Defendant") hereby submits its Further Case Management Statement in the above referenced matter.

Defendant is submitting its own statement, rather than a joint statement with Plaintiff, because Plaintiff insisted on including material in a joint statement that Defendant could not agree to. On the afternoon of Tuesday, July 1, 2008, Defendant's counsel Jonathan Martin e-mailed Plaintiff's counsel Jeremy Friedman a proposed joint statement, containing a brief and accurate summary of the status of the case. At approximately 10:30 AM on Thursday, July 3, 2008 (the deadline for the filing of the statement with the Court), having not received a response, Mr. Martin telephoned Mr. Friedman to ask Mr. Friedman about the statement. Mr. Friedman indicated that he would respond shortly. At approximately 11:30 AM that day, Mr. Friedman e-mailed Mr. Martin a four-page draft containing arguments, incorrect and/or misleading

DEFENDANT'S FURTHER CASE MANAGEMENT STATEMENT – CASE NO. C07-03114 SI

statements, and unsupported accusations, and he indicated that he was leaving at 2:00 PM that day for a plane flight. This left only two and a half hours for Mr. Martin to (1) prepare revisions to the joint statement that would sufficiently respond to the substantial new material Mr. Friedman sought to add, and then (2) negotiate with Mr. Friedman about the inclusion of these further revisions. As this created unfair impositions on Defendant, Mr. Martin subsequently notified Mr. Friedman that Defendant would be filing its own statement. Mr. Friedman responded that he was willing to identify his statements as "plaintiff's contentions," but this of course would not resolve the aforementioned problem of Defendant not having sufficient time to craft an adequate response to Plaintiff's new material.

In any event, the parties participated in a Settlement Conference with Magistrate Judge Maria-Elena James on June 4, 2008. The case did not resolve at that time.

Defendant has deposed Plaintiff and a third-party percipient witness, and has begun but not completed the deposition of Plaintiff's treating physician. Plaintiff has noticed a Rule 30(b)(6) deposition of Defendant. The notice identified several subjects upon which the witness is to be deposed, and Defendant is currently in the process of determining the identity of the appropriate individual(s) for the deposition. The parties may have to meet and confer regarding this deposition. Plaintiff further intends to take depositions of percipient witnesses.

The parties may seek court intervention regarding various discovery issues. Among those issues are Plaintiff's alleged entitlement to personnel records regarding his former supervisor, and Defendant's alleged entitlement to additional medical records of Plaintiff and other information regarding Plaintiff about which Plaintiff and a percipient witness refused to answer questions at their depositions.

DATED: July 3, 2008

SEYFARTH SHAW LLP

By /s/ Jonathan D. Martin
Jonathan D. Martin

Attorneys for Defendant
KAISER FOUNDATION HEALTH PLAN, INC.