1  JEREMY L. FRIEDMAN, CA Bar No. 142659
   Attorney At Law
2  2801 Sylhowe Road
   Oakland, CA 94602
3  Telephone: (510) 530-9060
   Facsimile: (510) 530-9087
4
   KELLER LAW, PC
5  CHRISTOPHER J. KELLER, ESQ. (SBN 178491)
   One Market Street, Spear Tower, 36th Floor
6  San Francisco, CA 94105
   Telephone: (415) 293-7805
7  Facsimile:  (415) 203-8001
   ckeller@kellerlawpc.com
8
   Attorneys for plaintiff Fernando daRosa
9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12

13  FERNANDO DAROSA,              )   Case No. 3:07-cv-03114-SI
                                  )
14     Plaintiff,                 )
                                  )   **PLAINTIFF'S CONTINUED CASE**
15  vs.                           )   **MANAGEMENT STATEMENT**
                                  )
16  KAISER FOUNDATION HEALTH      )
    PLAN, INC.                    )
17                                )   Date: July 11, 2008
       Defendant.                 )   Time: 2:30 p.m.
18                                )   Courtroom: Hon. Susan Illston
                                  )
19  _____ )

20         Plaintiff hereby submits this Case Management Statement in the above referenced

21  matter. Due to time limitations, the parties were unable to agree on a joint statement.

22                          **SETTLEMENT CONFERENCE**

23         At the previous Case Management Conference, an Order of Reference was made

24  for Magistrate Judge Maria-Elena James to serve as the settlement judge for this case. On

25  June 4, 2008, the parties participated in a first settlement conference with Magistrate

26  Judge James. The case did not resolve at that time, but Magistrate Judge James continued

27  the conference for further proceedings. The parties are to contact the Magistrate Judge's

28  chambers when a future settlement conference will be held. Plaintiff anticipates

Pl.'s Continued CMC Statement -- Case No. 3:07-cv-03114-SI – Page 1

1 requesting a further conference after his anticipated dispositive motions in this case are
2 either fully briefed or resolved.

### STATUS OF DISCOVERY AND DISCOVERY PLAN

4 The parties have completed initial disclosures, including an exchange of
5 documents.  Pursuant to the parties' stipulation, plaintiff authorized release of his
6 medical records from January 2005 – before his diagnosis with Narcolepsy in July 2005.
7 Through that authorization plaintiffs' medical records have been produced to both parties.

8 Defendant has deposed plaintiff and his girlfriend, Anastasa Freitas.  Kaiser has
9 also taken four hours of deposition of plaintiff's treating physician, Dr. Frank Dustin.

10 Plaintiff served requests for production of documents on Kaiser, seeking all
11 relevant documents.  Defendant has produced some documents pursuant to those
12 requests, and the parties have met and conferred numerous times over the responses.
13 Plaintiff believes that defendant's responses are inadequate, in one respect because
14 defendant failed to state that all relevant documents have been produced.  In addition,
15 plaintiff believes there are numerous gaps in the document production, including records
16 maintained at Kaiser by plaintiff's immediate supervisor – former Kaiser employee
17 Margie Roper – while she was a managing agent of defendant, as well as records of
18 discussions that took place over plaintiff's termination at the Human Resources
19 Department, the Work Absence Management (WAM) office and elsewhere within
20 defendant.  If in fact all relevant documents have been produced, plaintiff suspects that
21 key documents related to this case have been destroyed.

22 To resolve this dispute, plaintiff requires amendment to Kaiser's discovery
23 responses, and has noticed Rule 30(b)(6) depositions of defendant with regard to its
24 document production in this litigation.   Said depositions were noticed for June 23.
25 Defense counsel has not served plaintiff with any objections, but he notified plaintiff's
26 counsel that Kaiser will not produce the witnesses until later in July.  After completion of
27 those depositions, plaintiff will be able to determine whether a motion is required for
28 destruction of documents in this case.

1    Plaintiff has also identified several Kaiser employees whose depositions he plans
2 to take after completion of the Rule 30(b)(6) depositions.  These include Human
3 Resource representatives and managers, as well as Ms. Roper.  In connection with Ms.
4 Roper's deposition, plaintiff contends that a discovery dispute will require resolution by
5 the Court.  In particular, Kaiser has refused to produce any records relating to Ms. Roper,
6 who was terminated by Kaiser within a few months after she terminated plaintiff's
7 employment.   Plaintiff has been informed that Ms. Roper's termination is directly
8 relevant to his claims.  Further, Ms. Roper's continued relationship with Kaiser after her
9 termination and the basis for the termination go directly to the questions of bias and
10 interest on the part of defendant's central witness.  Plaintiff hopes to resolve this dispute
11 through the informal letter brief discovery dispute process with the Court.
12    In addition, in anticipation of a motion for partial summary judgment, plaintiff
13 served Kaiser with numerous specific requests for admissions.  Defendants objected to
14 these requests and denied many facts which plaintiff believes are not genuinely in
15 dispute.  Plaintiff believes that defendant has not met its obligation under the Rules.

**ANTICIPATED MOTION**

17    Plaintiff anticipates filing a motion for partial summary judgment in this case.  In
18 particular, plaintiff contends that his medical records and defendants' own employment
19 records establish undisputedly that (1) he was diagnosed by his physician with
20 Narcolepsy and was taken off work for approximately two months in July, 2005; (2)
21 Kaiser was well aware of his medical condition and his need for this medical leave; (3)
22 plaintiff's supervisor, Ms. Roper, disciplined plaintiff for these medical absences; (4) on
23 January 24, 2006, plaintiff received a further order from his physician to take medical
24 leave for his Narcolepsy beginning January 25, 2006; (5) plaintiff delivered a copy of his
25 medical documentation to Ms. Roper, and later repeatedly to the Human Resources
26 department; and (6) plaintiff was terminated without the offer of any medical leave for
27 the false reason of being a no-call no-show on January 25, 2006, and for his prior
28 absences in 2005 for medical treatment.  These facts establish liability for discrimination

1  and failure to provide medical leave. Kaiser's defense is predicated on the claim that Ms.
2  Roper's department misplaced plaintiff's notice for some period of time – a claim which
3  plaintiff believes does not provide Kaiser with a legal defense in this case.
4                  Respectfully submitted,
5  Dated: July 3, 2008         JEREMY L. FRIEDMAN
                            CHRISTOPHER J. KELLER

7                By: /s/Jeremy L. Friedman
                     Jeremy L. Friedman
8                     Attorney for plaintiff Fernando daRosa