**Jeremy L. Friedman**
Attorney at Law

2801 Sylhowe Road
Oakland, CA 94602
510-530-9060 - Fax 530-9087

August 7, 2008

Hon. Susan Illston
United States District Court Judge
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

**Re:    daRosa v. Kaiser Foundation Health Plan, Inc., Case No. 3:07-cv-03114-SI**

Dear Judge Illston:

Pursuant to your Standing Order, plaintiff submits this letter brief on discovery disputes over defendant's document production in response to Mr. daRosa's first set of document requests.  In particular, plaintiff requests the Court order production of non-confidential employment-related documents concerning Margie Roper – plaintiff's immediate supervisor and the individual responsible for his termination.  Ms. Roper was terminated from Kaiser within a few months after she terminated plaintiff, and plaintiff has been informed that Ms. Roper's termination has some connections with the subject matter of this lawsuit.  As plaintiff does not seek confidential tax, medical or financial information, and because the circumstances of Ms. Roper's termination may lead to the discovery of admissible evidence, Kaiser should be required to produce the documents.

In addition, plaintiff requests the Court order further responses and/or productions to plaintiff's request for documents concerning himself, his employment and his termination.  These documents are clearly relevant and not privileged.  In its written responses, Kaiser states its objections, but does not say that all non-privileged responsive documents have been produced.  Kaiser has in fact produced some documents pursuant to plaintiff's request; but those documents and other evidence and information in this case indicate that other, critical documents remain unproduced.  Plaintiff has noticed Rule 30(b)(6) depositions to determine what documents exist and where Kaiser looked, but he requires defendant to state, in its written responses, that notwithstanding its objections all non-privileged documents have been produced.

Hon. Susan Illston
*daRosa v. Kaiser Foundation Health Plan,* Case No. 3:07-cv-3114 SI
August 7, 2008
Page 2

## Background

Plaintiff Fernando daRosa worked at Kaiser's Member Services department, and his immediate supervisor was Margie Roper.   In July 2005, Mr. daRosa's Kaiser doctor diagnosed him with Narcolepsy, a serious medical condition causing uncontrollable bouts of sleep.  Due to this medical condition, the doctor ordered Mr. daRosa to take a leave from work for about six weeks.  Medical records from July and August of 2005 produced in this litigation by the medical records side of Kaiser included the documentation required by defendant to verify physician visits and medical limitations with work.

After returning to work from his first medical absence, plaintiff continued to experience problems associated with his Narcolepsy.  From September through December, 2005, he missed seven days or partial days at work for medical reasons.  Again, medical records produced in the litigation confirm documentation for most, if not all, of plaintiff's absences.

Mr. daRosa testified that he notified Ms. Roper regarding all of his medical absences, and that he provided her with the necessary medical documentation produced in this case. He states that Ms. Roper was angry at plaintiff for missing work.  In fact, in a document produced in discovery, Mr. Roper on December 7, 2005 wrote up plaintiff for work attendance problems.  Almost all, if not all, of the absences for which plaintiff was disciplined were due to medical reasons, and in particular his Narcolepsy.

On January 24, 2006, plaintiff saw his neurologist, Dr. Frank Dustin, about his continuing problems with uncontrollable sleep.  Dr. Dustin ordered another medical leave from work while they adjusted medications to a better balance.  Documents produced from his medical records include the appropriate form where Dr. Dustin verified the visit and his order to take a leave of absence on that same day: January 24, 2006.

Plaintiff left  a copy of his January 24, 2006, medical documentation with his supervisor that same day.  The following day, his girlfriend faxed another copy to Member Services and dropped off another hard copy with Ms. Roper.  Plaintiff retained a copy of the fax on January 25, thus proving conclusively that Kaiser was notified of plaintiff's need for a medical leave.

Kaiser's records show that, on January 27, Ms. Roper determined to terminate Mr. daRosa without any discussion of accommodations or medical leave.  On January 31, Kaiser wrote saying he was terminated for being a "no call/no show" and the "attendance issues" on which he was counseled.  Plaintiff's multiple conversations with the Human Resources department, over the course of some 15 months, did not lead to his rehire.

Hon. Susan Illston
*daRosa v. Kaiser Foundation Health Plan,* Case No. 3:07-cv-3114 SI
August 7, 2008
Page 3

**Defendant Should be Compelled to Produce Non-Confidential Employment Records
Relating to Plaintiff's Immediate Supervisor, Terminated Employee Margie Roper**

Although plaintiff retained written confirmation of his January 25, 2006 fax to
Member Services, Kaiser claims it was misdirected or misplaced.  Defendant has also
failed to produce either of the hard copies dropped off in Ms. Roper's mail box.  Within
months of plaintiff's termination, Ms. Roper herself was terminated.  Mr. daRosa was
informed her termination might impact his requests for rehire.  Moreover, plaintiff was
told Ms. Roper was terminated for misconduct in the handling of employment-related
records, including faxes to her office in the Member Services department.

Because Ms. Roper is a key witness for the defense, in his discovery requests,
plaintiff asked for documents "excluding any confidential financial, tax or medical
information, relating to the employment of Margie Roper, including documents that refer
to Ms. Roper's qualifications, duties, responsibilities, job histories and/or performances,
termination and reason for her termination."  Defendant objected to the request, asserting
protection of third-party privacy, but it failed to produce a privilege log of withheld
documents.  Despite the key role of Ms. Roper, Kaiser has failed to produce any records
by her, save the disciplinary letters and administrative request for Mr. daRosa's firing.

