

560 Mission Street, Suite 3100

San Francisco, California 94105

(415) 397-2823

fax (415) 397-8549

www.seyfarth.com

Writer's direct phone

Writer's e-mail

August 14, 2008

The Honorable Judge Susan Illston
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    Fernando daRosa v. Kaiser Foundation Health Plan, Inc.
              Case No. C07-3114 SI

Dear Judge Illston:

      In connection with the above referenced matter, defendant Kaiser Foundation Health Plan, Inc. ("Defendant" or "Kaiser") submits this letter brief in response to plaintiff Fernando daRosa's ("Plaintiff") letter brief dated August 7, 2008.

      Plaintiff cites no rules, statutes or case authority in support of any of his arguments. Rather, he simply states, in essence, that the documents he seeks are "relevant" to the case and therefore must be produced. His request for production, however, does not satisfy the Federal Rules of Civil Procedure in that it fails to identify documents sought with reasonable particularity and overbroadly seeks information that is not actually relevant to the case. Moreover, he improperly seeks confidential personnel information regarding his former supervisor, Margie Roper, claiming that an unnamed "engineer" with Defendant told him that Ms. Roper had been terminated over how she had supposedly handled Plaintiff's termination; however, Plaintiff establishes absolutely no foundation as to how this "engineer" would have any knowledge regarding Ms. Roper's employment. Plaintiff should not be able to invade Ms. Roper's privacy based on this kind of gossip and hearsay.[1]

**Plaintiff Is Not Entitled to His Former Supervisor's Confidential Records**

      Plaintiff seeks the production of his former supervisor Margie Roper's personnel and employment records. Plaintiff cites no legal authority in support of this request. He insists that he is entitled to her private records based only on the hearsay statements of some unidentified non-management employee who did not even work in the same department. This person purportedly

---

[1]     Plaintiff purports to provide a "background" of facts regarding the case. The parties agree on some facts and disagree on others. Defendant continues to vigorously dispute Plaintiff's claims but will focus this letter brief on the actual discovery matters at issue rather than a detailed factual discussion.

Case 3:07-cv-03114-SI   Document 37   Filed 08/14/2008   Page 2 of 5

**SEYFARTH SHAW** LLP
ATTORNEYS

The Honorable Judge Susan Illston
August 14, 2008
Page 2

told him that Defendant terminated Ms. Roper's employment for some reason related to Plaintiff's termination. Despite the fact that Ms. Roper's separation was entirely unrelated to Plaintiff's termination, which Defendant has made clear to Plaintiff, he persists in pursuing this fishing expedition.

Plaintiff should not be permitted to ride roughshod over Ms. Roper's Constitutional right to privacy in her employment records based on nothing but the flimsy hearsay statements of an unidentified non-manager unconnected with Plaintiff's or Ms. Roper's employment. The Court should deny Plaintiff's request to compel production of these records. In the alternative, Defendant requests that even if the Court is persuaded by Plaintiff's arguments, it should order an *in camera* review of the records. Such a review would protect Ms. Roper's privacy rights and make clear to the Court that Plaintiff's arguments lack any merit because Ms. Roper's separation had nothing whatsoever to do with Plaintiff's termination.

The law is well-established that private information may be shielded from discovery if its disclosure would impair a person's inalienable right of privacy, and that privacy rights can be raised in response to discovery requests. *Johnson by Johnson v. Thompson* 971 F.2d 1487, 1497 (10th Cir. 1992). In California, a third party has a right to privacy in his or her personnel and employment records. That right includes the right "not to have their 'names, addresses and phone numbers' divulged," not to mention their performance reviews, disciplinary records, and the reasons for their termination, among many other documents.[2] *Board of Trustees v. Superior Court*, 119 Cal. App. 3d 516, 529 (1981) (citing *Morales v. Superior Court*, 99 Cal. App. 3d 283, 291 (1979)). Defendant has both the right and the obligation to invoke the privacy rights of current and former third party employees in their employment records. *Valley Bank v. Superior Court*, 15 Cal. 3d 652, 657 (1975).

