1  JEREMY L. FRIEDMAN, CA Bar No. 142659
   Attorney At Law
2  2801 Sylhowe Road
   Oakland, CA 94602
3  Telephone: (510) 530-9060
   Facsimile: (510) 530-9087
4
   KELLER LAW, PC
5  CHRISTOPHER J. KELLER, ESQ. (SBN 178491)
   One Market Street, Spear Tower, 36th Floor
6  San Francisco, CA  94105
   Telephone:  (415) 293-7805
7  Facsimile:   (415) 203-8001
   ckeller@kellerlawpc.com
8
   Attorneys for plaintiff Fernando daRosa
9

10                       UNITED STATES DISTRICT COURT

11                      NORTHERN DISTRICT OF CALIFORNIA

12

13  FERNANDO DAROSA,            )   Case No. 3:07-cv-03114-SI
                                )
14     Plaintiff,                )
                                )   ***EX PARTE* MOTION FOR LEAVE
15  vs.                          )   **TO FILE FORMAL NOTICED
                                )   MOTION RE SUBPOENA OF PRE-
16  KAISER FOUNDATION HEALTH    )   2005 MEDICAL RECORDS**
    PLAN, INC.                  )
17                              )
       Defendant.               )
18                              )
                                )
19  _____)

20         Pursuant to the Court's standing Case Management Conference order, and under

21  Civil Local Rules 7-1(a)(3) and 7-10, plaintiff Fernando daRosa hereby moves the Court

22  for permission to file formal noticed motion regarding a discovery dispute in this case.

23  Given the complexity of the issues and the divisiveness between counsel, this particular

24  dispute cannot be resolved by letter brief.  For good cause, plaintiff therefore seeks *ex*

25  *parte* permission to file a formal motion.

26         Although plaintiff has already provided authorization for the production and

27  release of relevant post-2004 medical records in this case, and although a half-dozen

28  volumes of medical records have already been produced pursuant to a stipulated

Pl.'s *Ex Parte* Mot. re Leave to File Disc. Mot. -- Case No. 3:07-cv-03114-SI – Page 1

agreement, defendant waited until the last possible day to serve discovery requests and filed a subpoena for Mr. daRosa's confidential medical and counseling records from before 2005. Such records are personal, confidential and highly sensitive and protected by California law and plaintiff's constitutional right to privacy. Not only will defendant not be able to show a compelling need for this information, defendant will not be able to establish even the likelihood of discovery of admissible evidence. Since plaintiff was not diagnosed with his disability until July 2005, and he was not terminated until January 2006 – all for absences from July 2005 to January 2006 – any medical and confidential counseling records that pre-date July 2005 are absolutely irrelevant.

In addition, plaintiff will be asking for sanctions against Kaiser's defense counsel as an aspect of this motion. Not only will plaintiff be entitled to recover attorneys fees in connection with his motion to quash and/or limit the subpoena and for a protective order, but plaintiff intends to raise a serious breach of defense counsel's obligation to cooperate in discovery. In particular, while both of plaintiff's counsel were out of state, defense counsel was contacted and requested to hold of on enforcement of the subpoena of plaintiff's medical records at Kaiser until the Court had a chance to rule on a motion. In fact, defendant in the last case management conference statement noted that this was an issue that was going to require the court's resolution. Notwithstanding their obligations under the federal rules, defense counsel refused to delay production of Kaiser's medical records for plaintiff until plaintiff's counsels' return. As this issue too will require the submission of evidence and complex histories, and to preserve an opportunity to reply to any opposition, plaintiff asks leave to file a formal noticed motion.

This motion is based on the statements made herein and the attached declaration.

Respectfully submitted,

Dated: August 20, 2008        JEREMY L. FRIEDMAN
                              CHRISTOPHER J. KELLER


                              By: /s/Jeremy L. Friedman
                                  Jeremy L. Friedman
                                  Attorney for plaintiff Fernando daRosa

1 **DECLARATION OF COUNSEL**

2 I, Jeremy L. Friedman, declare and state:

3 1. I am one of the attorneys for plaintiff Fernando daRosa in this matter. I make this declaration in support of plaintiff's *ex parte* motion for leave to file a formal discovery motion based upon my own knowledge. If called as a witness, I would and could testify competently to the following.

2. Prior to the ENE in this case, I engaged in numerous discussions with counsel for Kaiser, Jonathan Martin, at Seyfarth Shaw, concerning plaintiff's medical records. To assist in the production of records prior to the ENE, plaintiff agreed to sign a release for medical records, so long as certain requirements were met. First, since plaintiff was not diagnosed with Narcolepsy until July 2005, plaintiff insisted that the medical records be limited to 2005 and after. Second, plaintiff's agreement to the authorization was not to constitute a waiver of any privacy objections. Third, plaintiff's medical records were produced pursuant to the parties' agreement on a stipulation for a protective order. And fourth, all records were required to be produced to plaintiff's counsel first, and within a day or two of receipt plaintiff would approve production to defense counsel. In the event that defense counsel wished to share any medical records with in-house counsel, identification of the specific pages and permission of plaintiff's counsel was required.

