# Jeremy L. Friedman
Attorney at Law

2801 Sylhowe Road
Oakland, CA 94602
510-530-9060 - Fax 530-9087

August 21, 2008

Hon. Susan Illston
United States District Court Judge
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

Re:   daRosa v. Kaiser Foundation Health Plan, Inc., Case No. 3:07-cv-03114-SI

Dear Judge Illston:

On August 7, 2008, plaintiff Fernando daRosa filed a letter brief regarding discovery disputes over Kaiser's production of documents in the above-referenced case. Yesterday, we also filed an *ex parte* motion for permission to file a noticed motion to quash or limit Kaiser's subpoena of irrelevant, confidential medical records from long before the events leading up to plaintiff's termination. As noted in the *ex parte* motion, to be included in the formal motion will be a request for sanctions against defense counsel for conduct during discovery in connection with that matter. Pursuant to your Standing Order, plaintiff hereby submits this second letter brief on another set of disputes over defendant's discovery conduct. With the discovery cut-off date (August 29) and the date for dispositive motions (September 5) fast approaching, plaintiff suggests that an oral argument or telephone conference on this matter might be particularly helpful.

**Refusal to Produce Witnesses Noticed for Deposition Pursuant to Rule 30(b)(6)**

The first issue presented here concerns Kaiser's refusal to produce witnesses with knowledge about its document retention and production, or timely respond to the notice for those depositions that was served June 11, 2008, and set for June 23, 2008. Despite repeated statements by defense counsel that they were looking into compliance with the notice, to date, Kaiser has refused to produce any of the deponents listed in that notice.

As stated in plaintiff's Case Management Conference statements, as well as in the prior letter brief, Mr. daRosa believes that key documents related to his employment and termination have either been withheld by Kaiser or destroyed. In fact, plaintiff's counsel previously confronted Kaiser's destruction of relevant evidence in a disability case, and

Hon. Susan Illston
*daRosa v. Kaiser Foundation Health Plan,* Case No. 3:07-cv-3114 SI
August 21, 2008
Page 2

won evidentiary sanctions in an order from the Alameda County Superior Court against Kaiser for that destruction. (Kaiser was represented by the same law firm here.) In our initial case management conference statement, plaintiff expressed concern that documents were being withheld or destroyed in this case. In Kaiser's portion of the initial case management statement, it represented that all efforts to preserve relevant records had been made. Yet, as pointed out in the previous brief, significant key records that no doubt at one time existed have not been produced.

To follow-up on these concerns, and as a preface to a more formal motion regarding destruction or withholding of relevant documents, plaintiff noticed Kaiser depositions pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, seeking to examine the managers or supervisors with the most knowledge of record retention and document production in this case. In the notice, plaintiff listed four specific and precise areas of knowledge: records of contacts with and between Human Resources regarding plaintiff; records pertaining to plaintiff's attendance and medical leaves; records maintained by plaintiff's former supervisor, Margie Roper; and telephone records relating to calls made and received by two key witnesses, Ms. Roper and Human Resources representative Frank Mellon.

Prior to the notice being served, plaintiff's counsel spoke with Kaiser's attorneys, and we agreed that the week of June 23 would be a time when all counsel would be available to conduct the Rule 30(b)(6) depositions. Plaintiff made it clear that he required the Rule 30(b)(6) depositions to occur *before* deposing the other percipient witnesses, including Roper, Mellon, Roper's former supervisor Ken Ayers, Human Resources supervisor Gail Kato, and Member Services employee Jocelyn Davila. Plaintiff served the Rule 30(b)(6) deposition notice on June 11 electronically and by mail.

On June 13, 2008, Kaiser's attorney – Jonathan Martin – informed plaintiff that Kaiser would be unable to comply on June 23, but he suggested the week of June 30. On June 20, plaintiff's counsel repeated the request for later in the week on June 23, but agreed also to do the depositions on June 30 and days that week, noting that we would have to move the other depositions which we had tentatively scheduled for that week. Counsel noted that if the depositions were not completed by June, there were some days in July, but it would push out the other witness depositions, which is not what plaintiff desired. Kaiser's counsel wrote back on June 24, vaguely stating that additional time was required, and suggesting that the parties should discuss the dates in July.

In July, Kaiser refused to produce any of the witnesses, despite Mr. Martin's representations. This problem was noted in plaintiff's separate Case Management Conference Statement filed on July 3. Yet, the entire month of July passed without word

Hon. Susan Illston
*daRosa v. Kaiser Foundation Health Plan,* Case No. 3:07-cv-3114 SI
August 21, 2008
Page 3

about the depositions. On July 24, counsel for both parties conferred again, and again Mr. Martin was vague about which witnesses would be produced and when. The call was very unpleasant for the undersigned counsel.

On August 5, plaintiff's counsel communicated with Mr. Martin again, asking for dates and identities. Mr. Martin wrote back that day, saying: "I am working on the depo dates." On August 8, plaintiff's counsel again wrote Kaiser's attorney, asking when the names and dates would be made known. On the same day, Mr. Martin wrote back: "I hope to have names and dates for the 30(b)(6) next week. I know I keep saying that. I'm trying." But the following week, Kaiser failed to identify or produce any witnesses.

On August 18, counsel wrote again inquiring about the Rule 30(b)(6) depositions, insisting that they occur before the other witnesses, who now had to be rescheduled until the last 10 days of the non-expert discovery period. Mr. Martin wrote back on August 19, but rather than providing the names and dates for the deponents, Kaiser's counsel indicated that we would have to proceed with the other witnesses before the Rule 30(b)(6) depositions, despite the fact that, for nearly two full months, the parties were supposed to be cooperating in producing the witnesses in the order noticed.

