Case 3:07-cv-03114-SI    Document 44-11    Filed 09/05/2008    Page 1 of 5

# Exhibit "J"

```
 1            UNITED STATES DISTRICT COURT IN AND FOR THE
 2                  NORTHERN DISTRICT OF CALIFORNIA
 3                             ---oOo---
 4    FERNANDO DAROSA,                          COPY
 5         Plaintiff,
 6    vs.                                No. C07-03114SI
 7    KAISER FOUNDATION HEALTH PLAN,
      INC.,
 8
           Defendants.
 9    _____/
10
11
12                   DEPOSITION OF MARGIE ROPER
13
14
15
16
17          Taken before KIMBERLY R. JENSEN, RPR
18                       CSR No. 12552
19                     August 28, 2008
20
21
22
23
24
25
```



Aiken Welch COURT REPORTERS

One Kaiser Plaza, Suite 505
Oakland, California 94612
Ph 510-451-1580
Fax 510-451-3797
www.aikenwelch.com

78

1  looking at the first page, you signed off on the first
2  page of this document on January 27th?
3       A.  Uh-huh.
4       Q.  Is that "yes"?
5       A.  Yes.
6       Q.  And on January 27th you made a personal action
7  request in connection with Mr. daRosa's termination,
8  looking at the third page?
9       A.  The third page is a fax cover sheet.
10      Q.  And it says that you were attaching a personal
11 action request?
12      A.  Okay.  Is that this form?  Oh, that's the
13 first form is the personal action request, so this is
14 the form I faxed on that day.
15      Q.  In the third page, the fax cover, it says,
16 "Re:  Same-day termination."  Was this a same-day
17 termination for Mr. daRosa?
18      A.  Uh-huh.
19      Q.  I'm sorry.  Needs to be verbal.
20      A.  Yes.
21      Q.  And on the last page it states, "Involuntary
22 termination, job abandonment, no show, no call, January
23 25th, 26th, 27th, 2006.  Previous attendance issues,
24 which were discussed with employee."
25           Did you write that?

1  A. Yes, I did.

2  Q. And were those the reasons for Mr. daRosa's
3  termination?

4  A. Yes, they were.

5  Q. Were there any other reasons for his
6  termination?

7  A. No.

8  Q. When you said previous attendance issues which
9  were discussed, which issues were those?

10  A. That would be referencing the memo of December
11  7th.

12  Q. Anything else?

13  MR. MARTIN: Well, objection. Vague and
14  ambiguous as to the term "anything else."

15  THE WITNESS: I don't know what you mean. As
16  mentioned before, I've talked -- I had previously had
17  other occasions that I talked with Mr. daRosa regarding
18  his attendance. December 7th was not the only day.
19  BY MR. FRIEDMAN:

20  Q. Was the other occasions after December 7th or
21  before?

22  A. Before.

23  Q. Did you have any discussions with Mr. daRosa
24  after December 7th in connection with his attendance?

25  A. I probably did. I probably did.

Aiken & Welch Reporters    M. Roper    8/28/08

113

STATE OF CALIFORNIA  )
                     )
COUNTY OF ALAMEDA    )

I, KIMBERLY R. JENSEN, do hereby certify:

That MARGIE ROPER, in the foregoing deposition named, was present and by me sworn as a witness in the above-entitled action at the time and place therein specified;

That said deposition was taken before me at said time and place and was taken down in shorthand by me, a Certified Shorthand Reporter of the State of California, and was thereafter transcribed into typewriting;

And that the foregoing transcript constitutes a full, true, and correct report of said deposition and of the proceedings that took place.

IN WITNESS WHEREOF, I have hereunder subscribed my hand this 3rd day of September 2008.

*[signature]*

KIMBERLY R. JENSEN, RPR, CSR No. 12552
State of California