Exhibit "L"

```
1  JEREMY L. FRIEDMAN, CA Bar No. 142659
   Attorney At Law
2  2801 Sylhowe Road
   Oakland, CA 94602
3  Telephone: (510) 530-9060
   Facsimile: (510) 530-9087
4
   Attorney for plaintiff Fernando daRosa
5
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO DAROSA, | Case No. 3:07-cv-03114-SI |
| Plaintiff, | |
| vs. | **PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES** |
| KAISER FOUNDATION HEALTH PLAN, INC. | |
| Defendant. | |

Pursuant to Rule 26(a)(1), plaintiff makes the following initial disclosures:

**A.   Witnesses.** At this time, plaintiff can identify the following persons who may be called to trial as witnesses in this case.

1. Fernando daRosa
   22261 Main Street
   Hayward, CA 94541
   Plaintiff

2. Margie Roper
   Address known to defendant
   Former Kaiser supervisor, at the time of termination.

3. Frank Mellon
   Address known to defendant
   Kaiser Human Resources representative

4. Dr. Frank Dustin
   Kaiser Neurology
   3801 Howe Street
   Oakland, CA 94611
   Plaintiff's neurologist.

5. Anastacia Freitis
   Address same as plaintiff
   Plaintiff's girlfriend

6. Manuel daRosa
Address same as plaintiff
Plaintiff's father

7. Elmira daRosa
Address same as plaintiff
Plaintiff's mother

Plaintiff also states that any Kaiser employee, supervisor or manager who participated in the decision to terminate plaintiff, and those who received any communication or information regarding plaintiff's medical condition may also be called as witnesses at trial. Plaintiff is uncertain as to the identity of each individual, but will supplement this disclosure as their identities and knowledge of the facts of this case become known to plaintiff.

**B.    Documents**

1. Plaintiff's termination letter from Kaiser.

2. Medical documents from plaintiff's Kaiser physicians and health care providers concerning his condition and verifying visits.

3. Documents from plaintiff's personnel file, obtained from Kaiser after his termination. Kaiser is already in possession of these documents.

4. Documents obtained from the Equal Employment Opportunity Commission. If Kaiser is not already in possession of these documents, plaintiff will provide a copy.

5. Documents and disc containing audio transcript of testimony from Unemployment Insurance case. If Kaiser is not already in possession of these documents, plaintiff will provide a copy.

6. Documents related to plaintiff's previously owned automobile and its repossession.

Plaintiff also states that any document identified by defendant or disclosed in this litigation in discovery may be used at trial. Plaintiff further states that additional records obtained from plaintiff's medical care providers or employment applications in this litigation may also be used at trial.

Plaintiff's Rule 26(a)(1) Initial Disclosures – Case No. 3:07-cv-03114-BZ – Page 2

### C. Computation of Damages

Plaintiff seeks compensatory and punitive damages, as well as an award of attorneys' fees. At this early stage in the litigation, without discovery and the opportunity to develop any expert analysis, plaintiff is unable to provide specific calculations as to the amounts.

Nevertheless, plaintiff states that his compensatory damages will include economic and non-economic losses. For economic losses, plaintiff will seek past lost wages, calculated at the amount of plaintiff's salary, plus the value of his benefits, minus any employment earnings he has obtained since the date of his termination, calculated to the date of judgment. Although plaintiff has made numerous job applications, he has been unable to obtain any employment income to date. Plaintiff also seeks pre-judgment interest on any lost wage award. In addition, plaintiff will be entitled to an award of "front pay" calculated at the differential between what Mr. daRosa is likely to make in the future and what he would have made had he not been terminated on the basis of discrimination. Such front pay should be calculated at present-day values (at the time of trial) for a reasonable number of years into the future, according to the proof submitted to the jury at trial.

For non-economic losses, plaintiff will seek compensation for emotional distress, psychological injury, embarrassment, and loss of enjoyment of life. The amount of such damages will be determined according to the proof submitted at trial.

Plaintiff will also seek punitive damages in an amount that has a reasonable relationship to the amount of compensatory damages, but is high enough to serve as an example for this employer and other similar large employers to protect against the intentional discrimination that he claims resulted in this case. That determination will be made by the jury in light of the evidence submitted at trial.

### D. Insurance

Not applicable.

1 | Dated: November 15, 2007

*[signature]*
Jeremy L. Friedman
Attorney for plaintiff Fernando daRosa

Plaintiff's Rule 26(a)(1) Initial Disclosures – Case No. 3:07-cv-03114-BZ – Page 4

# PROOF OF SERVICE

Case: <u>Fernando daRosa v. Kaiser Foundation Health Plan</u>, Case No: 3:07-cv-03114-SI

UNITED STATES DISTRICT COURT )
) SS
NORTHERN DISTRICT OF CALIFORNIA )

I have an office in this district. I am over the age of eighteen years and not a party to the within entitled action. My business address is 2801 Sylhowe Road, Oakland, CA, 94602.

I declare that on this day I served a copy of:

**Plaintiff's Rule 26(a)(1) Disclosures**

by U.S. Mail and electronic mail, to:

> Jonathan D. Martin
> Seyfarth Shaw, LLP
> 560 Mission Street, Suite 3100
> San Francisco, CA 94105-2930

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed at Oakland, California, this 15th day of November, 2007.

<u>Jeremy L. Friedman</u>
(signature)