JEREMY L. FRIEDMAN, CA Bar No. 142659
Attorney At Law
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510) 530-9060
Facsimile: (510) 530-9087
jlfried@comcast.net

KELLER LAW, PC
CHRISTOPHER J. KELLER, ESQ. (SBN 178491)
One Market Street, Spear Tower, 36th Floor
San Francisco, CA  94105
Telephone:  (415) 293-7805
Facsimile:   (415) 203-8001
ckeller@kellerlawpc.com

Attorneys for plaintiff Fernando daRosa

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FERNANDO DAROSA,<br><br>  Plaintiff,<br><br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.<br><br>  Defendant.<br><br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:07-cv-03114-SI<br><br>**DECLARATION OF COUNSEL OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:  October 31, 2008<br>Time: 9:00 a.m.<br>Crtrm: Hon. Susan Illston |

I, Jeremy L. Friedman, declare and state:

1. I am one of the attorneys for plaintiff in this action.  I make the following declaration in support of the motion for partial summary judgment based upon my own personal knowledge.  If called as a witness, I would and could testify to the following.

2. Attached hereto as Pl.'s Exhs. 1 and 2 are true and accurate copies of excerpts of the deposition reporter's transcript for Dr. Frank Dustin, plaintiff's neurologist, taken during discovery in this case.

3.  Attached hereto as Pl.'s Exh. 3 is a true and accurate copy of excerpts of the deposition reporter's transcript for Margie Roper, plaintiff's supervisor at the time of his termination, taken during discovery in this case.

4.  Attached hereto as Pl.'s Exh. 4 is a true and accurate copy of excerpts of the deposition reporter's transcript for Ken Ayers, Ms. Roper's manager at the time of plaintiff's termination, taken during discovery in this case.

5.  Attached hereto as Pl.'s Exh. 5 is a true and accurate copy of excerpts of the deposition reporter's transcript for Frank Mellon, Human Resources consultant at the time of plaintiff's termination, taken during discovery in this case.

6.  Attached hereto as Pl.'s Exh. 6 is a true and accurate copy of excerpts of the deposition reporter's transcript for Gail Kato, Mr. Mellon's supervisor and practice leader in the Human Resources department at the time of plaintiff's termination, taken during discovery in this case.

7.  Attached hereto as Pl.'s Exh. 7 is a true and accurate copy of excerpts of the deposition reporter's transcript for Anastasia Freitas, plaintiff's fiancee, taken during discovery in this case.

8.  Attached hereto as Pl.'s Exh. 8 is a true and accurate copy of a work slip, or VOT, for plaintiff's initial leave of absence, dated July 6, 2005.  This document was produced from plaintiff's medical records and disclosed during discovery in this case.

9.  Attached hereto as Pl.'s Exh. 9 is a true and accurate copy of two work slips extending Mr. daRosa's leave to September 6, 2005.  These pages were attached as an exhibit to a letter from Kaiser to EEOC in October 2006, in response to plaintiff's administrative claim, and were produced during discovery in this case.  Defendant has never produced the full copy of these records (with the back side), has never produced the file from which the attachment was obtained, in the form that it was maintained, and has never produced Ms. Roper's supervisory file.

10.  Attached hereto as Pl.'s Exh. 10 is a true and accurate copy of a mater record of activity on plaintiff's personnel file, produced by defendant during discovery.

1    11.  Attached hereto as Pl.'s Exh. 11 is a true and accurate copy of all Khrmit print

2    screens produced by defendant during discovery in this case.  Prior to the litigation, and

3    in discovery, plaintiff requested copies of the Khrmit print screens or other data that

4    related to this case, and in particular any entry in July to September 2005 related to

5    plaintiff's leave of absence for his Narcolepsy.  As can be seen by comparing this

6    document to Pl.'s Exh. 10, defendant or its lawyers purposefully produced every set of

7    print screens for entries that read: "This case has migrated from Khrmit" *except* an entry

8    for August 19, 2005.  I have made repeated requests of Kaiser's counsel to produce those

9    records in this case, but they have refused to do so.

10    12.  Attached hereto as Pl.'s Exh. 12 is a true and accurate copy of the December

11    7, 2005, disciplinary warning memo that Ms. Roper gave to plaintiff.   A copy of this

12    document has been produced in this litigation.

13    13.  Attached hereto as Pl.'s Exh. 13 is a true and accurate copy of the January 24,

14    2006 VOT from Dr. Dustin placing plaintiff on medical leave beginning January 25,

15    2006.  This document was obtained from plaintiff's medical records and was produced

16    during discovery in this case.

17    14.  Attached hereto as Pl.'s Exh. 14 is a true and accurate copy of the

18    confirmation of the fax of Pl.'s Exh. 13 on January 25, 2006, at 8:48 a.m.  This copy of

19    the document was delivered by plaintiff to Mr. Mellon pursuant to his request on July 31,

20    2006, and was produced by defendant during discovery in this case.

21    15.  Attached hereto as Pl.'s Exh. 15 is a true and accurate copy of the received

22    fax Pl.'s Exh. 13 on January 25, 2006, with a note directing it to Ms. Roper by Josephine

23    Davila, a representative in Member Services.  This document was attached as an exhibit

24    to EEOC by Kaiser's attorneys in October 2006, in response to plaintiff's administrative

25    complaint.  Although Kaiser has produced in discovery a copy of this attachment, it has

26    never produced the document in the file from which it was obtained, in the manner in

27    which it was maintained; nor has it ever produced Ms. Roper's supervisory files in this

28    case.

16. Attached hereto as Pl.'s Exh. 16 is a true and accurate copy of documents relating to plaintiff's termination, on or about January 27, 2006. During deposition, Ms. Roper testified that she created these documents in connection with plaintiff's termination, and they were produced by defendant during discovery in this case.

17. Attached hereto as Pl.'s Exh. 17 is a true and accurate copy of documents relating to plaintiff's administrative claim for disability benefits and unemployment insurance benefits. These documents were produced by defendant during discovery in this case, and they show notice of the two administrative claims to Kaiser in March and May, 2006, respectively.

18. Attached hereto as Pl.'s Exh. 18 is a true and accurate copy of a string of email communications dated July and August 2006 between Kaiser employees – primarily Human Resources employees Kato and Mellon – regarding plaintiff's efforts to regain his efforts to regain his job and his previous conversations with Mr. Mellon in February and March, 2006. These emails were produced by defendant during discovery in this case.

19. Attached hereto as Pl.'s Exh. 19 is a true and accurate copy of documents relating to plaintiff's administrative claim with the EEOC, asserting disability discrimination and denial of medical leave. These documents were produced by defendant during discovery in this case, and they show notice of the administrative claim to Kaiser in April, 2006.

I declare under penalty of perjury of the laws of the United States and California that the foregoing is true and correct. Executed this 5 day September, 2008.


/s/Jeremy L. Friedman
Jeremy L. Friedman