KELLER LAW, PC
CHRISTOPHER J. KELLER, SBN 178491
595 Market Street, Suite 2360
San Francisco, CA 94105
(415) 357-2086 (tel.)
(415) 974-6433 (fax)
ckeller@kellerlawpc.com

JEREMY L. FRIEDMAN, CA Bar No. 142659
Attorney at Law
2801 Sylhowe Road
Oakland, California 94602
Telephone: (510) 530-9060
Facsimile: (510) 530-9087

Attorneys for plaintiff Fernando daRosa

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO DAROSA,<br><br>      Plaintiff,<br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.<br><br>      Defendant. | Case No. 3:07-cv-03114-SI<br><br>**PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO FILE DISCOVERY MOTION BY SEPTEMBER 15, 2008** |

1  Pursuant to the Court's standing Case Management Conference order, and under Civil
2  Local Rules 7-1(a)(3) and 7-10, plaintiff Fernando daRosa ("daRosa") hereby moves the Court
3  for permission to file its formal noticed discovery motion addressing all of plaintiff's outstanding
4  discovery issues by September 15, 2008.
5  On August 25, 2008, the Court signed and entered the Order Granting Leave to File Formal
6  Noticed Motion Re: Subpoena of Pre-2005 Medical Records (August 25th Order") requested by
7  daRosa. (Declaration of Christopher J. Keller In Support of Plaintiff's *Ex Parte* Motion For
8  Leave to File Discovery Motion No Later Than September 15, 2008, "Keller Decl.", Ex. A.) The
9  August 25th Order is silent as to the date by which the motion must be filed. (Keller Decl., Ex.
10 B.)
11
12 Paragraph 10 of the Declaration of Jeremy submitted in support of DaRosa's *ex parte*
13 Motion that sought the August 25th Order stated that daRosa could have the formal noticed
14 motion regarding all of daRosa's discovery issues on file by September 15, 2008. Because the
15 Court granted daRosa's motion, and did not order to the contrary, daRosa's counsel assumes the
16 Court meant that daRosa could file his motion addressing all discovery issues no later than
17 September 15, 2008. DaRosa also filed a further letter brief on August 21, 2008, after he had
18 filed the *ex parte* motion seeking the August 25th Order. The Clerks notice issued with the
19 August 25th Order stated that the letter briefs will not be ruled on. Therefore, daRosa assumes
20 that the issues addressed in the letter brief may be included in the formal discovery motion.
21
22 The deadline to file discovery motions pursuant to Civil Local Rule 26-2 is Wednesday,
23 September 10, 2008.
24
25 DaRosa hereby submits this motion to clarify that he may file his formally noticed
26 discovery motion, which the Court has allowed him to do pursuant to the August 25th Order,
27 addressing all his discovery issues by September 15, 2008, the date stated in Paragraph 10 of the
28

Declaration of Jeremy Friedman.

This motion is based on the statements made herein and the attached declaration.

DATED: September 9, 2008                          **KELLER LAW, PC**


/s/ Christopher J. Keller
Christopher J. Keller
Attorney for plaintiff Fernando daRosa

## DECLARATION OF CHRISTOPHER J. KELLER

I, Christopher J. Keller, declare and state:

1. I am one of the attorneys for plaintiff Fernando daRosa in this matter. I make this declaration in support of plaintiff's *ex parte* motion for leave to file discovery motion by September 15, 2008 based upon my own knowledge. If called as a witness, I would and could testify competently to the following.

2. Attached hereto as **Exhibit A** is a true and correct copy of the Court's August 25, 2008 Order.

3. Attached hereto as **Exhibit B** is a true and correct copy of the Declaration of Jeremy L. Friedman in support of plaintiff's motion for leave to file a formal discovery motion.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed this 9th day of September, 2008.

/s/ Christopher J. Keller
Christopher J. Keller

# EXHIBIT A

1  JEREMY L. FRIEDMAN, CA Bar No. 142659
   Attorney At Law
2  2801 Sylhowe Road
   Oakland, CA 94602
3  Telephone: (510) 530-9060
   Facsimile: (510) 530-9087
4
   KELLER LAW, PC
5  CHRISTOPHER J. KELLER, ESQ. (SBN 178491)
   One Market Street, Spear Tower, 36th Floor
6  San Francisco, CA 94105
   Telephone: (415) 293-7805
7  Facsimile:  (415) 203-8001
   ckeller@kellerlawpc.com
8
   Attorneys for plaintiff Fernando daRosa
9
                    UNITED STATES DISTRICT COURT
10
                    NORTHERN DISTRICT OF CALIFORNIA
11
   FERNANDO DAROSA,              )   Case No. 3:07-cv-03114-SI
12                               )
        Plaintiff,                )
13                               )   [PROPOSED] ORDER GRANTING
   vs.                           )   LEAVE TO FILE FORMAL
14                               )   NOTICED MOTION RE
   KAISER FOUNDATION HEALTH      )   SUBPOENA OF PRE-2005
15 PLAN, INC.                    )   MEDICAL RECORDS
                                 )
16      Defendant.                )
                                 )
17                               )
                                 )
18 ─────────────────────────────

     Pursuant to the *ex parte* motion of plaintiff Fernando daRosa, and for good cause
19
   showing, plaintiff is hereby granted leave to file a formal noticed discovery motion
20
   regarding the dispute over defendant's subpoena of plaintiff's pre-2005 medical and
21
   psychological counseling records.
22
   IT IS SO ORDERED
23
   Dated: August __, 2008            _____
24                                   Susan Illston
                                     United States District Court Judge
25

26

27

28

[proposed] Order re Leave to File Disc. Mot. -- Case No. 3:07-cv-03114-SI – Page 1

**EXHIBIT B**

**DECLARATION OF COUNSEL**

I, Jeremy L. Friedman, declare and state:

1. I am one of the attorneys for plaintiff Fernando daRosa in this matter. I make this declaration in support of plaintiff's *ex parte* motion for leave to file a formal discovery motion based upon my own knowledge. If called as a witness, I would and could testify competently to the following.

