# SEYFARTH SHAW LLP
### ATTORNEYS

560 Mission Street, Suite 3100

San Francisco, California 94105

(415) 397-2823

fax (415) 397-8549

www.seyfarth.com

Writer's direct phone

(415) 544-1022

Writer's e-mail

amcnaught@seyfarth.com

September 10, 2008

The Honorable Susan Illston
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

  Re: <u>Fernando daRosa v. Kaiser Foundation Health Plan, Inc.</u>
    Case No. C07-3114 SI

Dear Judge Illston:

  In connection with the above referenced matter, defendant Kaiser Foundation Health Plan, Inc. ("Defendant" or "Kaiser") submits this letter brief in support of its motion to compel further responses to its First Set of Special Interrogatories to plaintiff Fernando DaRosa ("Plaintiff").

## <u>Special Interrogatories</u>

  Kaiser served its First Set of Special Interrogatories on Plaintiff on July 30, 2008. A copy of those interrogatories is attached as Exhibit A. Plaintiff served responses on August 29, 2008. A copy of Plaintiff's responses is attached as Exhibit B. Some of Plaintiff's responses are deficient, and Kaiser seeks an order from this Court compelling supplemental responses to those interrogatories. Kaiser's counsel sent Plaintiff's counsel a meet and confer letter on September 8, 2008 pointing out that, pursuant to the Court's scheduling order and Civil Local Rule 26-2, Wednesday, September 10, 2008 is the last day for the parties to file motions to compel fact discovery. A copy of that letter is attached hereto as Exhibit C. Defendant received no response from either one of Plaintiff's two lawyers handing this case by 5:00 p.m. on this date. Accordingly, Kaiser had no choice but to file this letter brief seeking a Court order compelling further responses, as set forth below.

  As an initial matter, Plaintiff failed to provide a verification for his responses as required by F.R.C.P. Rule 33(b)(3). Kaiser requests that the Court order Plaintiff to comply with F.R.C.P. Rule 33(b)(3) and provide a verification for the responses previously provided, and for any supplemental responses the Court may order.

  Interrogatory Nos. 1-3 seek information regarding each landline telephone number Plaintiff had from January 1, 2006 until the date he filed this lawsuit. Over a number of objections, Plaintiff provided a telephone number, but one that was contains an obvious typographical error. The

BRUSSELS WASHINGTON, D.C. SAN FRANCISCO SACRAMENTO NEW YORK LOS ANGELES HOUSTON CHICAGO BOSTON ATLANTA



number provided has an extra digit – "(510) 538-43778." Kaiser has no way of knowing which of the last 5 digits is incorrect. Thus, this telephone number, and Plaintiff's responses to these three interrogatories, are meaningless. Kaiser requests that the Court order Plaintiff to supplement his responses to Interrogatory Nos. 1-3 to provide the correct telephone number.

Interrogatory Nos. 7-9 inquire as to Plaintiff's practices regarding retention of his telephone records/bills. Plaintiff has refused to respond to each of these interrogatories, citing a number of baseless objections. Interrogatory Nos. 7 and 8 ask that Plaintiff describe those practices (or lack thereof), and for the dates he followed or employed such practices or procedures. Interrogatory No. 9 asks whether Mr. DaRosa has discarded or destroyed any telephone records since January 1, 2006, and if so, to identify them. Not one of Plaintiff's boilerplate objections has any merit. None of these three interrogatories is overbroad, unduly burdensome, nor are they vague or ambiguous. Rather, the time frame is properly limited, and the interrogatories seek very basic and straightforward information to which Plaintiff should be able to easily respond.

Plaintiff's relevance objection is entirely misplaced. The information sought by these interrogatories regarding Plaintiff's telephone records is highly relevant to claims and defenses in the case, and to Plaintiff's credibility. Whether Plaintiff made or received certain telephone calls to or from Kaiser during the time period indicated is a key issue in this case. Indeed, Mr. DaRosa testified in his declaration supporting his recently filed motion for partial summary judgment that on January 25, 2006 "I called Ms. Roper in the morning to talk to her about the doctor ordering me off work, but she did not answer and I left her a message. I never received a return call." (DaRosa Decl., ¶ 11:10-12). Mr. DaRosa further testified in his declaration "I tried to reach Ms. Roper that day and over the following days, but was unable to talk to her; and she did not return my phone calls." (DaRosa Decl., ¶ 12:22-24). Kaiser disputes Plaintiff's testimony in this regard. Ms. Roper, Plaintiff's former supervisor, has testified in deposition directly contrary to Plaintiff's claims as to the calls he supposedly placed and did or did not receive from her. Quite obviously, the information regarding his telephone records sought by these interrogatories is directly relevant to these issues, as well as to his credibility. Plaintiff's telephone records may demonstrate whether he in fact placed and/or received the calls he has now testified under oath he did. Plaintiff's relevance objection is thus wholly unfounded.

