1   JEREMY L. FRIEDMAN, CA Bar No. 142659
    Attorney At Law
2   2801 Sylhowe Road
    Oakland, CA 94602
3   Telephone: (510) 530-9060
    Facsimile: (510) 530-9087
4   jlfried@comcast.net

5   KELLER LAW, PC
    CHRISTOPHER J. KELLER, ESQ. (SBN 178491)
6   One Market Street, Spear Tower, 36th Floor
    San Francisco, CA  94105
7   Telephone:  (415) 293-7805
    Facsimile:   (415) 203-8001
8   ckeller@kellerlawpc.com

9   Attorneys for plaintiff Fernando daRosa

10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12

13  FERNANDO DAROSA,                  )   Case No. 3:07-cv-03114-SI
                                      )
14      Plaintiff,                    )   **MOTION FOR ORDER COMPELLING
                                      )   DISCOVERY, QUASHING MEDICAL
15  vs.                               )   SUBPOENA  AND FOR SANCTIONS;
                                      )   MEMORANDUM OF POINTS AND
16  KAISER FOUNDATION HEALTH          )   AUTHORITIES**
    PLAN, INC.                        )
17                                    )   Date:  October 31, 2008
        Defendant.                    )   Time: 9:00 a.m.
18  _____  )   Crtrm: Hon. Susan Illston

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2  NOTICE OF MOTION AND MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3  MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . 2

4      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5      BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

6          Kaiser Knew to Maintain Relevant Employment Records . . . . . . . . . . . 3

7          Kaiser was Reminded by EEOC to Preserve Relevant Records . . . . . . . 4

8          Kaiser Becomes Evasive over Preservation of Records . . . . . . . . . . . . . 5

9          Kaiser Refuses to Disclose Material Witnesses and Documents . . . . . . . 5

10         Kaiser Refuses to Designate Rule 30(b)(6) Witness or Attend Deposition   7

11     DISCOVERY DISPUTES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

12         I.      Kaiser Should State it has Produced All Responsive Documents . . 8

13         II.     Kaiser Should Produce Ms. Roper's Supervisory File . . . . . . . . . 8

14         III.    Kaiser Should Produce Records of Plaintiff's August 2005
                    Disability Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15

16         IV.     Kaiser has Destroyed Records in Ayers' Files Concerning daRosa 10

           V.      Kaiser Should Produce Electronically Stored Information,
17                 Including Email . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18         VI.     Kaiser Should be Required to Produce Mellon's daRosa File . . . 11

19         VII.    Kaiser Should Produce Documents Concerning Roper's Poor
                    Performance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
20
           VIII.   Kaiser Should be Sanctioned for its Failure to Designate Under
21                 Rule 30(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

22         IX.     This Court Should Quash Kaiser's Subpoena of Pre-2005 Medical
                    Records . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
23

24     SANCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

       CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
25

26

27

28

1

**TABLE OF AUTHORITIES**

2

Cases

3

*Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691 (D.Nev. 1994) . . . . . .  12

4

*Soto v. City of Concord,* 162 F.R.D. 603 (N.D. Cal. 1995) . . . . . . . . . . . . . . . . . . . . .  13

5

6

Federal Rules of Civil Procedure

7

Rule 26(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2, 10

8

Rule 26(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

9

Rules 26(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 12

10

Rule 26(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

11

Rule 30(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 2, 7-9, 11, 12

12

Rule 34 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8, 11

13

Rule 37(a), (c) and (d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 14

14

Rule 45(a)(1)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 12

15

Rule 45(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

16

17

18

19

20

21

22

23

24

25

26

27

28

1        **NOTICE OF MOTION AND MOTION**

2    TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE that plaintiff Fernando daRosa, on October 31, 2008, at

4    9:00 a.m., or as soon thereafter as the matter may be heard in the Courtroom of the

5    Honorable Susan Illston, United States District Court Judge for the Northern District of

6    California, will seek an order from the Court compelling discovery responses, quashing

7    defendant's subpoena for pre-2005 medical records and awarding plaintiff sanctions for

8    defendant's discovery abuse.

