JEREMY L. FRIEDMAN, CA Bar No. 142659
Attorney At Law
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510) 530-9060
Facsimile: (510) 530-9087
jlfried@comcast.net

KELLER LAW, PC
CHRISTOPHER J. KELLER, ESQ. (SBN 178491)
One Market Street, Spear Tower, 36th Floor
San Francisco, CA  94105
Telephone:  (415) 293-7805
Facsimile:   (415) 203-8001
ckeller@kellerlawpc.com

Attorneys for plaintiff Fernando daRosa

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO DAROSA, <br><br> Plaintiff, <br><br> vs. <br><br> KAISER FOUNDATION HEALTH PLAN, INC. <br><br> Defendant. | Case No. 3:07-cv-03114-SI <br><br> **DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO COMPEL DISCOVERY, QUASH SUBPOENA AND AWARD SANCTIONS** <br><br> Date:  October 31, 2008 <br> Time: 9:00 a.m. <br> Crtrm: Hon. Susan Illston |

I, Jeremy L. Friedman, declare and state:

1. I am one of the attorneys for plaintiff in this action. I make the following declaration in support of the motion to compel discovery, quash subpoena and award sanctions based upon my own personal knowledge. If called as a witness, I would and could testify to the following.

2. Attached hereto as Pl.'s Exh. A is a true and accurate copy of excerpts of the deposition reporter's transcript for Ken Ayers, Ms. Roper's manager at the time of plaintiff's termination, taken during discovery in this case.

Decl. of Counsel in Support of Discovery Motion – Page 1

1	3. Attached hereto as Pl.'s Exh. B is a true and accurate copy of excerpts of the deposition reporter's transcript for Margie Roper, plaintiff's supervisor at the time of his termination, taken during discovery in this case.

4	4. Attached hereto as Pl.'s Exh. C is a true and accurate copy of excerpts of the deposition reporter's transcript for Gail Kato, Mr. Mellon's supervisor and practice leader in the Human Resources department at the time of plaintiff's termination, taken during

7	5. Attached hereto as Pl.'s Exh. D is a true and accurate copy of excerpts of the deposition reporter's transcript for Frank Mellon, Human Resources consultant at the time of plaintiff's termination, taken during discovery in this case.

10	6. Attached hereto as Pl.'s Exhs. E and F are true and accurate copies of the two-page order from Judge Judith Ford, Alameda County Superior Court, in *Smith v. Kaiser Foundation Health Plan*, Case No. C-824838, issued August 23, 2002. I was counsel for plaintiff Christine Smith in that action, and Kaiser was defended by the same law firm as here: Seyfarth Shaw. During the *Smith* litigation, it became clear that Kaiser had destroyed the supervisory file of the plaintiff's supervisor after she left her employment. In awarding evidentiary sanctions, Judge Ford rejected the argument that Kaiser was unaware of pending litigation at the time of the spoliation.

18	7. Attached hereto as Pl.'s Exh. G is a true and accurate copy of documents relating to plaintiff's administrative claim with the EEOC, asserting disability discrimination and denial of medical leave. These documents were produced by defendant during discovery in this case, and they show notice of the administrative claim and warning to preserve and maintain personnel records to Kaiser in April, 2006.

23	8. Attached hereto as Pl.'s Exhs. H and I are true and accurate copies of the cover page of medical documentation Ms. daRosa gave or faxed to Ms. Roper. These documents were produced by Kaiser in the litigation only as they are – exhibits to a letter from Kaiser to EEOC in October 2006, in response to plaintiff's administrative claim. Although Ms. Roper testified she would have been placed all such documents in a supervisory file she maintained for plaintiff, defendant has never produced the full copy

Decl. of Counsel in Support of Discovery Motion – Page 2

1  of these records (with the back side), has never produced the file from which the
2  attachments were obtained, in the form that they were maintained, and has never
3  produced Ms. Roper's supervisory file.

4      9. From the beginning of this litigation, I have attempted to confer with Kaiser's
5  attorneys to obtain the documents necessary to litigate plaintiff's claim.  In particular, I
6  recounted for Attorney Martin my previous experience with Kaiser's spoliation while
7  represented by Seyfarth Shaw, and I requested specific efforts to preserve relevant
8  information in this case.  Mr. Martin assured me that its client would comply with
9  discovery obligations, but he refused to inform me what steps were taken to obtain Ms.
10  Roper's supervisory file or the Khrmit records related to plaintiff's July to September
11  2005 leave of absence.

12      10. Attached hereto as Pl.'s Exh. J is a true and accurate copy of a mater record of
13  activity on plaintiff's personnel file, produced by defendant during discovery.  Attached
14  as Pl.'s Exh. K are true and accurate copies of the complete record of Khrmit screen
15  prints produced by Kaiser during the litigation.

