

FRIEDMAN, JEREMY
Attn: Debbie Kinney
2801 Sylhowe Road
Oakland, CA 94602-0000

SEYFARTH SHAW
Attn: Brian T. Ashe
400 Capital Mall
Suite 2350
Savramento, CA 95814-5858

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

SMITH

Plaintiff(s)

vs.

KAISER PERMANENTE
Defendant(s)

(Abbreviated Title)

No. C-824838

Order

Motion for Sanctions
Granted

The Motion for Sanctions filed for CHRISTINE SMITH was set for hearing on 08/01/2002 at 09:00 AM in Department 31 before the Honorable Judith Ford. The Tentative Ruling was published and was contested.

The matter was argued and submitted, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

Plaintiff's Motion for Sanctions re Destruction of Documents is GRANTED IN PART as follows:

1) As a preliminary matter, the Court rejects Defendant's argument that no claim for spoliation lies in this instance because the destruction at issue took place prior to the commencement of the instant action. The Court finds no authority that supports the position that sanctions for spoliation are improper where the evidence at issue is destroyed prior to a foreseeable litigation. Indeed, recent California cases suggest that sanctions based on spoliation may be appropriate even where the destruction takes place prior to the commencement of litigation. See, e.g., Lueter v. State of California (2002) 94 Cal.App.4th 1285; Temple Community Hospital v. Superior Court (1999) 20 Cal.4th 464. The Court also notes that Defendant, in its discussion at page 8 of its Opposition to the instant Motion, appears to concede that sanctions for spoliation are appropriate in situations where litigation is "contemplated" but not yet commenced.

2) The Court also rejects Defendant's contention that sanctions are inappropriate because the instant action was not reasonably foreseeable by Stewart. The Court's position is that a reasonable supervisor in Stewart's position would have known or should have known at the time of destruction that there was a likelihood of future litigation in which the destroyed documents would be requested during discovery.

3) The Court finds that the destruction of the overtime logs in question had a significant impact on Plaintiff's ability to prove her case, Defendant's contention to the contrary notwithstanding. The purported basis for Plaintiff's termination was that Plaintiff allegedly improperly claimed overtime to which Defendant contends Plaintiff was not entitled. Plaintiff's only tangible evidence of her entitlement to the overtime in question was the destroyed overtime log. Without said log, Plaintiff must now attempt to prove her entitlement to the overtime in question without resort to written evidence. This the Court finds to be highly prejudicial to Plaintiff.

4) In light of the foregoing, the Court concludes that sanctions are warranted against Defendant

Order