JEREMY L. FRIEDMAN, CA Bar No. 142659
Attorney At Law
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510) 530-9060
Facsimile: (510) 530-9087

Attorney for plaintiff Fernando daRosa

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FERNANDO DAROSA, | ) | Case No. 3:07-cv-03114-SI |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S FIRST REQUEST** |
| vs. | ) | **FOR PRODUCTION OF** |
| | ) | **DOCUMENTS** |
| KAISER FOUNDATION HEALTH | ) | |
| PLAN, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

PROPOUNDING PARTY: Plaintiff Fernando daRosa

RESPONDING PARTY: Defendant Kaiser Foundation Health Plan

SET NUMBER: ONE.

Pursuant to Federal Rule of Civil Procedure 34, plaintiff Fernando daRosa hereby

request that defendant Kaiser Foundation Health Plan respond to the following Requests

for Production of Documents. Such documents are to be produced at the offices of

Jeremy L. Friedman, 2801 Sylhowe Road, Oakland CA 94602, within thirty (30) days

after service thereof, or at such other time and place as the parties may agree upon.

### INSTRUCTIONS

1.  Pursuant to the provisions of Federal Rules of Civil Procedure, Rule 26(b)(5) if

you withhold the production of any document or portion of a document which is

responsive to the requests herein on the grounds of any claim of privilege or otherwise,

you are hereby requested to so state, and, in addition to identifying such document:

(a) State the title of the document; describe generally the subject matter of the document; state the date the document was prepared; and identify the author of the doc ument;

(b) Identify each person who received, has seen a copy of, or was in any way privy to the document; and

(c) Describe the basis for your claim of privilege and provide sufficient further information concerning your claim to permit a court to adjudicate the propriety of your claim of privilege.

2. If a document requested has already been produced in its entirety pursuant to formal discovery, you need not re-produce that document; however, you must identify the party or entity who produced the document, the particular request for production, and/or subpoena pursuant to which it was produced, the date the document was produced, the Bates numbers of the document, the title of the document, and a brief description of the document.

3. You may not withhold production of any document because you believe plaintiff has sought or may obtain the document from some other source or entity.

4. If any request is defined using a term of art or other terms that you believe to be incorrect, but you understand the nature of the document requested, you should produce the document notwithstanding the semantic or definitional error.

**DEFINITIONS**

1. "You," "Your," "Westin," or "Starwood" and "defendant" shall refer to defendant Kaiser Foundation Health Plan., and its attorneys, agents and representatives.

2. "Document" shall include without limitation all written, recorded, or graphic matter, however produced or reproduced, including without limitation:  correspondence, telegrams, contracts, agreements, invoices, diagrams, notes, memoranda, analyses, computer printouts, information stored on computer hard or floppy disks, including e-mail, even if not currently in print form, projections, work papers, summaries, diaries, calendars and any other written communications or materials; including drafts and other

1  non-identical copies of any of the foregoing, which are currently in the possession,

2  custody or control of defendant, its employees, attorneys, agents, investigators, experts or

3  any other person acting on its behalf.

4      3.  "Regarding," "relating to," and "pertaining to" shall be defined in their common

5  English dictionary manner, and shall be used interchangeably.

6      4.  "Any," "each," and "all" shall be defined in their common English dictionary

7  manner, and shall be used interchangeably; "and" shall be construed as also meaning "or."

8      5.  Gender pronouns are used in their generic sense and shall be construed as

9  meaning both genders.

10                      **DOCUMENTS TO BE PRODUCED**

11  **REQUEST NO. 1**:

12      Any and all documents, memorandum, records, notes, entries, recordings, logs,

13  data fields, or any other writing or tangible thing that refers, regards, pertains or relates to

14  plaintiff Fernando daRosa, his employment, his attendance, his medical condition, his

15  request for medical leave, his termination or his connection with any subject matter at

16  issue in this litigation.

17      Production should include all documents whose existence is known to defendant

18  and its counsel, whether or not such documents might tend to support or dispute any

19  defense in this action.  The following is a list of categories or areas where responsive

20  documents may be found located, and is not intended to be exclusive.  Defendant is

21  requested to use its own knowledge of other categories or areas where responsive

22  documents may be found.

23      A.    Plaintiff's personnel records.

24      B.    Plaintiff's employment files, email accounts, work records.

25      C.    Plaintiff's medical leave records, logs, or accounts.

26      D.    Payroll, administrative or other records maintained by defendant as an

27          employer which refer to plaintiff during his employment.

28

E.    Human Resource records of any contact with plaintiff, including computer records (such as the Khrmit computer system) which might reflect inquiries or communications.  In this regard, plaintiff notes that he recalls contacts concerning his leave in approximately July to August, 2005, his termination in January 2006, and a series of conversation over the course of the months following his termination.

F.    Records from the files, accounts, papers, notes or other items maintained or formally maintained by plaintiff's immediate supervisor at the time of his termination, Margie Roper.

G.    Records from the files, accounts, papers, notes or other items maintained or formally maintained by Ms. Roper's immediate supervisor at the time of his termination.

H.    Records from the files, accounts, papers, notes or other items maintained or formally maintained by Ms. Roper's replacement, or her replacement's supervisor, or any other manager or officer of Kaiser in the employment hierarchy, who was consulted as a result of plaintiff's continuing conversations with Kaiser's Human Resources department following his termination.  In this regard, plaintiff notes that he recalls a conversation with Kaiser's Human Resources department where he was informed, after review and decision by someone in the supervisory hierarchy, that he was not eligible for rehire.

I.    Records concerning defendant's response to any governmental proceeding, including claims filed with the Equal Employment Opportunity Commission, the Department of Fair Employment and Housing, or any state or federal agency concerning disability, medical leave, workers compensation or unemployment insurance benefits.

**REQUEST NO. 2**

Any and all documents, manuals, correspondence, memoranda, notes, communications, recordings (whether audio or written), electronic mail (whether in computer data format or written) and other writings which refer or relate to defendant's policies or practices concerning accommodation of persons with disabilities in the work force and provision of leave for personal and family medical needs.

**REQUEST NO. 3**

Each and every document, record, log, journal, data entry, manual, policy, procedure or other writing which you reviewed and considered in reaching any decisions regarding plaintiff's employment, including his termination in January 2006 and his status in conversations with Kaiser in the months following the termination.

**REQUEST NO. 4**

Any and all documents, excluding any confidential financial, tax or medical information, relating to the employment of Margie Roper, including documents that refer to Ms. Roper's qualifications, duties, responsibilities, job histories and/or performances, termination and reason for her termination.

Dated: January 11, 2008

/s/Jeremy L. Friedman
Jeremy L. Friedman
Attorney for plaintiff Fernando daRosa