JEREMY L. FRIEDMAN, CA Bar No. 142659
Attorney At Law
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510) 530-9060
Facsimile: (510) 530-9087
jlfried@comcast.net

CHRISTOPHER J. KELLER, CA Bar No. 178491
Keller Law, PC
595 Market Street, Suite 2360
San Francisco, CA 94105
Telephone: (415) 794-5308
Facsimile: (415) 974-6433
ckeller@kellerlawpc.com

Attorneys for plaintiff Fernando daRosa

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO DAROSA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KAISER FOUNDATION HEALTH ) <br> PLAN, INC. ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Case No. 3:07-cv-03114-SI <br><br> **PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITIONS** |

PLEASE TAKE NOTICE that, Pursuant to Federal Rule of Civil Procedure 30(b)(6), plaintiff Fernando daRosa hereby gives notice to defendant Kaiser Foundation Health Plan and its attorneys of record, that plaintiff intends to take the deposition of the following deponents on the following days at the stated times. All depositions will take place at the offices of Aiken and Welch, located in the Ordway Building, 1 Kaiser Plaza, Suite 505, Oakland, California, 94612. Said depositions will be recorded stenographically and taken in front of a certified short hand reporter who is duly authorized to administer oaths in the State of California, and will continue day to day, exclusive of Sundays and legal holidays, until completed.

Pl.'s Rule 30(b)(6) Deposition Notice – Case No. 3:07-cv-03114-SI – Page 1

1 **Deponent(s) A-D** Date: June 23, 2008; Beginning Time: 10:00 a.m., Deponents:
2 Kaiser managers, supervisors or employees with most knowledge of defendant's search,
3 preservation and production of documents in this litigation.  If more than one individual
4 must be produced to take discovery from the persons most knowledgeable, defendant is
5 requested to produce each person in series, with later depositions scheduled to commence
6 2.5 hours after commencement of the previous deposition.  Individuals produced pursuant
7 to this notice should have knowledge about the search, preservation and production of:

8     A.    Records pertaining to Human Resources, including records of contact with
9 plaintiff and records of activities and communications by Human Resources
10 employees in response to any and all of plaintiff's contacts.  This would
11 include computer records (such as the Khrmit computer system), as well as
12 all communications between, by or to Kaiser employees regarding
13 plaintiff's employment, his termination and his requests for reinstatement.
14 As known to defendant, the relevant time frame for these records would
15 commence in July 2005 and continue until at least May 2007.

16     B.    Records pertaining to plaintiff's attendance and medical leaves, including
17 any records of medical visits, record of notification regarding attendance,
18 medical work slips, requests for medical leave, and communications
19 between, by or to WAM – or workforce attendance managers – regarding
20 plaintiff, including but not limited to the case initiated in August 2005
21 regarding plaintiff's claim for disability.

22     C.    Records from the files, email accounts, papers, notes, or other items
23 maintained or formally maintained by Margie Roper.

24     D.    Records of telephone calls made, telephone calls received, and telephone messages
25 recorded with Kaiser employees Margie Roper (July 2005 until her termination)
26 and Frank Mellon (January 2006 until present).

27
28

1      PLEASE TAKE FURTHER NOTICE that defendant and deponents are both
2 required to produce at the time of said depositions the documents listed in Exhibits A and
3 B attached hereto.
4 Dated: June 11, 2008

JEREMY L. FRIEDMAN
CHRISTOPHER J. KELLER

By: /s/Jeremy L. Friedman
Jeremy L. Friedman

Attorneys for plaintiff Fernando daRosa

**EXHIBIT A**

**REQUEST NO. 1**:

Any and all documents, memorandum, records, notes, entries, recordings, logs, data fields, or any other writing or tangible thing that refers, regards, pertains or relates to plaintiff Fernando daRosa, his employment, his attendance, his medical condition, his request for medical leave, his termination or his connection with any subject matter at issue in this litigation.

