# Jeremy L. Friedman
Attorney at Law

2801 Sylhowe Road
Oakland, CA 94602
510-530-9060 - Fax 530-9087

September 17, 2008

Hon. Susan Illston
United States District Court Judge
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

**Re:     daRosa v. Kaiser Foundation Health Plan, Inc., Case No. 3:07-cv-03114-SI**

Dear Judge Illston:

Plaintiff Fernando daRosa files this response to defendant Kaiser's letter brief of September 10, 2008, requesting the Court's intervention into its dispute with plaintiff over his responses to defendant's interrogatories.   Defendant's request should be summarily denied as defendant failed to engage in a good faith attempt to meet and confer with plaintiff's counsel prior to the filing of the motion.

In addition, defendant's request should be viewed in the context of – and addressed at the same time as – plaintiff formal discovery motion, which is currently set for argument along with plaintiff's motion for partial summary judgment, on October 31, 2008, at 9:00 a.m.  Plaintiff's discovery motion consolidates numerous discovery disputes presented by plaintiff's previously filed letter briefs as well as an *ex parte* application concerning the subpoena of confidential medical records.  All of these disputes should be resolved together.  In fact, it is clear that defendant has filed the current letter brief full of false accusations in order to obfuscate its own failure to abide by federal discovery rules. In the current procedural posture of this case, defendant's request is clearly frivolous.

**Failure to meet and confer**

Under the Court's standing order and Local Rules, defendant was required to attempt in good faith to meet and confer about discovery disputes prior to the filing of the letter brief.  In this case, Kaiser's request for a verification from plaintiff (who currently resides in the Azores) and correction of a typographical error, did not require intervention of the Court.  More importantly, defendant's failure to engage in the meet and confer process shows defendant cares less about obtaining discovery needed in this case and more about posturing itself in the context of plaintiff's discovery disputes.

Hon. Susan Illston
*daRosa v. Kaiser Foundation Health Plan,* Case No. 3:07-cv-3114 SI
September 17, 2008
Page 2

In fact, defense counsel had asked these same questions of plaintiff during his deposition on June 2, 2008, and got the same answers. Defense counsel then waited until the last possible day for serving interrogatories prior to the discovery cut off to repeat the questions. Those responses were served on defendant August 29, 2008. Kaiser's lawyers then waited until September 8 – while the undersigned counsel was out of town – to send a letter demanding a meet and confer over the responses within 24 hours. All of this was done on the day before the deadline for bringing this motion.

**Interrogatories regarding plaintiff's telephone records**

Plaintiff has disclosed to Kaiser his land-line telephone number in January 2006. He has also reviewed his land-line telephone records, none of which contain any information relevant to this litigation. Plaintiff does not recall which carrier or phone number he had for his cell phone in that time period. He has, however, provided the names of two cell phone companies he had used in the past. Plaintiff Defendant needs no further discovery of plaintiff with regard to these matters.

Indeed, Kaiser already has records of plaintiff's telephone numbers. Kaiser's own records from the relevant time period have contact information for plaintiff. Plaintiff's supervisor – Margie Roper – testified that she had plaintiff's cell number on her cell phone up until recently. That defendant failed to obtain that information from its own files or Ms. Roper's cell phone cannot be blamed on plaintiff.

Moreover, given the current procedural posture of the case and the testimony of the witnesses, plaintiff's telephone records are not relevant to this litigation. Only one telephone call – the one Mr. daRosa made to Mr. Roper on January 25, 2006 – remains at issue, and even it is not a material fact. Although Kaiser originally tried to deny that plaintiff had made calls in February to the human resources department, Kaiser's key witness – Frank Mellon – admitted that plaintiff called him in February (after he provided false testimony to support Kaiser's former legal position). At this point in the case, further documentary proof of plaintiff's efforts to contact Kaiser about his need for medical leave is completely unnecessary.

Kaiser's request that plaintiff state his practice for destroying his telephone records is clearly an attempt to excuse its own deliberate suppression of relevant evidence in this case. In the end, if the evidence shows that Kaiser deliberately destroyed relevant employment records in this case, no amount of distraction over plaintiff's supposed practice of destroying telephone records will ease its pain.

Hon. Susan Illston
*daRosa v. Kaiser Foundation Health Plan,* Case No. 3:07-cv-3114 SI
September 17, 2008
Page 3

**Illegal drug use**

Kaiser has no right to inquire of any litigant about irrelevant "bad acts" or illegal conduct.  In 2008, plaintiff was convicted after a *nolo contendere* plea to one count of possession of an amphetamine-related controlled substance.  That conviction related to a time period when plaintiff was uninsured, and thus unable to obtain the amphetamine salts that had been prescribed by his Kaiser physician.  Under Rule 609 of the Federal Rule of Evidence, this Court will have to determine whether to admit evidence of this conviction, solely for the purposes of impeaching plaintiff's live courtroom testimony.  At trial, plaintiff will contend that the probative value of such evidence – going only to whether plaintiff is likely to perjure himself during his trial – is far outweighed by the prejudice and confusion that would be caused to the jury.   But whether or not such evidence comes in at trial, Kaiser is not entitled to probe plaintiff's conduct outside the confines of the criminal conviction.  And it certainly is not permitted to use the power and authority of this Court to propound irrelevant and incriminating discovery on plaintiff in a fishing expedition for bad acts.

**Conclusion**

Plaintiff requests that the Court address Kaiser's letter brief in the context of all discovery disputes, set for hearing October 31, 2008, at the same time as plaintiff's motion for partial summary judgment.  He also suggests that the motion be summary denied for defendant's failure to engage in good faith meet and confer attempts with plaintiff's counsel, as well as denied on its merits.

Respectfully submitted

Jeremy L. Friedman, Esq.
Christopher J. Keller, Esq.

/s/Jeremy L. Friedman
Jeremy L. Friedman
Attorneys for plaintiff Fernando daRosa

JLF:wp
cc: ECF service