1

2

3

4

5                           IN THE UNITED STATES DISTRICT COURT

6                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    FERNANDO DAROSA,                              No. C 07-3114 SI

9              Plaintiff,                          **ORDER DENYING PLAINTIFF'S
                                                   MOTION FOR SUMMARY JUDGMENT**
10        v.                                       **AND GRANTING IN PART AND
                                                   DENYING IN PART DEFENDANT'S**
11   KAISER FOUNDATION HEALTH PLAN,                **MOTION FOR SUMMARY JUDGMENT**

12             Defendant.
     _____/
13

14

15        On October 31, 2008, the Court heard oral argument on the parties' cross-motions for summary

16   judgment.  Having considered the papers submitted, and for good cause shown, the Court DENIES both

17   motions as to all statutory claims, and GRANTS defendant's motion as to plaintiff's common law claim

18   for wrongful termination in violation of public policy.

19

20                                          **BACKGROUND**

21

22        Plaintiff Fernando daRosa worked for defendant Kaiser Foundation Health Plan ("Kaiser"), both

23   as a member services representative and administrative services supervisor, from May 2001 until his

24   termination in January 2006.  Plaintiff alleges that he has narcolepsy, qualifying him for protection as

25   a disabled individual under the federal Americans with Disabilities Act ("ADA") and the California Fair

26   Employment and Housing Act ("FEHA").  He alleges that he was terminated because of his disability,

27   and that defendant failed to reasonably accommodate him as required under both federal and state law.

28   He further claims that he was wrongfully terminated in violation of public policy.  Finally, he claims

1   that he was denied his rights to medical leave and to maintain job security under both the federal Family

2   and Medical Leave Act ("FMLA") and the California Family Rights Act ("CFRA").  Defendant denies

3   that plaintiff is disabled, that plaintiff's termination was discriminatory or wrongful, and that plaintiff

4   is eligible for relief under FMLA and CFRA.

5       Now before the Court are the parties' cross-motions for summary judgment on all statutory

6   claims.  Defendant has also moved for summary judgment on plaintiff's common law claim for wrongful

7   termination in violation of public policy.

8

9                                    **LEGAL STANDARD**

10      Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and

11  admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

12  material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

13  56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of

14  material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party, however, has

15  no burden to negate or disprove matters on which the non-moving party will have the burden of proof

16  at trial.  The moving party need only demonstrate to the Court that there is an absence of evidence to

17  support the non-moving party's case.  *See id.* at 325.

18      The burden then shifts to the non-moving party to "designate 'specific facts showing that there

19  is a genuine issue for trial.'"  *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  To carry this burden, the

20  non-moving party must "do more than simply show that there is some metaphysical doubt as to the

21  material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

22  "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which

23  the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

24  242, 252 (1986).

25      In deciding a summary judgment motion, the evidence is viewed in the light most favorable to

26  the non-moving party, and all justifiable inferences are to be drawn in its favor.  *Id.* at 255.  "Credibility

27  determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts

28  are jury functions, not those of a judge [when she] is ruling on a motion for summary judgment."  *Id.*

The evidence presented by the parties must be admissible.  Fed. R. Civ. P. 56(e).  Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

## DISCUSSION

**1.      Plaintiff's Claims Under the ADA, the FEHA, the FMLA and the CFRA**

The Court finds numerous disputed issues of material fact as to all of plaintiff's statutory claims. Defendant disputes plaintiff's diagnosis.  Even if plaintiff had narcolepsy, the parties dispute whether his leave of absence in July and August of 2005 was due to his narcolepsy.  Even if plaintiff was absent because of his narcolepsy, there is a factual dispute as to whether he provided defendant with sufficient information to alert defendant to his condition.  Further, the parties have presented conflicting evidence as to whether or not plaintiff's supervisor ever received plaintiff's January 2006 request for a medical leave of absence, which plaintiff asserts he submitted in the week prior to his termination.  This evidence is crucial in determining defendant's motivation for terminating plaintiff.  The Court therefore DENIES summary judgment to both parties on all claims arising under the ADA, the FEHA, the FMLA and the CFRA.

**2.      Plaintiff's Claim of Wrongful Termination in Violation of Public Policy**

Plaintiff's first amended complaint asserts a claim for wrongful termination in violation of public policy, asserting that "well-established policies contained in [California] Government Code §[§] 11135, 12920, 12940, 19230 *et seq*. prohibit employers from discriminating against employees because of medical conditions, physical disabilities, etc."  Pl.'s First Am. Compl. at 7.  Plaintiff states that these policies are also contained within the FMLA and the CFRA.  Defendant argues, as a matter of law, that plaintiff cannot prevail on his wrongful termination claim because it merely duplicates his statutory claims.

In *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (Cal. 1980), the California Supreme Court recognized a common law tort action for employees who have been terminated for reasons that violate firmly established public policy.  California  employees have a tort cause of action for wrongful

United States District Court
For the Northern District of California

termination in violation of fundamental public policy if they were terminated for one of the following reasons: "the employee (1) refused to violate a statute; (2) performed a statutory obligation; (3) exercised a constitutional or statutory right or privilege; or (4) reported a statutory violation for the public's benefit." *Green v. Ralee Engineering Co.*, 19 Cal. 4th 66, 76 (Cal. 1998). Tort claims for wrongful termination "based on employer conduct in derogation of important public policies have been defined from their inception to exclude claims that are entirely redundant to those authorized by statute." *Ross v. San Francisco Bay Area Rapid Transit Dist.*, 146 Cal. App. 4th 1507, 1514 (Cal. Ct. App. 2007).

In response to defendant's argument that plaintiff's wrongful termination claim is duplicative of his statutory claims, plaintiff states in a conclusory fashion that this claim "will afford additional remedies for retaliatory discharge than those provided under FMLA and CFRA." Pl.'s Reply to Def.'s Opp. to Pl.'s Mot. Summ. J. at 7 n.4. Plaintiff has pointed to no specific statutory language, constitutional provision, or administrative regulation that establishes a fundamental policy that defendant has violated. Nor has he alleged specific conduct on defendant's part that constitutes a violation of fundamental public policy. In the absence of *any* detail from plaintiff as to what specific fundamental policies defendant has allegedly violated, the Court GRANTS summary judgment to defendant on the issue of wrongful termination in violation of public policy.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion for summary judgment [Docket No. 46], and GRANTS in part and DENIES in part defendant's motion for summary judgment [Docket No. 43].

**IT IS SO ORDERED.**

Dated: October 31, 2008

_____
SUSAN ILLSTON
United States District Judge