**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO DAROSA,<br><br>      Plaintiff,<br><br>  v.<br><br>KAISER FOUNDATION<br>HEALTH PLAN, INC.,<br><br>      Defendant.<br>_____ / | No. C 07-03114 SI<br><br>**ORDER RE: VARIOUS DISCOVERY MOTIONS** |

Defendant has filed a motion to compel plaintiff's responses to interrogatories. [Docket No. 52] Plaintiff has filed a motion to compel discovery, to quash defendant's subpoena, and for sanctions. [Docket No. 53] Having considered the papers submitted and for good cause shown, the Court hereby GRANTS defendant's motion and GRANTS IN PART and DENIES IN PART plaintiff's motion.

**Defendant's Motion to Compel Responses to Interrogatories**

In its letter brief, defendant asks the Court to compel plaintiff to respond to multiple interrogatories propounded by defendant. The Court will address each interrogatory in turn.

<u>Interrogatories Nos. 1-3</u> seek information about plaintiff's landline telephone numbers from January 1, 2006 until the date he filed this lawsuit. Plaintiff provided the dates of service and the name of plaintiff's landline telephone company, but the telephone number he provided contained a typographical error. Accordingly, the Court GRANTS defendant's motion to compel with regard to the telephone number requested in Interrogatory Nos. 1-3.

<u>Interrogatories Nos. 7-9</u> seek information about plaintiff's practices regarding his retention or

1  destruction of telephone bills and invoices. Plaintiff has refused to provide this information. He argues
2  that the request is over-broad, burdensome, and not likely to lead to the discovery of admissible
3  evidence, as well as vague and ambiguous. In addition, plaintiff asserts his right to privacy over this
4  information. Defendant responds that this information is relevant to a key issue in the case: whether
5  plaintiff made or received calls to or from defendant during the time period in question. According to
6  defendant, this evidence could impeach plaintiff's credibility because plaintiff has claimed under oath
7  that he made calls to defendant that were not returned.

8  Plaintiff's telephone records will be relevant in this case to the extent that they establish whether
9  he made or received calls to or from defendant during the time period in question. Plaintiff has cited
10 no case identifying a privacy interest in this information. Any privacy interest he might have is vastly
11 reduced as he initiated this lawsuit. Accordingly, the Court GRANTS defendants' motion to compel
12 with regard to Interrogatories Nos. 7-9.

13 <u>Interrogatory No. 13</u> seeks information about whether plaintiff has used illegal drugs since
14 January 1, 2006. Defendant argues that this information is relevant because it could challenge plaintiff's
15 contention that he has a disability (narcolepsy). Plaintiff raises numerous objections to the
16 interrogatory, including that this disclosure would violate his rights to privacy and to avoid self-
17 incrimination.

18 A party may invoke the Fifth Amendment in a civil proceeding. Wright & Miller, *Federal*
19 *Procedure*, § 26:809 (Lawyers' Ed. 2008). Unlike the criminal context, however, "reliance on the Fifth
20 Amendment in civil cases may give rise to an adverse inference against the party claiming its benefits."
21 *Id.* In addition, if during discovery a party claims that otherwise discoverable information is privileged,
22 he must invoke the privilege expressly. Fed. R. Civ. Pro. 26(b)(5).

23 If plaintiff has used illegal drugs but has not yet faced prosecution for that drug use, admitting
24 those acts could subject him to criminal liability. Plaintiff therefore may invoke his Fifth Amendment
25 privilege against self-incrimination if he wishes not to answer Interrogatory No. 13. If plaintiff chooses
26 to invoke the Fifth Amendment, however, he must do so expressly. The statement in his response to
27 Interrogatory No. 13 that he asserts "other constitutional rights, including protection against self-
28 incrimination" will not suffice. On the other hand, if defendant has already been convicted of illegal

2

drug use, he cannot be subjected to additional criminal liability for the same acts. Plaintiff's drug-related convictions are therefore not privileged under the Fifth Amendment and plaintiff must disclose those convictions, as well as underlying conduct, in response to Interrogatory No. 13. The Court will decide before trial whether any such convictions are admissible. The Court therefore GRANTS defendant's motion to compel with regard to Interrogatory No. 13.

**Plaintiff's Motions Re: Discovery, Subpoena, and Sanctions**

Responses to discovery requests: Plaintiff maintains that defendant has not disclosed whether it has complied with plaintiff's request for the production of documents. The Court finds that the categories of documents specified in items A - I of Request No. 1 (attached as exhibit L to the declaration of Jeremy Friedman in support of plaintiff's motion to compel) are sufficiently specific to comply with the requirements of Fed. R. Civ. Pro. 34(b). Accordingly, the Court GRANTS plaintiff's request for defendant to state whether defendant has complied with each of the requests in items A - I.

Margie Roper's supervisory file: Margie Roper was plaintiff's supervisor when he was employed by defendant company. She is no longer employed there. Plaintiff seeks her "supervisory file," specifically, "all medical documentation submitted by [plaintiff] in connection with his absences, any record of conversations with plaintiff, and any disciplinary warnings and other records relevant to his employment." Although plaintiff claims that Ms. Roper testified about the existence of a supervisory file, he does not cite to any testimony in the record. In items A - I of Request No. 1, plaintiff describes the types of documents one might expect a supervisor to keep and includes specific references to documents kept by Ms. Roper about plaintiff. Accordingly, defendant's responses regarding the documents described in items A - I should be sufficient to inform plaintiff whether these documents have been produced. Accordingly, the Court DENIES plaintiff's request as duplicative of his request for production described above.