Defendant's privacy objection is not well taken.  While personnel records may
relate to matters protected by a right to privacy, the compelling public need for discovery
in this litigation would outweighs Kaiser's assertion of outright suppression.  In light of
the parties' stipulation for a protective order, Ms. Roper's privacy interest in any
documents produced in this litigation will remain confidential and be well protected.

Plaintiff is entitled to obtain documents related to Ms. Roper's termination in
particular for two separate sets of reasons.  First, the former supervisor is going to testify
at trial on central matters, and her precise relationship with Kaiser at the time she testifies
goes directly to issues of interest and bias.  A trier of fact might assume that Ms. Roper's
termination from Kaiser nullifies any interest she has a witness or any bias towards her
former employer.  Plaintiff is entitled to explore the supervisor's termination so that all of
the circumstances from which Ms. Roper will testify are disclosed.

Second, plaintiff was told Ms. Roper was terminated for misconduct in connection
with the receipt of employment records and fax communications.  These allegations are
directly parallel to the conduct alleged in this case: her knowing failure to obtain and
preserve plaintiff's delivered and faxed medical absence forms.  Mr. daRosa is entitled to
learn, under a protective order, the particulars for her termination to determine whether
additional admissible evidence is discoverable.

Hon. Susan Illston
*daRosa v. Kaiser Foundation Health Plan,* Case No. 3:07-cv-3114 SI
August 7, 2008
Page 4

**Defendant Should be Compelled to Produce All Documents Relating to Plaintiff and His Employment at Kaiser, or State It Has Done So**

Defendant's initial disclosures included only documents supporting the defense, not those that might undermine it.  Plaintiff served his first set of document requests, seeking all documents pertaining to plaintiff, his employment, and his termination.  In order to assist the disclosure, the request lists non-exhaustive categories or areas where responsive documents may be found, including: Mr. daRosa's medical leave records; records of communications to, from or within the Human Resources department; and files maintained formerly by Ms. Roper and currently by Ms. Roper's supervisor and replacement.  In connection with the Human Resources department, plaintiff noted that Kaiser employs a separate computer system (called by its acronym: Khrmit) which tracks each action and inquiry made for each Kaiser employee, and plaintiff listed the time periods when he made such contacts with his employer.

In its response, Kaiser made various objections, including: vague, ambiguous, compound and overbroad.  Subject to the objections, defendant responded: "Defendant has previously produced documents responsive to this request.  Discovery is ongoing and Defendant reserves the right to produce additional documents as Defendant becomes aware of them and locates them."  Counsel have met and conferred numerous times over these responses, and while Kaiser has produced some additional records, it has not amended its response to state that all non-privileged documents have been produced.  Moreover, it is clear from the documents produced and evidence submitted thus far, important non-privilege documents relating to this case have yet to be disclosed.

Work Absence Records

Kaiser has an entire department (Workplace Attendance Management, or "WAM") devoted to assisting employees and their supervisors regarding workplace absences.  Moreover, Kaiser is required to maintain copies of requests for medical leave, medical documentation submitted for employee absences and other records and communications regarding employee attendance.  Despite this, Kaiser has failed to produce any WAM records or other communications regarding plaintiff's work absences for his Narcolepsy in July and August 2005 or his request for medical leave in January 2006.  The only visit verification and work absence records produced in discovery were those pages which Kaiser's attorney decided to attach to its response to the EEOC.  Kaiser should produce all documents relating to plaintiff's work absences in 2005 and 2006, in the form of the files as originally maintained by defendant.  If no other documents exist at this time, Kaiser should state that all such documents have been produced.

Hon. Susan Illston
*daRosa v. Kaiser Foundation Health Plan,* Case No. 3:07-cv-3114 SI
August 7, 2008
Page 5

<u>Human Resource Contacts</u>

Plaintiff's points and dates of contact with Kaiser's human resource department are central to the litigation.  For example, plaintiff specifically requested information relating to his absence in July and August, 2005 due to his Narcolepsy.  Much of this information is maintained in the "Khrmit" data, and Kaiser produced some documents Khrmit-related documents referring to a No. 15265850, in August of 2005.  According to a reference in March 2007, that case was a disability claim opened and then closed on plaintiff's behalf.  This entry establish knowledge of plaintiff's disability and need for medical leave as early as August 2005, yet no records of this action have been produced.

In addition, Kaiser produced one string of emails from July 2007 involving human resources.  Three individuals – Gail Kato, Frank Mellon and Ken Ayers – are witnesses in this case, scheduled for deposition before the end of this month.  Other than this one stream of emails, defendant produced no other emails, memos, notes or other writings.  In fact, other than administrative records and the one email string, Kaiser has produced no notes or records involving Ms. Roper, Mr. Ayers, or  Human Resources representatives.  Kaiser should be compelled to produce such records or verify that they no longer exist.

<u>Telephone records</u>

Included in the records relating to plaintiff's contacts are telephone records showing when calls were made between Kaiser and Mr. daRosa.  Such contacts are important because Kaiser claims Ms. Roper attempted to phone before terminating him, and Mr. daRosa delayed contacting the human resources department to ask for his job back.  In plaintiff's Rule 30(b)(6) deposition notice, plaintiff even included a specific request for telephone records, restricted to limited time frames and dates.  Kaiser should be compelled to produce these records as they are directly relevant to the litigation.

**Conclusion**

For the foregoing reasons, plaintiff requests that the Court order defendant to produce non-confidential employment records regarding Ms. Roper; and to produce all other relevant documents or verify that all responsive documents have been produced.

Respectfully submitted

/s/Jeremy L. Friedman
Jeremy L. Friedman
Attorney for plaintiff Fernando daRosa