In considering discovery disputes of this nature, courts are to balance the need for the information against the right to privacy. *Rubin v. Regents of University of California* 114 F.R.D. 1, 2 (N.D. Cal. 1986). When the requested documents are held by an employer, production of the personal information of employees requires a showing of compelling need and clear relevance. *Matter of Hawaii Corp.*, 88 F.R.D. 518, 524 (D. Hawaii 1980). Plaintiff has utterly failed to make that showing here. First, Defendant has made clear to Plaintiff that Ms. Roper's separation had nothing to do with the termination of Plaintiff's employment. Accordingly, his entire premise for supposedly needing her personnel records is spurious. Second, even if Plaintiff will not take Defendant's assertions on the point as true, he still has no legitimate evidence on which to base his request.

Plaintiff testified in his deposition that he spoke on the telephone to someone who worked in another department (engineering) who supposedly told him that Ms. Roper's separation was related to his own. Yet Plaintiff could not identify the individual who passed this information on to him.

---

[2] Plaintiff asserts that because he does not seek any "financial, tax, or medical information" contained in Ms. Roper's employment records that somehow his request is more palatable. That argument fails. Ms. Roper's right to privacy in her personnel records extends to all of those records, including her performance and disciplinary records.



The Honorable Judge Susan Illston
August 14, 2008
Page 3

Plaintiff also admitted he did not know, or have a record of, the individual's telephone number, despite having called him. Plaintiff had no idea how this individual would have learned the circumstances surrounding Ms. Roper's separation. Plaintiff testified:

> Q: Did he explain to you how he knew all this?
>
> A: I don't remember how he said. I mean, I don't know if I ever asked. I don't know if he.....
>
> Q: Other than what you just indicated, did you have any understanding as to how he might have known all of this?
>
> A: No.

Plaintiff's testimony amply demonstrates that he has nothing but hearsay evidence supporting his contention that Defendant terminated Ms. Roper's employment for reasons related to his termination. Plaintiff cannot meet his burden to show "compelling need and clear relevance" regarding Ms. Roper's employment records (*Matter of Hawaii Corp.*, 88 F.R.D. at 524). His showing comes nowhere close to overriding her privacy rights in those records. Plaintiff is scheduled to take the deposition of Ken Ayers, the manager to whom Ms. Roper reported, and will be able to inquire from a first-hand witness as to whether Ms. Roper's separation from her employment with Kaiser had anything to do with Plaintiff's termination. The plain fact is that Ms. Roper's separation had nothing to do with Plaintiff's termination. His insistence to the contrary is nothing but a transparent effort to obtain her private employment records so that he can attempt to annoy and embarrass her.

Plaintiff's alternate theory as to why he should gain access to her personnel file is simply nonsensical. He writes that because Ms. Roper may testify at trial on central matters, her "precise relationship with Kaiser at the time she testifies goes directly to issues of interest and bias." Plaintiff already knows her "precise relationship" with Defendant now. He knows Ms. Roper's employment ended after his did. Plaintiff knows that Defendant has told him there is no connection between the two events, his mystery engineer notwithstanding. Plaintiff is free to explore other issues of potential bias in Ms. Roper's deposition. He is not entitled, however, to the production of her private personnel files or to explore in deposition the reasons for her separation, beyond the question of whether it was related to his termination.

For all of these reasons, Kaiser requests that the Court deny Plaintiff's request to compel the production of Ms. Roper's private personnel records, which are wholly irrelevant to the claims and defenses in this case. If the Court is inclined to agree with Plaintiff's position, Defendant alternatively requests that the Court order an *in camera* inspection of such records.

### Plaintiff's Overbroad Demands Are Improper

A party may obtain discovery regarding any non-privileged matter that is "relevant to the claim or defense of any party . . . " Federal Rule of Civil Procedure ("FRCP") 26(b)(1). "Relevant



evidence" means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rule of Evidence 401. A request for production of documents "shall set forth, either by individual item or by category, the items to be inspected and describe each with *reasonable particularity*." FRCP 34(b) (emphasis added).