3. Pursuant to the stipulation and authorization, approximately six volumes of medical records have been produced. All records were in 2005 and later. These records showed that plaintiff was not diagnosed with Narcolepsy until July 2005. All of the medical records relating the absences for which plaintiff was terminated – which occurred on dates between and including July 2005 and January 2006 – have been produced.

4. Since production of the medical records, I have had numerous discussions with defense counsel over Kaiser's request for an authorization for release of pre-2005 medical records. Not only has counsel insisted on medical records, but they have also sought highly confidential information regarding psychological and substance abuse counseling records that might exist pre-2005. Such information would be completely

1 irrelevant.  Plaintiff and his counsel believe this request is consistent with defendant's
2 scorched earth approach to litigating disability discrimination cases, and that it is nothing
3 more than a fishing expedition.  Defense counsel was informed of plaintiff's objections.
4     5. On July 29, 2008 – on the last day to hand-deliver discovery requests prior to
5 the close of non-expert discovery – defense counsel hand served a subpoena to Kaiser's
6 own medical legal secretary department, seeking pre-2005 medical records, including
7 confidential psychological counseling records.  Document production was set for August
8 15, 2008.  I was surprised to receive this subpoena, since it was clear that there was a
9 dispute between the parties for this information, and defendant had stated in its last case
10 management conference statement that this was a discovery dispute that would require
11 resolution by the Court.  During those 15 days for production, I was writing the letter
12 brief in this case on other discovery disputes, I had an appellate brief due in the Ninth
13 Circuit Court of Appeals, and I was required to leave town on August 13 to appear in the
14 Northern District of Illinois in a case I have pending there on August 14.  In addition, my
15 co-counsel – Chris Keller – was at that time in Massachusetts, where his mother is
16 currently hospitalized with a serious medical condition.
17     6. On August 13, prior to my departure from California, I left a message for Mr.
18 Martin regarding our objections, my absence from the office and my request that the
19 production of these confidential and sensitive medical records from before 2005 be held
20 until my return to the office.  That afternoon, Mr. Martin called me on my cell phone, and
21 we discussed the matter.  He refused to withdraw or limit the request for medical records.
22 He also refused to withdraw or limit the request for confidential counseling records.
23 When I asked him to hold off on production until this could be resolved by the Court,
24 informing him of both my and Mr. Keller's unavailability, Mr. Martin refused, stating
25 there was nothing in the rules that required him to cooperate on this request.
26     7. That Mr. Martin represents Kaiser in this case, which is also the producing
27 party, made it very difficult for me to figure out how to delay production until my return.
28 Normally, I would call the producing agent, or its counsel, if I have any objections to the

1    production of medical records.  In this case, Mr. Martin was an attorney representing
2    Kaiser, and he had already said he was going to refuse to delay production.
3         8.   While I was out of town, I made several phone calls to Kaiser in order to
4    inform it of our objection and request that the records not be released until this matter
5    was resolved by the Court.  Kaiser's medical legal secretary department told me that they
6    had no records of the subpoena request coming through that office.  Kaiser's medical
7    legal records department – that which normally copies records for such subpoenas – also
8    informed me that there was no record of the subpoena.  However, eventually, I was able
9    to contact Kaiser's "Medical Legal Affairs" department.  They informed me that they had
10   the records, the request and intended to produce the records until I informed them of
11   plaintiff's objections.  The person I spoke to at Kaiser agreed to take an email statement
12   of the objection, with a written letter confirming it upon my return.  Such a confirmation
13   was sent Tuesday, August 19.
14        9.   The issues to be presented in the motion are complex and I believe a letter brief
15   would be insufficient basis for hearing the matter.  In addition, plaintiff desires to have an
16   opportunity to reply to whatever opposition is posed by the defense.
17        10.  Six depositions are noticed to take place between now and August 29, the cut-
18   off for non-expert discovery in this case.  In addition, as disclosed in our previous reports,
19   plaintiff intends to file a dispositive motion, which is due September 5.  Mr. Keller is
20   expected back in California September 3.  I will be out of town September 6-11, and we
21   have a settlement conference in this case with Judge James scheduled for September 17.
22   In view of these facts, I believe I would be able to get a formal noticed motion regarding
23   this dispute on file no later than September 15.
24        I declare under penalty of perjury that the foregoing is true and correct of my own
25   knowledge.  Executed this 20th day of August, 2008.
26
27                                        /s/Jeremy L. Friedman
                                          Jeremy L. Friedman
28