Yesterday, Mr. Martin confirmed that Kaiser had no intention of producing any Rule 30(b)(6) witnesses pursuant to the notice prior to the other depositions, or even prior to the discovery cut-off in this case, suggesting that they could be taken in September. Since the non-expert depositions by then will have been completed, and plaintiff's dispositive motion is due September 5, Kaiser's conduct in this regard seems designed to frustrate plaintiff's ability to complete discovery and present his case to the Court.

Although these matters should be worked out between cooperating counsel, it appears in this case that the Court's intervention is necessary. The Court should order Kaiser to comply with the deposition notice, sanction counsel for non-compliance, and provide plaintiff only with relief from the discovery cut-off and dispositive motion dates. In this regard, plaintiff notes that the original date for filing dispositive motions in this case was set 30 days before the opposition is due, on plaintiff's request, believing that defendant might file the dispositive motion. At that time, Mr. Martin suggested that no additional time should be provided to respond to any dispositive motion; but the Court granted plaintiff's counsel his request. Now, defendant should still file any dispositive motion it has by September 5, but plaintiff should be granted two additional weeks to complete non-expert discovery and file his dispositive motion in this case.

Hon. Susan Illston
*daRosa v. Kaiser Foundation Health Plan,* Case No. 3:07-cv-3114 SI
August 21, 2008
Page 4

**Defendant's Responses to Plaintiff's Requests for Admissions**

The second issue presented here concerns defendant's responses to plaintiff's requests for admissions. This issue too was noted in plaintiff's last Case Management Conference statement, and after a failed attempt to meet and confer with Mr. Martin about the subject, plaintiff feels it necessary to include the dispute in this letter brief.

In anticipation of the dispositive motion, plaintiff served defendant with a set of narrowly drawn requests for admissions about key facts in the case. For example, because medical records produced in the litigation shows that plaintiff's Kaiser physician – Dr. Frank Dustin – diagnosed plaintiff with Narcolepsy in July 2005 and ordered Mr. daRosa to take a medical leave from work, plaintiff asked that these facts be admitted. Defendant responded that it did not have sufficient knowledge or information, and so denied the requests. Similarly, although records produced by Kaiser to EEOC (but not separately in their own file in this litigation) contain medical documentation for Mr. daRosa's leave, Kaiser denied that it was notified of plaintiff's need for that medical leave. Plaintiff also asked Kaiser to admit to facts that were clear from the medical records produced in this case concerning dates of visits and orders for medical leave, but Kaiser denied these requests as well. Further, although Kaiser's own documentation shows that Ms. Roper gave plaintiff a first-level warning for attendance, listing dates plaintiff was ordered by his physician to be absent from work, Kaiser denied that Ms. Roper disciplined plaintiff on account of absences for which Kaiser had medical documentation. Further, although the records produced in discovery show undisputedly that Dr. Dustin took plaintiff off work for his Narcolepsy and gave Mr. daRosa medical documentation for that leave, Kaiser refused to admit to these facts.

Plaintiff contends that Kaiser and its attorneys do not comply with the letter, spirit or intent behind federal rules for Requests for Admission. Rather than fighting on every possible factual question that might exist in a discrimination case, federal rules require the parties to produce all relevant evidence and list all witnesses with knowledge up front, taking out some of the games that lawyers play in civil litigation. Similarly, plaintiff believes that a party is obligated to admit those facts which it knows to be true, even when it negatively impacts upon that party's case. Rather than fighting over questions that are not in dispute, the parties should be able to narrow the areas of inquiry based upon the facts of each case. Certainly, when one party intends to file a motion for summary judgment, that party should be able to use the Requests for Admissions to narrow the disputed issues and present to the Court a discussion of only genuine issues.

Undersigned counsel requested that Mr. Martin meet and confer with him about defendants' responses to the requests for admission, but Mr. Martin objected, saying that

Hon. Susan Illston
*daRosa v. Kaiser Foundation Health Plan,* Case No. 3:07-cv-3114 SI
August 21, 2008
Page 5

the rules did not require him to discuss defendants' responses unless plaintiff planned on bringing a motion. In this case, plaintiff does intend to bring a motion for "cost of proof sanctions" to the extent that he proves facts to which defendant refused admission. Plaintiff believes that it is the obligation of Kaiser's attorneys to discuss the requests and responses, and make sure there are good reasons for the denials, before bringing the motion for summary judgment that will prove non-admitted facts.

Plaintiff therefore asks that this Court order Kaiser's counsel to participate in a recorded or court reported conversation about plaintiff's requests for admission. Kaiser's attorneys should be directed to explain the basis for any denial or to state any justification for its refusal to admit, based upon the record at this time. Plaintiff intends to make that discussion part of the record either on the motion for summary judgment, or as part of the motion for cost-of-proof sanctions thereafter.

**Conclusion**

Plaintiff requests that the Court find Kaiser in violation of its obligations to reasonably and timely produce witnesses pursuant to Mr. daRosa's Rule 30(b)(6) deposition notice, and to meet and confer over plaintiff's requests for admission. Plaintiff requests that the Court order Kaiser to produce the witnesses for deposition and confer with plaintiff's counsel about admissions in a recorded conference. Plaintiff further requests that the Court extend by two weeks the time for plaintiff only to complete non-expert discovery and file any dispositive motion, without an extension of time for Kaiser's opposition. This should be without prejudice to plaintiff's right to request additional time or additional sanctions for good cause thereafter. Plaintiff also suggests that a hearing or telephone conference with the Court may be appropriate in this case.

        Respectfully submitted

        Jeremy L. Friedman, Esq.
        Christopher J. Keller, Esq.

        /s/Jeremy L. Friedman
        Jeremy L. Friedman
        Attorneys for plaintiff Fernando daRosa