2. Prior to the ENE in this case, I engaged in numerous discussions with counsel for Kaiser, Jonathan Martin, at Seyfarth Shaw, concerning plaintiff's medical records. To assist in the production of records prior to the ENE, plaintiff agreed to sign a release for medical records, so long as certain requirements were met. First, since plaintiff was not diagnosed with Narcolepsy until July 2005, plaintiff insisted that the medical records be limited to 2005 and after. Second, plaintiff's agreement to the authorization was not to constitute a waiver of any privacy objections. Third, plaintiff's medical records were produced pursuant to the parties' agreement on a stipulation for a protective order. And fourth, all records were required to be produced to plaintiff's counsel first, and within a day or two of receipt plaintiff would approve production to defense counsel. In the event that defense counsel wished to share any medical records with in-house counsel, identification of the specific pages and permission of plaintiff's counsel was required.

3. Pursuant to the stipulation and authorization, approximately six volumes of medical records have been produced. All records were in 2005 and later. These records showed that plaintiff was not diagnosed with Narcolepsy until July 2005. All of the medical records relating the absences for which plaintiff was terminated – which occurred on dates between and including July 2005 and January 2006 – have been produced.

4. Since production of the medical records, I have had numerous discussions with defense counsel over Kaiser's request for an authorization for release of pre-2005 medical records. Not only has counsel insisted on medical records, but they have also sought highly confidential information regarding psychological and substance abuse counseling records that might exist pre-2005. Such information would be completely

1  irrelevant. Plaintiff and his counsel believe this request is consistent with defendant's
2  scorched earth approach to litigating disability discrimination cases, and that it is nothing
3  more than a fishing expedition. Defense counsel was informed of plaintiff's objections.
4      5. On July 29, 2008 – on the last day to hand-deliver discovery requests prior to
5  the close of non-expert discovery – defense counsel hand served a subpoena to Kaiser's
6  own medical legal secretary department, seeking pre-2005 medical records, including
7  confidential psychological counseling records. Document production was set for August
8  15, 2008. I was surprised to receive this subpoena, since it was clear that there was a
9  dispute between the parties for this information, and defendant had stated in its last case
10  management conference statement that this was a discovery dispute that would require
11  resolution by the Court. During those 15 days for production, I was writing the letter
12  brief in this case on other discovery disputes, I had an appellate brief due in the Ninth
13  Circuit Court of Appeals, and I was required to leave town on August 13 to appear in the
14  Northern District of Illinois in a case I have pending there on August 14. In addition, my
15  co-counsel – Chris Keller – was at that time in Massachusetts, where his mother is
16  currently hospitalized with a serious medical condition.
17      6. On August 13, prior to my departure from California, I left a message for Mr.
18  Martin regarding our objections, my absence from the office and my request that the
19  production of these confidential and sensitive medical records from before 2005 be held
20  until my return to the office. That afternoon, Mr. Martin called me on my cell phone, and
21  we discussed the matter. He refused to withdraw or limit the request for medical records.
22  He also refused to withdraw or limit the request for confidential counseling records.
23  When I asked him to hold off on production until this could be resolved by the Court,
24  informing him of both my and Mr. Keller's unavailability, Mr. Martin refused, stating
25  there was nothing in the rules that required him to cooperate on this request.
26      7. That Mr. Martin represents Kaiser in this case, which is also the producing
27  party, made it very difficult for me to figure out how to delay production until my return.
28  Normally, I would call the producing agent, or its counsel, if I have any objections to the

Pl.'s *Ex Parte* Mot. re Leave to File Disc. Mot. -- Case No. 3:07-cv-03114-SI – Page 4

1  production of medical records. In this case, Mr. Martin was an attorney representing
2  Kaiser, and he had already said he was going to refuse to delay production.

3      8. While I was out of town, I made several phone calls to Kaiser in order to
4  inform it of our objection and request that the records not be released until this matter
5  was resolved by the Court. Kaiser's medical legal secretary department told me that they
6  had no records of the subpoena request coming through that office. Kaiser's medical
7  legal records department – that which normally copies records for such subpoenas – also
8  informed me that there was no record of the subpoena. However, eventually, I was able
9  to contact Kaiser's "Medical Legal Affairs" department. They informed me that they had
10 the records, the request and intended to produce the records until I informed them of
11 plaintiff's objections. The person I spoke to at Kaiser agreed to take an email statement
12 of the objection, with a written letter confirming it upon my return. Such a confirmation
13 was sent Tuesday, August 19.

14     9. The issues to be presented in the motion are complex and I believe a letter brief
15 would be insufficient basis for hearing the matter. In addition, plaintiff desires to have an
16 opportunity to reply to whatever opposition is posed by the defense.

17     10. Six depositions are noticed to take place between now and August 29, the cut-
18 off for non-expert discovery in this case. In addition, as disclosed in our previous reports,
19 plaintiff intends to file a dispositive motion, which is due September 5. Mr. Keller is
20 expected back in California September 3. I will be out of town September 6-11, and we
21 have a settlement conference in this case with Judge James scheduled for September 17.
22 In view of these facts, I believe I would be able to get a formal noticed motion regarding
23 this dispute on file no later than September 15.

24     I declare under penalty of perjury that the foregoing is true and correct of my own
25 knowledge. Executed this 20th day of August, 2008.

26

27                             /s/Jeremy L. Friedman
                                 Jeremy L. Friedman
28