Plaintiff's refusal to respond to Interrogatory No. 9, which inquires whether he has destroyed any telephone records during the relevant time period, is particularly duplicitous given the unfounded assertions Plaintiff has made throughout the litigation accusing Kaiser of destroying records. If Plaintiff destroyed telephone records which would disprove his sworn testimony regarding calls to Kaiser he purportedly placed and/or received during the first six months of 2006, that is extremely relevant information which Kaiser has a right to know, as it severely undercuts Plaintiff's disability discrimination and failure to accommodate claims in this case, as well as his credibility. Rule 26 permits discovery of information which may simply relate to the credibility of a party, witness, or other evidence in the case. *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 603 (C.D.Cal. 1995), citing Schwarzer, Tashima & Wagstaff, *California Practice Guide: Federal Civil Procedure Before Trial*, § 11.21 (1994 revised). Thus, "discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995); *Oakes v. Halverson Marine Ltd.*, 179 FRD 281, 284 ("Rule 26 . . .



permits the discovery of information which may simply relate to the *credibility* of a witness or other evidence in the case.") (emphasis in the original).  These interrogatories seek highly relevant information.

Plaintiff's privacy objections are similarly spurious.  The scope of discovery under the federal rules is extremely broad. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Plaintiff's assertions regarding his purported right to privacy in his practices and procedures related to his telephone records, and as to whether he destroyed relevant telephone records, are unsupported.  Plaintiff's privacy objections imply that the same right of privacy exists in how a person files, keeps, and/or destroys his telephone records as that which generally attaches to a person's medical or financial information.  That implication is absurd and unsupported by any legal authority.  The right of privacy under the California Constitution is a qualified right "subject to invasion depending upon the circumstances." *Ragge v. MCA/Universal Studios*, 165 F.R.D. at 604 (compelling discovery of personnel files of named parties and noting that even if personnel files are protected by the right of privacy, that right may be invaded for litigation purposes).  The determination of whether to allow a defendant access to a plaintiff's records is made by balancing the plaintiff's privacy rights with the defendant's right to defend against the claims brought by plaintiff.  *See Sirota v. Penske Truck Leasing Corp.*, 2006 WL 708910 (N.D. Cal.) (denying plaintiff's motion to quash subpoena served on two of plaintiff's former employers and *noting that as the initiator of lawsuit, plaintiff's privacy interest is vastly reduced*).[1]

Again, the information sought by these interrogatories is highly relevant to Plaintiff's claims for disability discrimination and failure to accommodate, and also to his credibility.  Kaiser's need for the information clearly outweighs any purported privacy rights (if any even exist) in disclosing how Plaintiff keeps/files his telephone records, and whether he has destroyed any of those records since January 1, 2006.  Accordingly, Kaiser requests that the Court order Plaintiff to provide full responses to Interrogatory Nos. 7-9.

Interrogatory No. 13 seeks information related to Plaintiff's use of illegal drugs.  Plaintiff has failed to provide any response to this interrogatory.  His objections are not well taken.  Kaiser is not aware of any legal authority establishing a privacy right in the use of illegal drugs.  Moreover, Plaintiff's deposition testimony makes clear that his use of, and prior convictions for, methamphetamine are highly relevant to his alleged disability (narcolepsy) and sleep-related issues.  Plaintiff's attempt to invoke his Fifth Amendment privilege in this context is misplaced.  A criminal defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege in a criminal matter.  *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1994).  The information sought by this interrogatory is highly relevant to Plaintiff's claimed disability, and is not otherwise protected.  Accordingly, Kaiser requests that the Court order Plaintiff to provide a full and complete response to Interrogatory No. 13.