9        The motion to quash and for a protective order is brought pursuant to Rules 26(c)

10   and 45(a)(1)(C) of the Federal Rules of Civil Procedure; and the motion to compel and

11   for sanctions is brought pursuant to Rule 37(a), (c) and (d) .  The specific grounds for this

12   motion are that defendant:

13      (1)   refused to state that it has produced all requested records relating to

14          plaintiff's absences, discipline and termination;

15      (2)   failed to produce plaintiff's supervisory file maintained by his former

16          supervisor (Margie Roper);

17      (3)   intentionally suppressed discovery from Kaiser's Human Resources

18          department regarding plaintiff's August 2005 disability leave;

19      (4)   destroyed records concerning plaintiff's discipline and discharge that were

20          maintained in the supervisory files of Ms. Roper's supervisor (Ken Ayers);

21      (5)   withheld electronically stored information, including emails between Kaiser

22          employees, regarding plaintiff's discipline and discharge;

23      (6)   failed at deposition to provide a copy of the file on plaintiff belonging to

24          the deponent (Frank Mellon) in the form that it was maintained;

25      (7)   refused to produce documents or provide any testimony on relevant issues

26          concerning Ms. Roper's termination for poor performance;

27      (8)   failed to designate witnesses and appear at deposition noticed pursuant to

28          Rule 30(b)(6) regarding document retention and production; and

Motion to Compel Discovery, Quash Subpoena and Award Sanctions – Page 1

1     (9)    issued a subpoena for irrelevant, private and confidential medical records

2            from before the relevant time period in this case.

3 Further, the grounds for sanctions on this motion are that defendant (a) required plaintiff

4 to bring this motion for any or all of the discovery relief requested; (b) failed to respond

5 to plaintiff's reasonable discovery requests; (c) responded with evasion and incomplete

6 information such that it should be treated as if it failed to disclose; (d) without substantial

7 justification failed to disclose information required by Rule 26(a) and Rule 26(e)(2); and

8 (e) failed to have a person designated under Rule 30(b)(6) appear at deposition.

9     This motion is based on this notion of motion, the attached Memorandum of Points

10 and Authorities, the declaration of counsel, the deposition testimony and documents

11 submitted therewith, the files and pleadings in this case and any additional argument or

12 evidence presented at the hearing.

13 **MEMORANDUM OF POINTS AND AUTHORITIES**

14 **INTRODUCTION**

15     For two decades, federal courts through rule changes and local rule enactment

16 have attempted to eliminate the expensive, wasteful game of "hide the discovery."  With

17 self-disclosure requirements in Rule 26(a), automatic supplementation in Rule 26(e) and

18 good faith meet and confer duties imposed on all counsel, it is expected that federal

19 litigants will provide complete and honest disclosure to each other up front, gathering the

20 information necessary so that each party can know what the facts are and where lie the

21 genuine disputes.  Under this rubric, involvement of the Court in discovery disputes is

22 reserved for only those instances where a genuine conflict over duty exists.

23     When it approaches litigation of this employment discrimination case, however,

24 defendant and its law firm violate the spirit and letter of discovery rules.  To Kaiser and

25 its counsel, zealous advocacy before this Court includes interposing baseless boilerplate

26 objections, destroying records and deliberately withholding evidence damaging to the

27 defense.  Kaiser and its counsel should await a Court order to live up to its discovery

28 obligations. and now that one is required sanctions should be awarded.

**BACKGROUND**

**Kaiser Knew to Maintain Relevant Employment Records**

From before plaintiff's termination in January 2006, Kaiser has known and understood the significance of creating, retaining and maintaining employment records relevant to any adverse action it determined to take against Mr. daRosa.  Kaiser Manager Ken Ayers testified that he maintains records of his conversations with direct reports, and he knows to keep records relating to terminated employees in case they may be required in discovery during any resulting litigation  (Ayers RT (Pl.'s Exh. A) at 29-30, 35-36, 76-77, 89, 91).   Former Supervisor Margie Roper testified she maintained a supervisory file on Mr. daRosa in a file cabinet in her office, where she collected documents relevant to this case, including records of any discussions with plaintiff, any discipline given to him, any medical absences and any documentation provided in connection with such absences (Roper RT (Pl.'s Exh. B) at 15-18, 23).   When she was terminated, she left Mr. daRosa's file along with her other files in her office (*id*. at 12).   Human Resources manager Gail Kato testified the Employee Labor Relations division is supposed to maintains records in their files regarding discipline, termination and investigation of Kaiser employees (Kato RT (Pl.'s Exh. C) at 17, 19-20).[1]