16      11. In its initial disclosures, defendant failed to identify Gail Kato as a witness in
17  this case.  It also failed to produce Ms. Roper's supervisory file or any records from
18  Khrmit, WAM or disability management concerning plaintiff's leave of absence in July to
19  September 2005.

20      12. Attached hereto as Exhibit L is a true and accurate copy of plaintiff's first set
21  of requests for production of documents.   We served these requests on Kaiser after
22  receipt of its initial disclosures and discovery of obvious omissions.  In its response,
23  Kaiser proffered boilerplate objections which had no merit, and it refused to state that all
24  non-privileged responsive documents have been produced.  I have had numerous
25  discussions with Attorney Martin about these responses, and while Kaiser has produced
26  additional documents, it has not produced all documents which plaintiff knows to exist,
27  and it has not stated that it has produced all responsive documents which it has in its
28  possession.  Kaiser has not produced: the supervisory file; notes from Ayers' records on

1 Ms. Roper and Mr. daRosa; Khrmit, WAM or Disability Management records relating to
2 the August 2005 entry; electronic files from any of the key witnesses; or records of
3 telephone conversations between and among Kaiser employees regarding plaintiff's
4 discipline and termination.  After numerous good faith attempts, it became clear that this
5 motion was necessary.

6       13.  In its discovery responses, and at deposition, Kaiser has also refused to
7 produce any documents or permit any testimony regarding Ms. Roper's termination from
8 Kaiser.  Although it produced Mr. Ayers pursuant to Rule 30(b)(6) to testify about Ms.
9 Roper's termination, the manager was unprepared to even state the date of Ms. Roper's
10 termination.  Defendant claims that the reason why it refuses to provide this testimony is
11 to protect the privacy of Ms. Roper, despite the fact that Ms. Roper at her own deposition
12 freely testified about the circumstances leading up to her termination.

13       14.  Attached hereto as Pl.'s Exh. L is a true and accurate copy of plaintiff's
14 notice of deposition pursuant to Rule 30(b)(6), served on defendant during discovery in
15 this litigation.  Prior to service of this notice, I discussed with Attorney Martin plaintiff's
16 intention to conduct these depositions regarding document production prior to the
17 deposition of percipient witnesses.  It was my understanding that the week of June 23
18 would be a good time to conduct those depositions, and I noticed the depositions pursuant
19 to that understanding.  Although I have made repeated requests to defense counsel that
20 Kaiser comply with the deposition notice, and although Kaiser's attorneys have
21 repeatedly stated that they will let me know when we can conduct these depositions, to
22 date Kaiser has refused to comply.  One interchange at the close of fact discovery (*see*
23 Roper RT (Pl.'s Exh. B), at 110-112) records defendant's lack of efforts in this matter.

24       15.  Except for the one string of emails from July and August 2006, Kaiser has
25 never produced any electronic records relating to plaintiff's discipline and termination.
26 No emails or electronic file records from Ms. Roper were produced, with the possible
27 exception of a record of the disputed January 13, 2006 counseling on the day of Ms.
28 Roper's deposition (which may have come from Ms. Roper's computer files)

15. Kaiser has never produced any records from WAM, Disability Management or other Human Resources department concerning plaintiff's disability leave in August 2005.

16. I have reviewed all of the documents produced by Kaiser in this litigation. Although there are records relating to Mr. Mellon's telephone calls and his calendar, he testified that these documents were not in his "daRosa file." I have been unable to locate any other documents which appear to come from Mr. Mellon's daRosa file.

17. In an effort to cooperate with defendant in discovery, to enable disclosure of medical records prior to the ENE in this case, and to protect plaintiff from unnecessary intrusion into his private and confidential medical records, I proposed and then entered an agreement with Kaiser. Pursuant to that agreement, plaintiff signed a release for authorization of medical records from January 2005 until the present, and by virtue of that releast some seven volumes of medical records relating to Mr. daRosa's Narcolepsy have been produced. All of these records were reviewed by me prior to disclosure to Attorney Martin, and pursuant ot the agreement these documents are treated confidential. Dr. Dustin testified that July 1, 2005 was the first visit where he suspected plaintiff suffered from Narcolepsy, and defense attorneys subjected Dr. Dustin to more than 6 hours of examination on the records disclosed. Dr. Dustin stated that pre-2005 visits were not connected with any sleeping disorder, and Attorney Martin was unable to point to any area of inquiry where additional documentation was required.

I declare under penalty of perjury of the laws of the United States and California that the foregoing is true and correct. Executed this 15th day September, 2008.

/s/Jeremy L. Friedman
Jeremy L. Friedman

Decl. of Counsel in Support of Discovery Motion – Page 5