Production should include all documents whose existence is known to defendant and its counsel, whether or not such documents might tend to support or dispute any defense in this action. The following is a list of categories or areas where responsive documents may be found located, and is not intended to be exclusive. Defendant is requested to use its own knowledge of other categories or areas where responsive documents may be found.

    A.    Plaintiff's personnel records.

    B.    Plaintiff's employment files, email accounts, work records.

    C.    Plaintiff's medical leave records, logs, or accounts.

    D.    Payroll, administrative or other records maintained by defendant as an employer which refer to plaintiff during his employment.

    E.    Human Resource records of any contact with plaintiff, including computer records (such as the Khrmit computer system) which might reflect inquiries or communications. In this regard, plaintiff notes that he recalls contacts concerning his leave in approximately July to August, 2005, his termination in January 2006, and a series of conversation over the course of the months following his termination.

    F.    Records from the files, accounts, papers, notes or other items maintained or formally maintained by plaintiff's immediate supervisor at the time of his termination, Margie Roper.

1  G. Records from the files, accounts, papers, notes or other items maintained or formally maintained by Ms. Roper's immediate supervisor at the time of his termination.

4  H. Records from the files, accounts, papers, notes or other items maintained or formally maintained by Ms. Roper's replacement, or her replacement's supervisor, or any other manager or officer of Kaiser in the employment hierarchy, who was consulted as a result of plaintiff's continuing conversations with Kaiser's Human Resources department following his termination. In this regard, plaintiff notes that he recalls a conversation with Kaiser's Human Resources department where he was informed, after review and decision by someone in the supervisory hierarchy, that he was not eligible for rehire.

13  I. Records concerning defendant's response to any governmental proceeding, including claims filed with the Equal Employment Opportunity Commission, the Department of Fair Employment and Housing, or any state or federal agency concerning disability, medical leave, workers compensation or unemployment insurance benefits.

**REQUEST NO. 2**

Any and all documents, manuals, correspondence, memoranda, notes, communications, recordings (whether audio or written), electronic mail (whether in computer data format or written) and other writings which refer or relate to defendant's policies or practices concerning accommodation of persons with disabilities in the work force and provision of leave for personal and family medical needs.

**REQUEST NO. 3**

Each and every document, record, log, journal, data entry, manual, policy, procedure or other writing which you reviewed and considered in reaching any decisions regarding plaintiff's employment, including his termination in January 2006 and his status in conversations with Kaiser in the months following the termination.

1 **REQUEST NO. 4**

2     Any and all documents, excluding any confidential financial, tax or medical
3 information, relating to the employment of Margie Roper, including documents that refer
4 to Ms. Roper's qualifications, duties, responsibilities, job histories and/or performances,
5 termination and reason for her termination.

1                              **EXHIBIT B**

2   1.  Records pertaining to Human Resources and that department's contacts and activities regarding plaintiff's employment, including records of contact with plaintiff and records of activities and communications by Human Resources employees in response to any and all of plaintiff's contacts. This would include computer records (such as the Khrmit computer system), as well as all communications between, by or to Kaiser employees regarding plaintiff's employment, his termination and his requests for reinstatement. As known to defendant, the relevant time frame for these records would commence in July 2005 and continue until at least May 2007.

2.  Records pertaining to plaintiff's attendance and medical leaves, including any records of medical visits, record of notification regarding attendance, medical work slips, requests for medical leave, and communications between, by or to WAM – or workforce attendance managers – regarding plaintiff, including but not limited to the case initiated in August 2005 regarding plaintiff's claim for disability.

3.  Records from the files, email accounts, papers, notes, or other items maintained or formally maintained by Margie Roper, regarding or relating to plaintiff, his employment or termination.

4.  Records of telephone calls made, telephone calls received, and telephone messages recorded with Kaiser employees Margie Roper (July 2005 until her termination) and Frank Mellon (January 2006 until present).