Records of plaintiff's August 2005 disability claim: The parties dispute the significance of a entry in defendant's personnel ("Khrmit") records for August 19, 2005. An entry in Khrmit on August

3

19, 2005 records Case No. 15265850 and includes the notation "This case has migrated from Khrmit." Plaintiff contends that defendant produced "follow-up Khrmit print screens" for every other entry in which the case had been "migrated," but produced no such supporting documents for August 19, 2005. Decl. of Jeremy Friedman in Supp. of Pl. Mot. to Compel Discovery ("Friedman Decl."), at ex. J. Contrary to defendant's assertion, this entry is relevant because plaintiff was on medical leave during this period. Plaintiff seeks to prove that he contacted Margie Roper on that date and that his phone call prompted her to open a case file. Defendant does not dispute plaintiff's assertion that it has produced Khrmit screen prints for every other "migrated" entry the master record. Accordingly, the Court GRANTS plaintiff's request for Khrmit screen prints related to the August 19, 2005 entry for Case No. 15265850.

<u>Records of Ken Ayers' files on plaintiff:</u> Plaintiff does not request specific documents in his discussion of Ken Ayers, Margie Roper's supervisor.

<u>Electronically stored information</u>: Plaintiff contends that defendant has not produced any electronically stored information other than one set of emails from July and August, 2006. Plaintiff does not, however request production of any particular electronic data. His request for production of electronic communications "between and among Roper, Mellon and Kato in December 2005 through March 2006" is DENIED as overbroad.

<u>Records of Frank Mellon's files on plaintiff</u>: Defendant contends that based on Frank Mellon's deposition, it is conducting further discovery to determine whether additional documents kept by Mellon relevant to plaintiff exist. Plaintiff does not dispute defendant's contention that plaintiff has not attempted to meet and confer about this issue. The parties are directed to meet and confer about defendant's production of any documents that may have materialized as a result of defendant's investigation. At a minimum, plaintiff's motion is GRANTED to the extent he requests production of Mr. Mellon's telephone logs for January and February, 2005.

<u>Records on Margie Roper's termination</u>:  Plaintiff seeks evidence relating to Ms. Roper's termination from defendant company "a few months" after plaintiff was fired. Plaintiff proposes several theories for why evidence relating to Ms. Roper's termination is relevant in this case. First, he contends that they are relevant to impeach her for bias. The rationale of this theory is not clear to the Court. If plaintiff seeks to impeach Ms. Roper for bias *toward* her former employer, records relating to her termination are unlikely to provide this evidence. If plaintiff seeks to impeach Ms. Roper for bias *against* her former employer, he has not demonstrated why he needs to do more than establish that she was terminated.

Next, plaintiff contends that records relating to Ms. Roper's termination are relevant to establish that she was a poor manager and that plaintiff was not at fault. It is not evident, however, that records relating to Ms. Roper's termination would include information about plaintiff's job performance. Indeed, Roper testified at deposition that she was fired due to the poor performance of her department and that plaintiff was not named in defendant's criticism of Roper's department. *See* Friedman Decl., at ex. B, 93:23-94:18.

Plaintiff has not demonstrated why the relevance of these records outweighs the privacy concerns implicated by personnel records. *See Bd. of Trustees v. Superior Court*, 119 Cal. App. 3d 516, 529 (1st Dist. 1981). Accordingly, the Court DENIES plaintiff's motion on this issue.

<u>Fed. R. Civ. Pro. 30(b)(6) witnesses</u>:  The parties dispute whether defendant has produced witnesses pursuant to plaintiff's notice for Rule 30(b)(6) depositions. Plaintiff noticed depositions of individuals knowledge about the "search, preservation and production" of four categories of documents: A) records pertaining to plaintiff's contact with human resources; B) records pertaining to plaintiff's work attendance and medical leave; C) records from files formerly maintained by Ms. Roper; D) records of telephone calls made to or received by Ms. Roper from July 2005 until her termination; records of telephone calls made to or received by Frank Mellon from January 2006 until the present. *See* Friedman Decl., at ex. M. The Court finds that requests A and B are sufficiently specific. Plaintiff's motion is GRANTED to the extent he moves to depose a party knowledge about the search, preservation of production of records described in requests A and B.

5

<u>Defendant's subpoena of pre-2005 medical records</u>: Plaintiff moves to quash defendant's subpoena of plaintiff's medical records held by defendant's medical department. Plaintiff was diagnosed with narcolepsy in July, 2005 and contends that any records from before that date are irrelevant to this case. Defendant seeks records relating to defendant's medical condition before mid-2005 in order to challenge plaintiff's diagnosis. It seeks records relating to plaintiff's drug rehabilitation because his purported drug use also could affect the narcolepsy diagnosis.

The Court finds that plaintiff's medical records relating to the medical condition that was eventually diagnosed as narcolepsy are relevant to challenge this diagnosis, as are medical records relating to his purported drug use. Records relating to counseling or any other psychological treatment plaintiff has received are not relevant for this purpose. Accordingly, the Court GRANTS plaintiff's motion to quash to the extent that defendant may only subpoena medical records relating to the medical condition diagnosed as narcolepsy and his alleged drug use.

<u>Sanctions</u>

Plaintiff's motion for sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: October 31, 2008

SUSAN ILLSTON
United States District Judge