Plaintiff's Request for Production No. 1 purports to seek the following documents:

> Any and all documents, memorandum, records, notes, entries, recordings, logs, data fields, or any other writing or tangible thing that refers, regards, pertains or relates to plaintiff Fernando daRosa, his employment, his attendance, his medical condition, his request for medical leave, his termination or his connection with any subject matter at issue in this litigation . . .
>
> Production should include all documents whose existence is known to defendant and its counsel, *whether or not such documents might tend to support or dispute any defense in this action.* (Emphasis added.)

This request violates the rules referenced above. A demand for "[a]ny and all documents . . . that refers, regards, pertains or relates to" plaintiff, and to "his employment," simply does not identify the documents sought with the requisite particularity. There could be any number of documents which "refer to" plaintiff, or "regard" him, or "pertain to" or "relate to" him, or his employment, which have absolutely nothing to do with this case. For example, if in the course of his job as a member services representative he had written communications with a Kaiser member about an issue relating to medical care the member had received, the request would cover such communications, because they "pertain" or "relate" to Plaintiff and his employment, even though they would not have anything to do with Plaintiff's claims in this case – not to mention the fact that such communications would involve the Kaiser member's private and confidential medical information which would be totally irrelevant to this case and which Plaintiff and his attorneys have no right to receive. There is no argument or theory under which Plaintiff should be allowed to obtain such documents.[3] Essentially, this request requires Defendant to produce every piece of paper and electronic document that has Plaintiff's name on it, and anything else that may "pertain" or "relate" to him or his employment with Defendant. That is an unreasonable and improper

---

[3] Plaintiff makes a reference to "the parties' stipulation for a protective order" but omits critical facts. The parties have been proceeding based on an oral and informal agreement to protect the confidentiality of certain documents, and Defendant has been honoring that agreement. However, when Defendant's counsel presented Plaintiff's counsel with a written agreement that was virtually identical to the form stipulated protective order contained on the Court's website, and was consistent with the parties' informal agreement, Plaintiff's counsel did not execute it but instead made handwritten changes that were largely illegible on the copy he returned to Defendant's counsel. Defendant's counsel advised Plaintiff's counsel of this problem, but the latter never corrected it.



request.[4] Indeed, the plain language of the request itself confirms its improper scope. It demands that Defendant produce all documents *whether or not* they support or dispute a defense in the case. However, if a document does not support or dispute a defense – and presumably, such a document would not support or dispute a claim either – then by definition it is not relevant to the case and it is not subject to discovery. Because Plaintiff's request expressly encompasses documents and information that is not relevant, it is improper. Plaintiff's request is so abjectly overbroad that it also calls for the production of documents clearly protected by the attorney-client privilege and the attorney work product doctrine, such as all documents related to Kaiser's response to agency charges like those filed with the Department of Fair Employment and Housing and the EEOC.

Plaintiff complains that Defendant has not indicated that it has produced all documents responsive to his requests. The extreme overbreadth of his requests as discussed above imposes an extremely onerous and unfair burden on Defendant in that it requires Defendant to determine, locate and produce every document in existence that may have some connection, however tenuous, with Plaintiff, and then to state that there are absolutely no other documents in existence that relate to him. It is impossible to expect an organization like Defendant to be able to do that. Rather, Plaintiff should follow the rules and identify documents sought by individual item or by category with reasonable particularity. Only then can Defendant make a definitive determination as to the existence of responsive documents, and then produce them along with a representation that it knows of no further responsive documents.

In the latter portion of his letter brief, Plaintiff cites three categories of documents he believes have not been adequately produced: "Work Absence Records," "Human Resource Contacts," and "Telephone Records." With respect to the first two categories, Plaintiff admits that Defendant has in fact produced responsive documents; either he wants Defendant to produce duplicate copies of the same documents, or he demands production of additional documents that he speculates may exist, but he offers no evidence that they do exist. Defendant has produced relevant and responsive non-privileged documents, and if and when additional documents are located, they will be produced.

For the above reasons, Defendant requests that Plaintiff's motion be denied.

Sincerely,

SEYFARTH SHAW LLP

Jonathan D. Martin

---

[4] While this request goes on further to identify somewhat more specific categories of documents, these categories are identified only as examples of the types/categories of documents Plaintiff purports to seek. They do not limit the request in any way.

SF1 28331698.1