---

[1] The California cases addressing the point are consistent with federal cases cited. *See Mendez v. Superior Court*, 206 Cal.App.3d 557, 566 (1998) (filing lawsuit implicitly waives privacy rights regarding issues in the case).  As the courts have recognized, Plaintiff "cannot have [his] cake and eat it too." *Fremont Indem. Co. v. Superior Court*, 137 Cal.App.3d 554, 557 (1982).



Lastly, Plaintiff's counsel should be sanctioned for completely failing to engage in the meet and confer process and for refusing to provide the supplemental responses requested. Despite the fact that Plaintiff has *two* attorneys representing him in this case, neither one bothered to respond to Kaiser's meet and confer letter, which their offices each received at approximately 12:30 p.m. on Monday, September 8, 2008. (Exhibit C). As of 5:00 p.m. on September 10, 2008, Kaiser's counsel has received no written or telephonic response to the meet and confer letter from either of Plaintiff's attorneys, thus necessitating the filing of this motion. Despite refusing to respond to Kaiser's meet and confer letter, Plaintiff's counsel somehow found the time to prepare and file an "*Ex Parte* Motion for Leave to File a Noticed Discovery Motion by September 15, 2008" yesterday, Tuesday, September 9, 2008.

For all of the above reasons, Defendant requests that the Court grant its motion to compel supplemental responses to its First Set of Special Interrogatories, as set forth herein, and sanction Plaintiff's counsel for its abuse of the spirit and the letter of the discovery rules.

Sincerely,

SEYFARTH SHAW LLP

Andrew M. McNaught

AMM/dlc

# EXHIBIT A

SEYFARTH SHAW LLP
Dana L. Peterson (SBN 178499) dpeterson@seyfarth.com
Jonathan D. Martin (SBN 188744) jmartin@seyfarth.com
Andrew M. McNaught (SBN 209093) amcnaught@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
KAISER FOUNDATION HEALTH PLAN, INC.

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO DAROSA, | Case No. C07-03114 SI |
| Plaintiff, | **DEFENDANT'S INTERROGATORIES TO PLAINTIFF, SET ONE** |
| v. | |
| KAISER FOUNDATION HEALTH PLAN, INC., | |
| Defendant. | |

PROPOUNDING PARTY:    Defendant KAISER FOUNDATION HEALTH PLAN, INC.

RESPONDING PARTY:    Plaintiff FERNANDO DAROSA

SET NUMBER:    One (1)

Defendant KAISER FOUNDATION HEALTH PLAN, INC. ( "Defendant" or "KFHP"), pursuant to Federal Rule of Civil Procedure 33, hereby requests that Plaintiff FERNANDO DAROSA ("Plaintiff") answer the following interrogatories within thirty (30) days of service hereof, under oath.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State each landline telephone number you had from January 1, 2006 until the date you filed this lawsuit.

**INTERROGATORY NO. 2:**

For each telephone number you identified in your response to Interrogatory No. 1, state the name of the telephone company/carrier.

**INTERROGATORY NO. 3:**

For each telephone number you identified in your response to Interrogatory No. 1, state the starting and ending dates that you had that number.

**INTERROGATORY NO. 4:**

State each cellular/mobile telephone number you had from January 1, 2006 until the date you filed this lawsuit.

**INTERROGATORY NO. 5:**

For each telephone number you identified in your response to Interrogatory No. 4, state the name of the telephone company/carrier.

**INTERROGATORY NO. 6:**

For each telephone number you identified in your response to Interrogatory No. 4, state the starting and ending dates that you had that number.

**INTERROGATORY NO. 7:**

State any and all practices and procedures you have had, from January 1, 2006 to the present, with respect to the retention of bills/invoices for any telephone service you have had.

**INTERROGATORY NO. 8:**

For each practice/procedure set forth in your response to Interrogatory No. 7, state the starting and ending dates that you followed that practice/procedure.

**INTERROGATORY NO. 9:**

If you have discarded any of your telephone bills/invoices since January 1, 2006, state which bills/invoices you have discarded (identifying them by date, carrier and telephone number) and the date(s) you did so.

**INTERROGATORY NO. 10:**

If you have ever received a commercial driver's license in the state of California, state the class of commercial license you received and the date you received it.