Soon after his termination, Kaiser was given notice to maintain documents relevant to his employment claims.  Testimony is undisputed that plaintiff called Human Resources in February – only a few days after receipt of his termination letter – to contest his termination and explain he was out on a disability leave.  Moreover, plaintiff filed for disability that same month, for which Kaiser was provided notice in February.  *See* Pl.'s Motion for PSJ, at 17.

---

[1]Kaiser employs thousands of individuals, and knows it should preserve records relating to adverse actions and terminations.  In August 2002, Judge Judith Ford of the Alameda County Superior Court issued a sanctions order against Kaiser – represented by the same law firm here – for its spoliation of documents relevant to the plaintiff's disability discrimination action.   Judge Ford specifically rejected the Kaiser supervisor's claim that she destroyed the relevant documents prior to the litigation, especially when litigation is "contemplated."  *See* Decl. of Counsel at ¶6; Pl.'s Exhs. E & F.

1    **Kaiser was Reminded by EEOC to Preserve Relevant Records**

2        More importantly, plaintiff filed a claim of disability discrimination and denial of

3    medical leave rights with the Equal Employment Opportunity Commission, for which

4    Kaiser was provided notice on April 24, 2006.  Along with a copy of the administrative

5    charge, Kaiser was provided with **"Information on Charges of Discrimination, EEOC**

6    **Rules and Regulations**."  Therein, Kaiser was expressly reminded of its legal obligation

7    to preserve relevant documentation until final disposition of this litigation.

8            EEOC's record keeping and reporting requirements are found at Title 29,
        Code of Federal Regulations (29 CFR); 29 CFR Part 1602 (see particularly

9            Sec. 1602.14 below) for Title VII and ADA; ... These regulations generally
        require respondents to preserve payroll and personnel records relevant to a

10           charge of discrimination until disposition of the charge or litigation relating
        to the charge. ...

11

12           **Section 1602.14 Preservation of records made or kept** ... Where a charge
        ... has been filed, or an action brought by the Commission or the Attorney

13           General, against an employer under Title VII or the ADA, the respondent ...
        shall preserve all personnel records relevant to the charge or action until

14           final disposition of the charge or the action.  The term *personnel records
        relevant to the charge*, for example, would include personnel or

15           employment records relating to the aggrieved person and to all other
        employees holding positions similar to that held or sought by the aggrieved

16           person and application forms or test papers completed by an unsuccessful
        applicant and by all other candidates for the same position as that for which

17           the aggrieved person applied and was rejected. The *date of final disposition
        of the charge or the action* means the date of expiration of the statutory

18           period within which the aggrieved person may bring [a lawsuit] or, where
        an action is brought against an employer either by the aggrieved person, the
        Commission, or by the Attorney General, the date on which such litigation

19           is terminated. [Pl.'s Exh. G.]

20       That Kaiser was aware of specific records which were relevant to Mr. daRosa's

21   EEOC charge is established on this record without dispute.  In October 2006, Kaiser's

22   legal counsel wrote a letter to EEOC in response to plaintiff's charge, stating Kaiser's

23   position on plaintiff's termination.  Attached as exhibits to that correspondence, Kaiser

24   provided EEOC with copies of medical documentation – Verification of Treatment

25   ("VOT") forms from July 2005 and January 2006 – obtained (presumably) from Ms.

26   Roper's supervisory file.  *See* Decl. of Counsel, at ¶8, Pl.'s Exhs. H and I).  Kaiser and

27   its counsel were clearly aware that these records, and any other documents relating to

28   plaintiff's claim of disability discrimination, were relevant to anticipated litigation.

**Kaiser Becomes Evasive over Preservation of Records**

In April 2007, in one of Mr. daRosa's many communications with Kaiser about his employment, a Human Resources representative confirmed for plaintiff that Kaiser's records establish his supervisor's knowledge of his disability in August 2005. Plaintiff asked for copies of these "Khrmit" records, but was told they were proprietary and would not be released to plaintiff. *See* Pl.'s Exh. J, at K656 (4/4/07).