2

1   **INTERROGATORY NO. 11:**

2     If you have had any restriction on any driver's license you have had, for each restriction

3   state the restriction and the date(s) the restriction was in place.

4   **INTERROGATORY NO. 12:**

5     If you drove a car between January 24, 2006 and April 30, 2006, state how often you did

6   so.

7   **INTERROGATORY NO. 13:**

8     If you have used an illegal drug on any occasion since January 1, 2006, for each such

9   occasion state the date, the drug used, and the amount used.

10  DATED: July 30, 2008        SEYFARTH SHAW LLP

11

12              By _____
               Jonathan D. Martin

13              Attorneys for Defendant

14              KAISER FOUNDATION HEALTH PLAN, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28  SF1 28330411.1

DEFENDANT'S INTERROGATORIES TO PLTF., SET ONE – CASE NO. C07-03114 SI

# PROOF OF SERVICE

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105. On July 30, 2008, I served the within documents:

## DEFENDANT'S INTERROGATORIES TO PLAINTIFF, SET ONE

☐   I sent such document from facsimile machine (415) 397-8549 on July 30, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☒   by having Wheels of Justice personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Jeremy L. Friedman
Attorney at Law
2801 Sylhowe Road
Oakland, California 94602
Telephone:   (510) 530-9060
Facsimile:   (510) 530-9087

Christopher J. Keller
Keller Law, PC
One Market Street, Spear Tower, 36th Floor
San Francisco, CA 94105
Telephone: (415) 293-7805
Facsimile:  (415) 293-8001

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

     I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

     Executed on July 30, 2008, at San Francisco, California.

_Denise L. Quintana_

Denise L. Quintana

# EXHIBIT B

JEREMY L. FRIEDMAN, CA Bar No. 142659
Attorney At Law
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510) 530-9060
Facsimile: (510) 530-9087

KELLER LAW, PC
CHRISTOPHER J. KELLER, ESQ. (SBN 178491)
One Market Street, Spear Tower, 36th Floor
San Francisco, CA  94105
Telephone:  (415) 293-7805
Facsimile:  (415) 203-8001
ckeller@kellerlawpc.com

Attorneys for plaintiff Fernando daRosa

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO DAROSA,<br><br>   Plaintiff,<br><br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.<br><br>   Defendant. | Case No. 3:07-cv-03114-SI<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES** |

PROPOUNDING PARTY:  Defendant Kaiser Foundation Health Plan

RESPONDING PARTY:  Plaintiff Fernando daRosa

SET NUMBER: ONE.

## PRELIMINARY STATEMENT AND OBJECTIONS APPLICABLE TO ALL INTERROGATORIES

Plaintiff has not fully completed his investigation of the facts relating to this case, has not fully completed his discovery in this action, and has not completed his preparation for trial. All of the responses contained herein are based only upon such information and documents which are presently available and specifically known to plaintiff.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply and/or establish facts, new meaning to known contentions, all of

1    which may lead to substantial editions, changes and variations to the contentions herein.

2    The following responses are given without prejudice to plaintiff's right to produce
3    evidence and any subsequently discovered fact or facts which plaintiff may later recall or
4    discover. Plaintiff accordingly reserves the right to change any and all responses herein as
5    additional facts are ascertained, analyses are made, legal research is completed and
6    contentions are made. The answers contained herein are made in a good faith effort to
7    supply as much factual information and as many specific legal contentions as are
8    presently known, but in no way should be to the prejudice of plaintiff in relation to
9    further discovery, research or further analyses.

10    Inadvertent identification or production of privileged documents or information by
11    plaintiff is not a waiver of any applicable privileges.

12    Information contained in documents prepared or sent in connection with this
13    litigation including, but not limited to pleadings, motions, discovery responses and
14    correspondence between counsel, are already in the possession of the defendant and will
15    not be repeated here.

16                                **GENERAL OBJECTIONS**

17    Plaintiff objects to this entire request for identification of documents to the extent
18    that it seeks disclosure of information protected by the attorney-client privilege and/or the
19    attorney work product doctrine.  Plaintiff declines to produce such privileged
20    information.

21    Plaintiff objects to this entire request for information to the extent that it seeks
22    disclosure that has already been made in the litigation, or call for information which is
23    exclusively within defendants' control.