That same month, Kaiser and Mr. daRosa appeared before the Unemployment Insurance Benefits Appeals Board and gave sworn testimony about the reasons and circumstances of plaintiff's termination. During the hearing, Human Resources consultant Frank Mellon testified falsely that Kaiser had been unable to locate a received fax of January 25, 2006, with plaintiff's VOT. Mr. Mellon was also questioned about Ms. Roper's supervisory file or any documentation of discipline for Mr. daRosa, but he evasively stated that Kaiser had also been unable to locate Ms. Roper's files. *See* Mellon RT (Pl.'s Exh. D) at 155, 164.

**Kaiser Refuses to Disclose Material Witnesses and Documents**

When this action was initially filed, plaintiff's counsel raised with Kaiser concern over preservation of relevant records in this case. Recounting the experiences in *Smith* and plaintiff's attempt to obtain relevant Khrmit records from Human Resources, counsel inquired specifically as to what steps Kaiser had taken to preserve the files. *See* Decl. of Counsel, at ¶9. Plaintiff included a statement of these concerns in the Joint Statement filed prior to the Initial Case Management Conference. *See* Doc. 12, at 5 N.6.

In initial disclosures, plaintiff expected to get the supervisory file and Khrmit records showing Kaiser's knowledge of his disability. Defendant produced neither. The only records which appear to have come from Ms. Roper's supervisory files were those documents which Kaiser's counsel chose to attach to the EEOC response. Kaiser also failed to identify Gail Kato as an individual with relevant knowledge, despite the fact that she supervised Mr. Mellon, spoke with plaintiff about his termination and directed Kaiser's response to plaintiff's rehire request. *See* Decl. of Counsel, at ¶11.

Plaintiff thereafter served his first request for production of documents, seeking all records relating to plaintiff's attendance, discipline and termination.  In the requests, plaintiff spelled out specifically where to look for relevant documents:

> The following is a list of categories or areas where responsive documents may be found located, and is not intended to be exclusive.  Defendant is requested to use its own knowledge of other categories or areas where responsive documents may be found.
>
> A.   Plaintiff's personnel records.
>
> B.   Plaintiff's employment files, email accounts, work records.
>
> C.   Plaintiff's medical leave records, logs, or accounts.
>
> D.   Payroll, administrative or other records maintained by defendant as an employer which refer to plaintiff during his employment.
>
> E.   Human Resource records of any contact with plaintiff, including computer records (such as the Khrmit computer system) which might reflect inquiries or communications.  In this regard, plaintiff notes that he recalls contacts concerning his leave in approximately July to August, 2005, his termination in January 2006, and a series of conversation over the course of the months following his termination.
>
> F.   Records from the files, accounts, papers, notes or other items maintained or formally maintained by plaintiff's immediate supervisor at the time of his termination, Margie Roper.
>
> G.   Records from the files, accounts, papers, notes or other items maintained or formally maintained by Ms. Roper's immediate supervisor at the time of his termination.
>
> H.   Records from the files, accounts, papers, notes or other items maintained or formally maintained by Ms. Roper's replacement, or her replacement's supervisor, or any other manager or officer of Kaiser in the employment hierarchy, who was consulted as a result of plaintiff's continuing conversations with Kaiser's Human Resources department following his termination.  In this regard, plaintiff notes that he recalls a conversation with Kaiser's Human Resources department where he was informed, after review and decision by someone in the supervisory hierarchy, that he was not eligible for rehire.
>
> I.   Records concerning defendant's response to any governmental proceeding, including claims filed with the Equal Employment Opportunity Commission, the Department of Fair Employment and Housing, or any state or federal agency concerning disability, medical leave, workers compensation or unemployment insurance benefits. [Pl.'s Exh. L.]