24

25

26    ///

27    ///

28    ///

# OBJECTIONS AND RESPONSES

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1

Plaintiff objects to this interrogatory on the grounds that it is over broad, burdensome, and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the grounds that it is invasive of his right to privacy. Without waiver of these objections, plaintiff responds that he recalls his landline at home from as early the 1980's until December 2006, was with Pac Bell at the number 510 538 43778.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2

Plaintiff objects to this interrogatory on the grounds that it is over broad, burdensome, and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the grounds that it is invasive of his right to privacy. Without waiver of these objections, plaintiff responds that he recalls his landline at home from as early the 1980's until December 2006, was with Pac Bell at the number 510 538 43778.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3

Plaintiff objects to this interrogatory on the grounds that it is over broad, burdensome, and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the grounds that it is invasive of his right to privacy. Without waiver of these objections, plaintiff responds that he recalls his landline at home from as early the 1980's until December 2006, was with Pac Bell at the number 510 538 43778.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4

Plaintiff objects to this interrogatory on the grounds that it is over broad, burdensome, and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the grounds that it is invasive of his right to privacy. Without waiver of these objections, plaintiff responds that he does not recall the phone numbers associated with cell phone lines, but that, during the period January 24,

1    2006 and the time the lawsuit was filed, he recalls getting new cell phone numbers on

2    between 2 and possibly 4 different occasions, and that they were with Singular and/or

3    Metro phone companies.

4    **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5**

5        Plaintiff objects to this interrogatory on the grounds that it is over broad,

6    burdensome, and not likely to lead to the discovery of admissible evidence.  Plaintiff

7    further objects to this interrogatory on the grounds that it is invasive of his right to

8    privacy.  Without waiver of these objections, plaintiff responds that he does not recall the

9    phone numbers associated with cell phone lines, but that, during the period January 24,

10   2006 and the time the lawsuit was filed, he recalls getting new cell phone numbers on

11   between 2 and possibly 4 different occasions, and that they were with Singular and/or

12   Metro phone companies.

13   **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6**

14       Plaintiff objects to this interrogatory on the grounds that it is over broad,

15   burdensome, and not likely to lead to the discovery of admissible evidence.  Plaintiff

16   further objects to this interrogatory on the grounds that it is invasive of his right to

17   privacy.  Without waiver of these objections, plaintiff responds that he does not recall the

18   phone numbers associated with cell phone lines, but that, during the period January 24,

19   2006 and the time the lawsuit was filed, he recalls getting new cell phone numbers on

20   between 2 and possibly 4 different occasions, and that they were with Singular and/or

21   Metro phone companies.

22   **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7**

23       Plaintiff objects to this interrogatory on the grounds that it is over broad,

24   burdensome, and not likely to lead to the discovery of admissible evidence.  Plaintiff

25   further objects to this interrogatory on the grounds that it is vague and ambiguous. In

26   addition, plaintiff asserts his right to privacy over such irrelevant matters.

27

28

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8**

Plaintiff objects to this interrogatory on the grounds that it is over broad, burdensome, and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the grounds that it is vague and ambiguous. In addition, plaintiff asserts his right to privacy over such irrelevant matters.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9**

Plaintiff objects to this interrogatory on the grounds that it is over broad, burdensome, and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the grounds that it is vague and ambiguous. In addition, plaintiff asserts his right to privacy over such irrelevant matters.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10**

Plaintiff objects to this interrogatory on the grounds that it is over broad, burdensome, and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the grounds that it is vague and ambiguous. In addition, plaintiff asserts his right to privacy over such irrelevant matters. Notwithstanding these objections, plaintiff responds that he obtained a Class B Commercial license with a passenger endorsement on or about Jule 29, 2007.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11**

Plaintiff objects to this interrogatory on the grounds that it is over broad, burdensome, and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the grounds that it is vague and ambiguous. In addition, plaintiff asserts his right to privacy over such irrelevant matters. Notwithstanding these objections, plaintiff responds that he does not recall any restriction.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12**

Plaintiff objects to this interrogatory on the grounds that it is over broad, burdensome, and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the grounds that it is vague and ambiguous. In

1  addition, plaintiff asserts his right to privacy over such irrelevant matters.