1    In its response, Kaiser stated boilerplate objections and it refused to state that it

2  would produce all responsive documents.  Instead, defendant asserted that it had already

3  produced documents responsive to the requests in the initial disclosure.   Thereafter,

4  Kaiser produced some additional records, including Khrmit records relating to Mr.

5  daRosa, but it failed to produce the requested records relating to plaintiff's August 2005

6  disability leave.  Kaiser also failed to produce any electronic communications, computer

7  files or paper records from Ms. Roper regarding plaintiff or his termination.  It also failed

8  to produce any records relating to telephone conversations between plaintiff and Kaiser

9  employees, or among Kaiser employees regarding plaintiff's employment.  *See* Decl. of

10 Counsel, at ¶12.

11    Plaintiff also requested non-privileged records relating to Ms. Roper's termination.

12    **Request No. 4.**  Any and all documents, excluding any confidential
      financial, tax or medical information, relating to the employment of Margie
13    Roper, including documents that refer to Ms. Roper's qualifications, duties,
      responsibilities, job histories and/or performances, termination and reason
14    for her termination. [Pl.'s Exh. L.]

15 Defendant refused to produce any documents responsive to this request, claiming to act in

16 protection of Ms. Roper's privacy rights.  Decl. of Counsel, at ¶13.

17    On August 7, 2008, plaintiff filed a letter brief (Doc. No. 36)  with the Court,

18 requesting resolution of the dispute over Kaiser's refusal to produce requested documents

19 in discovery and/or state that it has already produced all responsive documents, as well as

20 over documents relating to Ms. Roper's employment and termination.

21 **Kaiser Refuses to Designate Rule 30(b)(6) Witness or Attend Deposition**

22    To determine exactly what documents existed, what documents were retained and

23 what documents were withheld from production, plaintiff noticed the deposition of Kaiser

24 witnesses pursuant to Rule 30(b)(6).  Attached to the deposition notices were two sets of

25 document requests; the first was identical to plaintiff's request for production of

26 documents, and the second was refined based upon the disclosure of documents so far.

27 *See* Pl.'s Exh. M.  Pursuant to what was thought to be an understanding of counsel, these

28 depositions were noticed to commence on June 23, 2008.  *See* Decl. of Counsel, at ¶14.

1  Kaiser refused to designate any witnesses on June 23, or on any day thereafter.  At

2  first, Kaiser's counsel delayed response, and said the depositions would go forward in

3  July.  When Kaiser refused to designate in July, plaintiff tried again to schedule these

4  depositions to take place prior to the percipient witnesses, whose examinations were set

5  for the close of discovery at the end of August; but to no avail.  Yet, Kaiser refused to

6  produce the witnesses prior to the filing of this motion.  *See* Decl. of Counsel, at ¶14.

7  Plaintiff filed a letter brief requesting resolution of the dispute over Kaiser's

8  failure to designate and produce a witness pursuant to Rule 30(b)(6) on August 21, 2008

9  (Doc. No. 40).  Plaintiff had the day before sought permission to file a formal discovery

10  motion over Kaiser's subpoena of pre-2005 medical records; when the Court granted

11  plaintiff's *ex parte* request on August 25, the clerk's minute order noted that the letter

12  briefs would not be ruled upon (Doc. No. 41).  On September 10, 2008, this Court

13  granted a further *ex parte* request consolidating the discovery motions (Doc. No. 51).

**DISCOVERY DISPUTES**

14

15  **I.    Kaiser Should State it has Produced All Responsive Documents**

16  Plaintiff believes that Kaiser has failed to produce relevant documents, and indeed

17  has intentionally withheld disclosure of key records because they undercut its defense.

18  Despite repeated efforts in meet and confer to get Kaiser to state whether all responsive

19  non-privileged documents have been produced, Kaiser refuses to amend its discovery

20  responses.  Plaintiff is entitled to a non-evasive response and discovery certification by

21  counsel pursuant to Rule 34 with respect to defendant's responses to this discovery.

22  **II.    Kaiser Should Produce Ms. Roper's Supervisory File**

23  Ms. Roper testified that she put into her supervisory file all medical documentation

24  submitted by Mr. daRosa in connection with his absences, any record of conversations

25  with plaintiff, and any disciplinary warning and other records relevant to his employment.

26  She also testified that she left those records in her office.  According to Kaiser manager

27  Ayers, his search for Ms. Roper's file came up empty (Ayers RT (Pl.'s Exh. A) at 11-12,

28  91-92).  In March 2007, Mellon testified to the same (Mellon RT (Pl.'s Exh. D) at 155).