2  Notwithstanding these objections, plaintiff responds that he does not recall driving a car

3  between January 24, 2006 and April 30, 2006.

4  **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13**

5      Plaintiff objects to this interrogatory on the grounds that it is over broad,

6  burdensome, and not likely to lead to the discovery of admissible evidence.  Plaintiff

7  further objects to this interrogatory on the grounds that it is vague and ambiguous. In

8  addition, plaintiff asserts his right to privacy, and other constitutional rights, including

9  protection against self-incrimination.

10  Dated: August 29, 2008

                 JEREMY L. FRIEDMAN
                 CHRISTOPHER J. KELLER

               By: /s/Jeremy L. Friedman
               Jeremy L. Friedman
               Attorneys for plaintiff Fernando daRosa

1

## PROOF OF SERVICE

2

Case: <u>Fernando daRosa v. Kaiser Foundation Health Plan</u>, Case No: 3:07-cv-03114-SI

3

UNITED STATES DISTRICT COURT          )

4                                                               )   SS

NORTHERN DISTRICT OF CALIFORNIA)

5

6          I have an office in this district.  I am over the age of eighteen years and not a party

7   to the within entitled action.  My business address is 2801 Sylhowe Road, Oakland, CA,

8   94602.

9          I declare that on this day I served a copy of:

10   **PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES**

11   by U.S. Mail to:

12                    Jonathan D. Martin
                     Seyfarth Shaw, LLP
13                    560 Mission Street, Suite 3100
                     San Francisco, CA 94105-2930
14

15          I declare under penalty of perjury under the laws of the State of California that the

16   above is true and correct. Executed at Oakland, California, this 29th day of August, 2008.

17

18   /s/Jeremy L. Friedman
     Jeremy L. Friedman
19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

# SEYFARTH
**ATTORNEYS** SHAW LLP

560 Mission Street, Suite 3100

San Francisco, California 94105

(415) 397-2823

fax (415) 397-8549

www.seyfarth.com

Writer's direct phone

(415) 544-1022

Writer's e-mail

amcnaught@seyfarth.com

September 8, 2008

<u>**VIA FACSIMILE (510) 530-9087 AND U.S. MAIL**</u>

Jeremy L. Friedman, Esq.
Attorney At Law
2801 Sylhowe Rd.
Oakland, CA  94602

Re:     *Fernando DaRosa v. Kaiser Foundation Health Plan, Inc.*
        *U.S. Dist. Court, Northern Dist. of Cal., Case No. 307-CV-3114 SI*

Dear Mr. Friedman:

I write with respect to your client's responses to Kaiser's First Set of Special Interrogatories, which you served on August 29, 2008.  Some of your client's responses are deficient, as set forth below.  Please consider this correspondence Kaiser's effort to meet and confer on these issues prior to filing a motion to compel, which we hope will not be necessary.

As an initial matter, you have failed to provide a verification for these responses as required by F.R.C.P. Rule 33(b)(3).  Please provide one immediately.

Regarding your client's responses to Interrogatory Nos. 1-3, you have provided an incorrect telephone number with an extra digit – "(510) 538-43778."  Kaiser has no way of knowing which of the last 5 digits is incorrect.  Thus, this telephone number, and your client's responses, are meaningless.  Please supplement your responses to Interrogatory Nos. 1-3 to provide the correct telephone number.

Interrogatory Nos. 7-9 inquire as to your client's practices regarding retention of his telephone records/bills.  Your client has refused to respond to each of these Interrogatories, citing a number of baseless objections.  Interrogatory Nos. 7 and 8 ask that your client describe those practices (or lack thereof), and for the dates your client followed or employed such practices or procedures.  Interrogatory No. 9 asks whether Mr. DaRosa discarded or destroyed any telephone records since January 1, 2006, and if so, to identify them.  Not one of your boilerplate objections has any merit.  None of these three interrogatories is overbroad, unduly burdensome, nor are they vague or ambiguous.  Rather, the time frame is properly limited, and the interrogatories seek very basic and straightforward information to which your client should be able to easily respond.