1    But this testimony does not make sense, when no doubt exists that documents

2    found in that file were produced to EEOC by Kaiser's counsel in October 2006.  Indeed,

3    Mr. Mellon testified that it was he who provided the files to Kaiser's EEO counsel (*id*. at

4    62, 65).   Kaiser and its attorneys clearly have or at least had at some point in time access

5    to the supervisory file.  Defendant is either deliberately withholding the file from

6    production in discovery or has purposefully destroyed it.[2]

7    **III.    Kaiser Should Produce Records of Plaintiff's August 2005 Disability Claim**

8    Kaiser's own records will confirm that defendant was aware of plaintiff's

9    disability as early as August 2005.  Margie Roper testified that, during the time plaintiff

10   was out on medical leave in July to September 2005, she contacted the "Work Absence

11   Management" or "WAM" department for coding of plaintiff's time card (Roper RT (Pl.'s

12   Exh. B) at 46).   Plaintiff's conversation with someone in the Human Resources

13   department, which itself is documented in the electronic personnel record,  regarding the

14   August 19, 2005 Khrmit entry – Case ID No. 15265850 – confirms the existence of key

15   Khrmit records.  *See* Pl.'s Exh. J.  Yet at deposition, Kaiser witnesses denied any inquiry

16   into records at WAM, Disability Management or elsewhere regarding the August 2005

17   record.  *See* Ayers RT (Pl.'s Exh. A), at 50-55; Kato RT (Pl.'s Exh. C), at 21-22, 71-72.

18   On this record, it is beyond dispute that defendant or its attorneys deliberately

19   suppressed the relevant Khrmit records during discovery.  Indeed, for every entry except

20   one in the Human Resources master record that states: "This case has migrated from

21   Khrmit," defendant produced follow-up Khrmit print screens regarding the electronic

22   entry.  *See* Pl.'s Exh. K.  The sole exception is the August 19, 2005 entry.  Given this

23   record, there is no escaping the conclusion that a deliberate decision was made to

24   withhold from production in discovery records relating to the August 19, 2005 entry.

25   _____

26   [2]In the event that plaintiff learns the fate of this file in further discovery, this
     motion will be supplemented and more specific relief requested along with the reply brief

27   or at the time of the hearing.  Given defendant's refusal to comply with the Rule 30(b)(6)
     deposition notice at the time of this filing, Kaiser cannot be heard to complain about

28   being surprised at what the evidence might show or what its conduct might warrant.

**IV.    Kaiser has Destroyed Records in Ayers' Files Concerning daRosa**

In considering the consequence of Kaiser's failure to provide reasonable responses in discovery, including the production of records regarding plaintiff's discipline and discharge, the Court should consider the admission by Mr. Ayers that he "thinned out" records from his supervisory file on Ms. Roper after her termination, a few months after plaintiff's termination.  Although he kept record of conversations with Ms. Roper that would have included notes regarding the discipline and termination of Mr. da Rosa, he decided to remove any records that did not deal directly with Ms. Roper's termination.  As a result, he testified, he was unable to find any record of any discussions with Ms. Roper about plaintiff's employment.  *See* Ayers RT (Pl.'s Exh. A) at 15, 31-35, 91-92.

**V.    Kaiser Should Produce Electronically Stored Information, Including Email**

Except for one string of emails from July and August 2006, Kaiser produced no electronic communications regarding plaintiff's discipline, termination and request for rehire.  Such electronically stored information should have been searched and disclosed pursuant to Rule 26(a)(1)(b).  And yet, after completion of depositions it is clear that many relevant electronic documents remain to be produced.

In the first instance, no effort was made to produce electronic documents relating to Ms. Roper.  Plaintiff has been provided with no email communications to or from Ms. Roper, no file list of employment-related documents on her office hard drive, and no electronic calendar that Ms. Roper testified she kept on her computer.  *See* Decl. of Counsel, at ¶15; Roper RT (Pl.'s Exh. B) at 14.