Your objection as to relevance is entirely misplaced. As you are well aware, whether your client made or received certain telephone calls to or from Kaiser during the time period indicated is a key issue in this case. Indeed, your client asserts in his declaration supporting his motion for partial summary judgment that on January 25, 2006 "I called Ms. Roper in the morning to talk to her about the doctor ordering me off work, but she did not answer and I left her a message. I never received a return call." (¶ 11:10-12). Mr. DaRosa also testifies in his declaration "I tried to reach Ms. Roper that day and over the following days, but was unable to talk to her; and she did not return my phone calls." (¶ 12:22-24). You are aware that Kaiser disputes your client's testimony in this regard. Quite obviously, the information regarding your client's telephone records sought by these Interrogatories is directly relevant to these issues, and also highly relevant to claims and defenses in this case. Your client's relevance objection is thus wholly unfounded.

Your client's refusal to respond to Interrogatory No. 9, which inquires whether he has destroyed any telephone records during the relevant time period, is particularly duplicitous given the unfounded assertions Plaintiff has made throughout the litigation accusing Kaiser of destroying records. If your client destroyed telephone records which would disprove his sworn testimony regarding calls to Kaiser he purportedly placed and/or received during the first six months of 2006, that is extremely relevant information which Kaiser has a right to know, as it severely undercuts your client's claims in this case as well as his credibility. Rule 26 permits discovery of information which may simply relate to the credibility of a party, witness, or other evidence in the case. *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 603 (C.D.Cal. 1995), citing Schwarzer, Tashima & Wagstaff, *California Practice Guide: Federal Civil Procedure Before Trial*, § 11.21 (1994 revised). Thus, "discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995); *Oakes v. Halverson Marine Ltd.*, 179 FRD 281, 284 ("Rule 26 . . . permits the discovery of information which may simply relate to the *credibility* of a witness or other evidence in the case.") (emphasis in the original). These Interrogatories seek highly relevant information.

Lastly, your privacy objections are similarly spurious. As you know, the scope of discovery under the federal rules is extremely broad. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Your assertions regarding your client's purported right to privacy in his practices and procedures related to his telephone records, and as to whether he destroyed relevant telephone records, are unsupported by any authority. Your privacy objections imply that the same right of privacy exists in how a person files, keeps, and/or destroys his telephone records as that which attaches to a person's medical or financial information. That implication is absurd and unsupported by any legal authority. The right of privacy under the California Constitution is a qualified right "subject to invasion depending upon the circumstances." *Ragge v. MCA/Universal Studios*, 165 F.R.D. at 604 (compelling discovery of personnel files of named parties and noting that even if personnel files are protected by the right of privacy, that right may be invaded for litigation purposes). The determination of whether to allow a defendant access to a plaintiff's records is made by balancing the plaintiff's privacy rights with the defendant's right to defend against the claims brought by plaintiff. *See Sirota v. Penske Truck Leasing Corp.*, 2006 WL 708910 (N.D. Cal.)



(denying plaintiff's motion to quash subpoena served on two of plaintiff's former employers and *noting that as the initiator of lawsuit, plaintiff's privacy interest is vastly reduced*).[1]

Again, the information sought by these interrogatories is highly relevant to claims and defenses in this case, and also to the credibility of your client's sworn testimony. Kaiser's need for the information clearly outweighs any privacy rights (if any even exist) in disclosing how your client keeps his telephone records, and whether he has destroyed any since January 1, 2006. Please provide full and proper responses to Interrogatory Nos. 7-9.

Lastly, Interrogatory No. 13 seeks information related to your client's use of illegal drugs. Your objections are not well taken. We are not aware of any legal authority establishing a privacy right in illegal conduct in general, or more specifically in the use of illegal drugs. Moreover, your client's deposition testimony makes clear that his use of illegal drugs is highly relevant to his alleged disability (narcolepsy) and sleep related issues. The information sought by this Interrogatory is highly relevant to claims and defenses in the case, and is not otherwise protected. Accordingly, please provide a response to Interrogatory No. 13.

Pursuant to the Court's scheduling order and Civil Local Rule 26-2, Wednesday, September 10, 2008 is the last day for the parties to file motions to compel fact discovery. Accordingly, if we have not received supplemental responses as requested herein and the verification by 5:00 p.m. on that date, we will have no choice but to file a motion to compel at that time. If Kaiser is forced to do that, it will be seeking sanctions against you and your client.