Second, Kaiser should be required to search back-up data and retrieve all email communications between and among Roper, Mellon and Kato in December 2005 through March 2006.  Both Mellon and Kato testified that they did not search for any electronic communications from this time period, because they did not recall archiving any files related to Mr. daRosa.  At deposition, they admitted that they made no effort to determine whether back-up data exists for these communications.  *See* Kato RT (Pl.'s Exh. C), at 14, 94; Mellon RT (Pl.'s Exh. D), at 74-75.

1    Third, Kaiser has not produced any electronic information from either its WAM or

2 Disability Management departments, which would have tracked Ms. Roper's request in

3 August 2005 for time card coding while plaintiff was absent due to a disability leave.

4 Defendant has identified no witnesses or records from either department. *See* Decl. of

5 Counsel, at ¶15.

6 **VI.    Kaiser Should be Required to Produce Mellon's daRosa File**

7    Attached to the notice of deposition for Mr. Mellon was the same request for

8 production of documents that was attached to plaintiff's Rule 30(b)(6) deposition notices,

9 and clearly included any and all records Mr. Mellon had in his possession regarding Mr.

10 daRosa.  At his deposition, Mr. Mellon testified that he kept a file on Mr. daRosa, and it

11 was in a cabinet near his desk, but he had not looked at it in a long time and did not recall

12 what was in it.  Mr. Mellon, with the objection of his counsel, stated that he chose not to

13 bring a copy of his daRosa file to the deposition.   He also refused to bring to the

14 deposition records of telephone calls made and received in January and February 2006 –

15 the critical time period in this litigation.   *See* Mellon RT (Pl.'s Exh. D) at 66, 69, 76-85.

16    Plaintiff is entitled under Rule 34 to production of Kaiser's records in the form

17 that they were maintained.  It should have been produced at the time of deposition.

18 Unfortunately, defendant's document production did not include anything to indicate a

19 "daRosa file" maintained by Mr. Mellon (*see* Decl. of Counsel, at ¶16).

20 **VII.    Kaiser Should Produce Documents Concerning Roper's Poor Performance**

21    As stated in plaintiff's letter brief (Doc. No. 36), information relating to Ms.

22 Roper's relationship to defendant is fair area for inquiry.  As a key witness for Kaiser,

23 Ms. Roper's testimony must be examined thoroughly for bias both for and against her

24 former employer.  Moreover, in this case, plaintiff has good cause to believe that

25 discovery into the circumstances of Ms. Roper's termination is likely to lead to the

26 disclosure of admissible evidence.  Indeed, Ms. Roper admitted that she was terminated

27 due to the poor performance of her department, not including the work of plaintiff (Roper

28 RT (Pl.'s Exh. B, at 91-95).  That Ms. Roper was unable to provide proper supervision,

1   that she was terminated for under-performance, but that plaintiff was himself not a part of

2   the problems are facts clearly relevant to plaintiff's case.  Whether and how Mr. daRosa

3   fit into Ms. Roper's poor performance is a question that goes to the heart of this case.

4   Moreover, Ms. Roper's credibility and her qualifications as a supervisor at Kaiser are key

5   matters in this litigation, and no good reason exists for withholding this discovery.

6       Nevertheless, at his deposition, counsel instructed Mr. Ayers not to answer any of

7   the substantive questions regarding Ms. Roper's termination, including: whether any

8   options were given to Ms. Roper concerning her remaining cooperation with Kaiser;

9   whether she was ever disciplined for poor performance in Member Services, failure to

10  maintain files or handling of her direct reports; and whether he has any reason to doubt

11  Ms. Roper's honesty and veracity in the employment setting.  And yet, despite these areas

12  into which plaintiff was denied inquiry, Mr. Ayers had no trouble testifying that, in his

13  opinion, Ms. Roper was qualified to be Mr. daRosa's supervisor at the time she made the

14  decision to terminate him.  *See* Ayers RT (Pl.'s Exh. A), at 97-105.

15  **VIII.   Kaiser Should be Sanctioned for its Failure to Designate Under Rule 30(b)(6)**

16      Hoping to avoid answering difficult questions about withheld discovery, Kaiser

17  has refused to produce any witnesses pursuant to plaintiff's notice under Rule 30(b)(6).