Very truly yours,

SEYFARTH SHAW LLP

Andrew M. McNaught

AMM:jl

cc:     Christopher Keller, Esq.
        Jonathan D. Martin, Esq.

---

[1] The California cases addressing the point are consistent with federal cases cited. *See Mendez v. Superior Court*, 206 Cal.App.3d 557, 566 (1998) (filing lawsuit implicitly waives privacy rights regarding issues in the case). As the courts have recognized, Plaintiff "cannot have [his] cake and eat it too." *Fremont Indem. Co. v. Superior Court*, 137 Cal.App.3d 554, 557 (1982).

## ✹✹ TRANSMISSION REPORT ✹✹

SID : SEYFARTH SHAW            Number : 415397854            Date : 09-08-08 12:18

| Date/Time | 9-08  12:13 |
|---|---|
| Dialled number | 15105309087 |
| Durat. | 4'49" |
| Mode | NORMAL |
| Pages | 4 |
| Status | Correct |

**SEYFARTH**
ATTORNEYS **SHAW** LLP

560 Mission Street, Suite 3100
San Francisco, California 94106
(415) 397-2823
Fax (415) 397-8549
www.seyfarth.com

### Facsimile Transmission

Date:  September 8, 2008

| RECIPIENT | COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| Jeremy Friedman | | (510) 530-9087 | **(510) 530-9087** |
| Christopher Keller | Keller Law, P.C. | (415) 293-7805 | **(415) 203-8001** |

FROM:     Andrew M. McNaught
PHONE:    (415) 544-1022
RE:       DaRosa v. Kaiser                 REPLY FAX NO.: (415) 397-8549

| File No.: 23815-900016 | Number of Pages, Including Cover: | 4 |
|---|---|---|

☒ Hard copy to follow       ☐ Hard copy will not follow
☐ Per your request          ☐ Please review and revise if necessary
☐ Please telephone me

MESSAGE:

    Please see attached.

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

ANY TAX INFORMATION OR WRITTEN TAX ADVICE CONTAINED HEREIN (INCLUDING ANY ATTACHMENTS) IS NOT INTENDED TO BE AND CANNOT BE USED BY ANY TAXPAYER FOR THE PURPOSE OF AVOIDING TAX PENALTIES THAT MAY BE IMPOSED ON THE TAXPAYER. (THE FOREGOING LEGEND HAS BEEN AFFIXED PURSUANT TO U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE.)

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE PHONE (415) 544-1022 AS SOON AS POSSIBLE.

### ⋙ TRANSMISSION REPORT ⋙

SID : SEYFARTH SHAW          Number :  415397854          Date : 09-08-08 12:38

| Date/Time | 9-08  12:37 |
|---|---|
| Dialled number | 9746433 |
| Subscriber | 4159746433 |
| Durat. | 0'51" |
| Mode | NORMAL |
| Pages | 4 |
| Status | Correct |

## SEYFARTH SHAW LLP
ATTORNEYS

560 Mission Street, Suite 3100
San Francisco, California 94105
(415) 397-2823
Fax (415) 397-8549
www.seyfarth.com

### Facsimile Transmission

Date:   September 8, 2008

| RECIPIENT | COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| Jeremy Friedman | | (510) 530-9087 | (510) 530-9087 |
| Christopher Keller | Keller Law, P.C. | (415) 3572086 | (415) 974-6433 |

FROM:        Andrew M. McNaught
PHONE:      (415) 544-1022
RE:              DaRosa v. Kaiser          REPLY FAX NO.: (415) 397-8549

File No:    23815-900016          Number of Pages, Including Cover:        4

☒ Hard copy to follow          ☐ Hard copy will not follow
☐ Per your request              ☐ Please review and revise if necessary
☐ Please telephone me

MESSAGE:

        Please see attached.

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

ANY TAX INFORMATION OR WRITTEN TAX ADVICE CONTAINED HEREIN (INCLUDING ANY ATTACHMENTS) IS NOT INTENDED TO BE AND CANNOT BE USED BY ANY TAXPAYER FOR THE PURPOSE OF AVOIDING TAX PENALTIES THAT MAY BE IMPOSED ON THE TAXPAYER. (THE FOREGOING LEGEND HAS BEEN AFFIXED PURSUANT TO U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE.)

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE PHONE (415) 544-1022 AS SOON AS POSSIBLE.