18  Such a deliberate attempt to avoid discovery warrants sanctions.  Plaintiff's counsel still

19  has hope that he will be able to conduct these depositions prior to the hearing of this

20  discovery motion.  To the extent that defendant at that point is still in non-compliance,

21  the Court should consider those facts in determining an appropriate remedy.

22  **IX.     This Court Should Quash Kaiser's Subpoena of Pre-2005 Medical Records**

23      Pursuant to Rule 45(a)(1)(C), Kaiser served a subpoena for plaintiff's confidential

24  medical records from prior to his Narcolepsy diagnosis in 2005, held by a third party, in

25  this case Kaiser's medical department.  That subpoena is subject to the relevance

26  provisions of Rule 26(b)(1) and the procedures for a protective order under Rule 26(c).

27  Plaintiff has standing to challenge the subpoena "where its challenge asserts that the

28  information is privileged or protected to itself."  *Diamond State Ins. Co. v. Rebel Oil Co.,*

1   *Inc.*, 157 F.R.D. 691, 695 (D.Nev. 1994).   Upon a timely motion, a court shall quash or

2   modify a subpoena if it finds that the subpoena "requires disclosure of privileged or other

3   protected matter and no exception or waiver applies" (Rule 45(c)(3)(A)(iii)).

4        In this case, plaintiff has already signed an authorization for a release of any and

5   all medical records at Kaiser, including psychiatric and counseling records, from January

6   2005 until the present.  As a result of his authorizations, Kaiser's medical department has

7   produced in this litigation *seven volumes* of records.  Plaintiff's Neurologist – Dr. Frank

8   Dustin – has been deposed for more than six hours on those records, and defense counsel

9   was unable to point to any specific additional documents necessary for that examination.

10  During his deposition, Dr. Dustin confirmed that July 1, 2005, was the first time that he

11  suspected plaintiff suffered from Narcolepsy, and Kaiser's attorneys were unable to

12  obtain any testimony from Dr. Dustin showing that records from before that time were

13  relevant to his diagnosis and treatment of plaintiff.  *See* Decl. of Counsel, at ¶7.

14       Since plaintiff was not diagnosed with Narcolepsy until July 2005, any

15  confidential medical records prior to that time period would be irrelevant to the litigation.

16  Certainly, Kaiser cannot show compelling need for any of these medical records.

17  Defendant will thus be unable to meet the heavy burden required to obtain a further

18  impairment of plaintiff's right to confidentiality.  *See  Soto v. City of Concord,* 162

19  F.R.D. 603, 618 (N.D. Cal. 1995).   In balancing plaintiff's privacy rights against

20  defendant's need for this additional information, there is no question that further

21  disclosure of private medical records – beyond the seven volumes already disclosed –

22  should not be ordered by this Court.

23       In the alternative, if the Court is inclined to permit disclosure of pre-2005 medical

24  records, such disclosure should be limited to only the standard medical records and

25  should not include confidential counseling records from before 2005.  Such records are

26  clearly irrelevant to the case and represent a mere fishing pool for Kaiser's attorneys to

27  try to bait out a basis by which they can prejudice the jury against him.

28

1

**SANCTIONS**

2      At the bare minimum, plaintiff requests that he be awarded his attorneys' fees

3  incurred in connection with this motion. *See* Rule 37(a)(4). In addition, this Court

4  should consider evidentiary sanctions, including the deeming of certain matters to be true

5  for purposes of ruling on the plaintiff's motion for partial summary judgment, and trial;

6  and informing the jury of defendant's discovery misconduct and permissible conclusions

7  which can be drawn therefrom. Kaiser should also be required to pay all costs and fees

8  associated with further depositions after document production.

9

**CONCLUSION**

10     For the foregoing reasons, plaintiff requests that the Court compel discovery,

11  quash Kaiser's subpoena and award sanction.

12                                  Respectfully submitted,

13  Dated: September 15, 2008         JEREMY L. FRIEDMAN
                                  CHRISTOPHER J. KELLER

14

15                           By: /s/Jeremy L. Friedman

16                              Jeremy L. Friedman
                              Attorneys for plaintiff Fernando daRosa

17

18

19

20

21

22

23

24

25

26

27

28